In the United States District Court
for the District of Delaware

James Arthur Biggins,
  Plaintiff,

vs.

Gov. Ruth Ann Minner, and the State of Delaware,
et al.,
Carl C. Danberg, and the Delaware Dept of Corr.,
et al.,
John Rundle, and the Correctional Medical Serv's, Inc.,
et al.,
Judith Mellen, and the Delaware Center for Justice, et al.,
Janet Laban, and the Delaware Chapter of the American
Civil Liberties Union, et al.,
Defendant's each sued in their individual and official
capacities.

Civil Action No. - 0 8 - 0 0 4 -

Jury Trial Demanded



FILED
JAN 0 3 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PD scanned

### Plaintiff's Sworn Affidavit of Merit

1, James Arthur Biggins, pro se, am the plaintiff in this instant civil action for relief and damages, do solmnely sware that under penalty of perjury, pursuant to 28 U.S.C. §1915(g) that all of the forthcomming statements are true and correct, to the very best of my knowledge and recollection. I am an incarcerated inmate at the Delaware Correctional Center, Smyrna De 19977. I am indigent and have filed three or more civil actions that were dismissed for failure to state a claim upon which relief could be granted, malicious or frivolous. Request respectfully this Honorable Court on the merits of this, that I am under imminent danger, and the continual threat of irrepreable harm to my safety and health, due to the defendant's continual deliberate in-differences to my known serious medical needs, caused by the continual intentional infliction of pain and

suffering, unknown risks caused by enforcing unapproved FDA drug treatment practices. Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (The Eighth Amendment protects the rights to be free from serious physical injury while incarcerated is as fundamental as the right to devorce); Payne v. Collins, 986 F.Supp. 1036, 1059 (E.D. Tex. 1997) (Observing that this approach includes review of actions taken to alleviate the threat); O'Shea v. Littleton, 414 U.S. 488, 496, 91 S.Ct. 669, 38 L.Ed.2d 674 (1974) (Past wrongs are evidence bearing on whether there is a real and imminent threat of repeated injury); Maze v. Hargett, 1998 WL 978369 *3 (Apr. 22, 1998)(N.D.Miss.)(Finding sufficiently imminent danger of future physical harm during prisoner's tenure in light of continuing conditions); B.P. Chemicals Ltd. v. Formosa Chemical & Fibre Corp., 229 F.3d 254, 263 (3d Cir. 2000)(citing 11A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure §2948.1 at 139 (2d ed. 1995)(Imminence requires that the harm will accrue before a trial on the merit can be heard); Hodel v. Va. Surface Mining Control and Reclamation Act, 30 U.S.C. §1291(8)(1976)(ed. Supp. III)(The threat of imminent danger as well as the existence of a conditions... which could reasonably be expected to be caused of substantial harm, before such condition..... can be abated); and Erickson v. Pardus, 127 S.Ct. 9197, 167 L.Ed.2d 1081 (2000)(States prisoner's states imminent danger under failure to provide medical treatment, for serious medical needs). The ongoing current circumstances of this case, absent this Court's consideration and intervention, the unnecessary intentional and deliberate indifferences will continue, and both medical and serious life threating situations will become more prevenlanst. In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982) quoted in Watson, 901 F.2d at 332 (Access to the Court's is a fundamental tenet to our judical system, legitimate claims should recieve a full and fair hearing no matter how litigious the plaintiff maybe).

On Dec 4, 2007, the plaintiff was called to attend a doctor's appointment at about 9:30 am upon which he was advised shortly thereafter by Dr. Desrosiers, that the only remaining pain management medication that had subsequently been prescribed to replace approved and previously prescribed known pain management medication (Soma) that effectively relieved the plaintiff's chronic pain conditions, caused by his varies back problems were being discontinued.

2

In the words of the doctor "Altrain was now harder to get, so CMS had decided to discontinue administering it to its patients. She went on to inform plaintiff that he would not receive a substitute drug, to replace the "Altrain." However, in October or thereabouts when the plaintiff had been last seen regarding his chronic care needs, the doctor had made this statement then, but informed him that because of his obvious serious medical needs, he would continue to receive the much needed medication. The plaintiff states that the doctor's statement for discontinuing his needed medical care, is contrary to what she and CMS is doing with others with less severe back injuries. The plaintiff states that the drug in particular was minimumally effective for up to 2-3 hours, when taken with "Robaxen" a muscle relaxer that is given the plaintiff twice daily to help facilitate muscle relief. Absent the continuation or substitution of the drug, brings back unwanted pain and suffering almost continuous daily. Despite, the plaintiff attempts in reaching out again to CMS, DOC, OCC, and ACLU/DCA administrations, there has been no change. Indeed, CMS, DOC and DCC administrators seem to all to have agreed to provide the plaintiff with a course of medical treatment that they know is ineffective, painful. And probably for the best reason "financially cheaper", is in direct conflict with the Eighth Amendment under "cruel and unusual punishment" knowingly unnecessarily and wanton inflicting pain and suffering upon plaintiff, with a deliberate indifference to his serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 105, 97 S.Ct. 285 (1976); <u>Farmer v. Brennan</u>, 511 U.S. at 842 (1994); <u>Benson v. Cady</u>, 761 F.2d 335, 339 (7th Cir. 1985); <u>White v. Napolen</u>, 897 F.2d 103, 109 (3d Cir. 1990); and as applicable to <u>Title 11 Del.C § 6536</u>, and the <u>Del. Dept. of Corrections, Inmate Reference Manual</u> (IRM) 5.2 §II at pages 1 and 3. It further shows the consciences of the other known and unnamed defendants efforts in concert to participate with CMS, DOC and DCC administrators deliberate neglect to provide diagnose and prescribed medication to the plaintiff. Id. Napolen. <u>Natale v. Camden County Correctional Center Facility</u>, et al., 318 F.3d 575, 584 (3d Cir. 2003); <u>West v. Keve</u>, 571 F.2d 158, 161 (3d Cir. 1978) and <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 473 (3d Cir. 1987).

"When the State takes a person into its custody.....

3.

and hold him there against his will, the Constitution imposes on it a corresponding duty to assume some responsibility for his safety and general well being. The rationale for this principle is simple enough: when the state by the affirmative exercise of its power so restrains an individual's liberties that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety - it transgresses the substantive limits on state action set by the Eighth Amendment. De Shaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989).

The plaintiff is fully aware that the state owes no obligation to him to choose his form of medical treatment. Poole v. Taylor, 466 F.Supp. 2d 578, 589 (D.Del. 2006)(citing Harrington v. Barkley, 219 F.3d 132, 138-40 (2d Cir. 2000); Spruill v. Gills, 372 F.3d at 235 (3d Cir. 2004); Estelle v. Gamble, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Andrews v. Camden County, 95 F.Supp. 2d 217, 228 (D.N.J. 2000), and Bednar v. County of Schuylkill, 29 F.Supp. 2d 250, 253 (E.D.Pa. 1998). However, prison officials and others that manifest deliberate indifference by "intentionally denying or delaying access to medical care". Estelle v. Gamble, 429 U.S. at 104-05, 97 S.Ct. 285; When they fail to act to a need, when they know that a prisoner faces a substantial risk of serious harm, fails to take reasonable steps to avoid harm. This case presents a transparent picture and demonstrates a physician being aware of the plaintiff's need and knows that he faces unnecessary pain and suffering, as well as further imposed substantial risk of serious harm caused by (a) unlawful and unapproved usage of a drug "Neuroten" for a muscle/pain reliever by the FDA, ..... (b) unknown longterm kidney and liver damage caused due to the use of "Neuroten" and (c) that physician(s) awareness that if medication known to be effective for pain management relief "Soma" or equal substitute isn't prescribed plaintiff will continue to suffer. Dye v. Sheahan, 1995 WL 109318 at *5 (N.D.Ill. Mar 10, 1995); Lanzaro, 834 F.2d at 346 (citing Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976)(Undue

4.

suffering or the threat of tangible residual injury); Ancata v. Prison Health Servs, 769 F.2d 700,704 (11th Cir. 1985)(If a prison officials or other knows that an inmate requires medical care yet intentionally refuses to provide the prisoner with this treatment, he or she acts with deliberate indifference to the inmates serious medical needs). This case make clear that the medication needed has repeatedly been re-prescribed since its initial request for the plaintiff, and medically approved by the Del. Bureau of Prison's, Bureau Chief on two different occassions. See, Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)( Serious medical needs is "one that has been diagnosed by a physician and requiring treatment, one that is so obvious that a lay person would easily recognized the necessity for a doctor); Martinez v. Mancusi, 443 F.2d 921, 924 (2d Cir. 1970)(Disregarding the order of one of the doctors who treated the patient); Miranda v. Munoz, 770 F.2d 255, 257-59 (1st Cir. 1985)(Denial of prescribed medication); Talley v. Amaker, et al, Civ. A. No. 95-7284, 1996 WL 508859 (E.D.Pa. March 7, 1996)(same); Nelson v. ARA Food Serv., 1995 WL 303998, Civ. A. No. 94-4542 (E.D.Pa. May 18, 1995). The evidence produced demonstrates the defendant's ignorence of the plaintiff's serious medical needs. Nicini v. Morra, 212 F.3d 798, 815 n.14 (3d Cir. 2000).

There can be little doubt that the defendant's have departed from acceptable professional judgment, practice, or standards. Farmer, 511 U.S. at 837; Shaw by Strain v. Stockhouse, 920 F.2d 1135, 1145 (3d Cir. 1990). And that their actions are easily preventable. Watson v. Canton, 984 F.2d 537, 540 (1st Cir. 1993). Likewise, absent this Court's discretion, in that the plaintiff's health and safety will suffer. The plaintiff's interests outweighs the state's interest in saving money. Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986)

Dated: December 18, 2007                           /s/ James Arthur Biggins

Dated: December 18, 2007        Osman Sammander
                                Notary

OSMAN SAMMANDER
Notary Public
State of Delaware
My Comm. Expires June 14 2008

5.