In The United States District Court
For the District Of Delaware

James Arthur Biggins,
       Plaintiff,

vs.

Gov. Ruth Ann Minner, and the State of Delaware,
et al.,
Carl C. Danberg, and the Delaware Dept of Corr,
et al.,
John Rundle, and the Correctional Medical Servs, Inc
et al.,
Judith Mellen, and the Delaware Center for Justice, et al.,
Janet Laban, and the Delaware Chapter of the American
Civil Liberties Union, et al.,
Defendant's each sued in their individual and official
capacities.

-08-004

Civil Action No. _____,_____

Jury Trial Demanded


FILED
JAN 03 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RP scanned

Declaration In Support Of Plaintiff's Motion For A Temporary Restraining Order

James Arthur Biggins, declares under penalty of perjury:

1. Am the plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and preliminary injunction to ensure that I receive the necessary medical treatment for my serious medical needs.

2. As set forth in the Complaint, I've been an inmate at the Delaware Correctional Center, Smyrna, Delaware 19977, under the custody of the Delaware Dept of Corrections "DOC" since January of 1997, and have since that time received medical treatment from multiple contracted health care providers.

3. For all intent and purposes during the times and events discussed in Complaint, plaintiff has repeatedly exhausted the Institutional Grievance System and has been awarded favorable judgments twice by the Bureau of Prison's, Bureau Chief, that medical treatment be provided as were prescribed regarding medical amenities and medications. More specifically, pain management meds for Chronic Spinal Disease conditions: (a) Sclerosis, (b) non-mending lower-left fractured vertibras, (c) deminished vertibra cartiledge, (d) a bulge on the spinal cord, and (e) pinched nerve.

4. Despite the doctor's diagnoses and proscribed treatment plan, in addition to the Bureau of Prison's medical approvals. The defendant's named and unknown at this time through their joint and individual capacities continue to demonstrate a complete disregard to my Chronic Care and other medical needs, deliberately indifferent to my serious medical needs under conscious states of mind. Farmer v. Brennan, 511 U.S. at 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

5. Plaintiff other serious medical needs includes: Sickle Cell, Bleeding Ulcers, Migraine Headaches, and Acid Reflux Disease. Noting that despite plaintiff numerious medical grievances, written letters to CMS, DOC, DCC, and ACLU/DCA administrators. That also includes the State of Delaware officials as named.

6. This total neglect continues to go on, despite having also had these prescriptions re-ordered twice by treating physician: Louise Desrosiers on or about Oct 15, 2007, and on Dec 4, 2007. During plaintiff's last visit contrary to what had been previously told to him regarding a minimumly effective medication, that had been given to him as pain management relief from his multiple Chronic Spinal conditions "Altrain" since about May of 2007. That despite the need the decision had been made that it would not be reordered as a pain reliever (quote)("its now harder for us "CMS" to get"). However, in doing so Dr. Desrosiers did not order plaintiff any short of a substitute, leaving the plaintiff to suffer unnecessarily and wanton. Whitely v. Albers, 475 U.S. 312, 319 U.S. 1986.

7. It is quit obvious, that these acts are being conducted by person's with conscious disregard and a substantial risks having departed from acceptable professional judgments, practices and standards. Stein v. Stackhouse, 920 F.2d 1135, 1145 (3d Cir. 1990).

2.

8. If this Honorable Court does not render assistance by way of issuing a Temporary Restraining Order in this particular case. The requesting plaintiff will substantially continue to (1) suffer intentional infliction of pain and suffering, (2) irreparable physical and emotional harm, and (3) money damages alone cannot fix injuries inflicted at the defendant's hands.

Wherefore, plaintiff urgently petition's the Court for an order to be "immediately" enforced as follows:

(A) The defendant's shall adhere to all prior prescribed and approved treatment plan of Dr. Brown and Bureau Chief; Howard, as has been ordered for the proper treatment of the plaintiff's Chronic Spinal conditions. This order enforces that the plaintiff be supplied those exact items as documented, including the pain management medication "Soma". If this medication cannot be supplied, the plaintiff shall be supplied its equivalent or substitute for Chronic Spinal conditions routinely administered under these circumstances, such as Trazodone, Cyclobenzaprine or Flexeril;

(B) The defendant's shall supply plaintiff with all other necessary known medical medications as documented and prescribed, as needed for remaining serious medical needs;

(C) The defendant's shall further conduct all necessary testing to determine the exact nature of the plaintiff's spinal injuries. That shall be performed by a specialist in this field, and submit within 30 days of this order a medical report of those conditions that were diagnosed and evaluated, to the Court for future recommodations. This report shall further give this Court the recommanded plan of treatment, that shall include forms of medications;

(D) The defendant's shall further refrain from any future use of the drug "Neurotin" in any treatment preformed on the plaintiff;

(E) The defendant's shall cease all law library staff practices of vetting or removing any articles from submitted legal motions, etc., for photocopying purposes, or issuing disciplinary conduct reports by Institutional Grievance official in response to the plaintiff reporting these illegal practices, and from presenting

3.

certain documents as evidence in a grievance hearing obtained through the Court. To which Institutional Grievance chairperson: Cpl. Lisa M. Merson's retaliatory action by issuing a illegal disciplinary conduct report. Noting that her responses to my address of grievance have twice caused adverse affects on plaintiff's classifications. See exhibits A-1 thru A-4: of law library staff practice of removing and refusing to photocopy those documents as part of plaintiff's motion or brief. Exhibits B-1 and B-2: of first retaliatory response by Institution Grievance Chairperson (Cpl. Lisa M. Merson) violation of Standard Operating Procedure 4.4, for reporting their practice of removing and refusal to photocopy documents as part of plaintiff's motion or brief. Exhibits C-1 thru C-5: of second retaliatory and conspiratorized conduct engaged by Institution Grievance Chairman (Cpl. Michael McCreanor) falsely charging disciplinary conduct for submitting as evidence in a grievance hearing certain documents given to the plaintiff through a Court proceeding, with sworn affidavit of event forwarded to the Warden, Deputy Wardens I and II, Dept of Corrections Commissioner, Bureau Chief and Governor.

    As demonstrated in this instant case, the health and safety of the plaintiff's interest outweighs the state's interest in saving money. Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986). The suffering the defendant's will experience if the Court grants the order is nominal, and a grant of relief in the instant case will serve the public's interest because the law should always be obeyed by prison official's in the public's interest. Pursuant to Federal Rules of Civil Procedure Rule 65(b), and 28 U.S.C. §1746. I am entering this request urgently and respectfully for this injunctive relief at this time without posting security as I am indigent under (IFP) Status. In view of the plaintiff's serious medical needs, continual danger and continual disregard to plaintiff's unnecessary infliction of pain and suffering, physical and emotional distress that is being imposed by the defendant's. The Court should grant relief without having to post bound of security. Orantes-Hernandez v. Smith, 541 F.Supp. 351, 385 n.*30 (C.D.Cl. 1982). If not, the evidence favoring success by the plaintiff is all for not, and there will be consequently more irreparable harm inflicted and injury if this relief sought is withheld. Fitzgerald v. Reneedon, 516 A.2d 183 (1990).

4.

In Closing, the plaintiff solemnly sware under penalty of perjury, that all of the enclosed statements are true and correct, to the very best of the plaintiff's knowledge and recollection.

Date: December 18, 2007

_____
James Arthur Biggins #319261
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977


Date: December ___, 2007

_____
Osman Sammander
Notary

OSMAN SAMMANDER
Notary Public
State of Delaware
My Comm. Expires June 14 2008

FROM: DELAWARE CORRECTIONAL CENTER MAIN LAW LIBRARY

TO: _James Biggins_____

S.B.I. NUMBER _319264_____ HOUSING UNIT: _E_

DATE YOUR REQUEST WAS RECEIVED _2/20/07_____

THE REQUEST THAT YOU SUBMITTED CANNOT BE PROCESSED BECAUSE:

_____ TUESDAY WEDNESDAY & THURSDAY EVENING APPOINTMENTS ARE FOR PAID WORKERS ONLY.

_____ YOU CANNOT REQUEST APPOINTMENTS FOR MORE THAN SEVEN DAYS IN ADVANCE.

_____ SIGNATURE, S.B.I. NUMBER OR HOUSING UNIT IS REQUIRED.

_____ A SIGNED PAY TO SLIP IS REQUIRED TO OBTAIN COPIES OF YOUR LEGAL DOCUMENTS. MADE PAYABLE TO THE DELAWARE STATE TREASURER

__✓__ THE PAPERS THAT YOU SUBMITTED FOR COPYING WILL NOT BE COPIED BECAUSE THERE IS NO SUPPORTING DOCUMENTATION.

_____ YOUR REQUEST IS ILLEGIBLE.

_____ RECEIVED TOO LATE TO SCHEDULE YOU FOR THE WEEK YOU REQUESTED.

_____ PLEASE COMPLETE THE ENCLOSED FORM(s) AND RETURN IT TO THE MAIN LAW LIBRARY AND YOUR REQUEST WILL BE PROCESSED.

_____ OTHER: _____

As before, letters to the Governor have no requirement for copies so send the original. You are being given (1) One copy for your records but additional copies will not be provided.

T. Martin

THANK YOU FOR YOUR COOPERATION.

A-1

FROM:  DELAWARE CORRECTIONAL CENTER MAIN LAW LIBRARY

TO: James Biggins

S.B.I. NUMBER 319264    HOUSING UNIT: E

DATE YOUR REQUEST WAS RECEIVED  05 March 2007

THE REQUEST THAT YOU SUBMITTED CANNOT BE PROCESSED BECAUSE:

\_\_\_\_ TUESDAY WEDNESDAY & THURSDAY EVENING APPOINTMENTS ARE FOR PAID WORKERS ONLY.

\_\_\_\_ YOU CANNOT REQUEST APPOINTMENTS FOR MORE THAN SEVEN DAYS IN ADVANCE.

\_\_\_\_ SIGNATURE, S.B.I. NUMBER OR HOUSING UNIT IS REQUIRED.

\_\_\_\_ A SIGNED PAY TO SLIP IS REQUIRED TO OBTAIN COPIES OF YOUR LEGAL DOCUMENTS. MADE PAYABLE TO THE DELAWARE STATE TREASURER

\_\_\_\_ THE PAPERS THAT YOU SUBMITTED FOR COPYING WILL NOT BE COPIED BECAUSE THERE IS NO SUPPORTING DOCUMENTATION.

\_\_\_\_ YOUR REQUEST IS ILLEGIBLE.

\_\_\_\_ RECEIVED TOO LATE TO SCHEDULE YOU FOR THE WEEK YOU REQUESTED.

\_\_\_\_ PLEASE COMPLETE THE ENCLOSED FORM(s) AND RETURN IT TO THE MAIN LAW LIBRARY AND YOUR REQUEST WILL BE PROCESSED.

X  OTHER: Grievances that have not been stamped as received by the IGC will not be photocopied in the Law Library. You can forward it to the business Office with a pay-to.

THANK YOU FOR YOUR COOPERATION.    T. Martin

A-2

DCC  Delaware Correctional Center  
Smyrna Landing Road  
SMYRNA DE, 19977  
Phone No. 302-653-9261  

Date: 01/03/2007

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC |
| **Grievance #** : 90168 | **Grievance Date** : 12/21/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status** : | **Resol. Date** : |
| **Grievance Type:** Law Library | **Incident Date** : 12/19/2006 | **Incident Time** : |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg E, Tier B, Cell 8, Top | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims: On 12-19-06 I forwarded to the LL a legal letter to Gov. Minner with attached exhibits of an grievance, supporting my claim. The information was returned to me on 12-21-06 by Paralegal Martin, with only 1 copy. And his correspondance stating "your letter to the Honorable Ruth Ann Minner and grievance is not a motion, but a letter, therefore you will only be provided 1 copy for you. Letters to staff, buildings and reference articles are not photocopied in the LL. You may send these to the business office with a pay-to". It goes without saying that here, Paralegal Martin's action without any legitmate explanation, as defined under DOC/DCC policy for defined legal documents. Note that Paralegal Martin does not take issue with the document as being considered legal. But has taken issue that I've requested copies. The BOP has defined letters to elected officials are legal mail. Therefore, my request to obtain copies is just part of the process, and is not prohibited. Paralegal Martins failure to provide me with the copies demonstrates his refusal to follow Policies and law aimed at protecting my constitutional right to redress my grievance to an elected official and notify DOC/DCC official s of my actions. Paralegal Martin's actions shows (1) he either do not know BOP policy, or (2) making up his own definition serves the institutions practice to obstruct and interfer with my legal right to redresses of grievances. Attached is the photo copy request slip.

**Remedy Requested** : Please investigate Paralegal Martin's abuse of authority and violation of DOC/DCC polices regarding legal mail as has been defined.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance:** NO | **Date Received by Medical Unit:** |
| **Investigation Sent:** | **Investigation Sent To** : Little, Michael |
| **Grievance Amount:** | |

A-3

Page 1 of 2

DCC Delaware Correctional Center  
Smyrna Landing Road  
SMYRNA DE, 19977  
Phone No. 302-653-9261

Date: 04/03/2007

# INFORMAL RESOLUTION

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC |
| **Grievance #** : 90168 | **Grievance Date** : 12/21/2006 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status:** Level 3 | **Inmate Status :** |
| **Grievance Type:** Law Library | **Incident Date** : 12/19/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg E, Tier B, Cell 8, Top | |

## INFORMAL RESOLUTION

**Investigator Name** : Little, Michael       **Date of Report** 01/03/2007

**Investigation Report :** Per my investigation paralegal Martins actions are correct. Mail to elected officals is considered legal in nature, however it does not mean an inmate has exclusive right to have photo copies of such mail. In this case inmate Biggins was given a copy of the letter to Gov. Minner which by definition is considered legal in nature. The attached exhibits he wanted copied were not accepted or denied grievances, thus they were not copied becuse they have not yet been determined to be actual grievances. Inmate Biggins can have other copies made at his expense not the Department of Corrections. Inmate Biggins has not been denied legal photocopies and Paralegal Martin has not violated or abused any department policy.

**Reason for Referring:**


Offender's Signature: _____

Date                  : _____

Witness (Officer)     : _____

A-4  
Page 2 of 8

Grievance Write-Up

# DELAWARE CORRECTIONAL CENTER
# INMATE GRIEVANCE OFFICE

**To:** I/M Biggins, James   MH21  CU7

**From:** Officer L.M. Merson, Inmate Grievance Chairperson

**Date:** Monday, August 20, 2001

**Re:** GRIEVANCE (S)

*Received EBiggins 8/23/01*

**I HAVE RECEIVED YOUR GRIEVANCE (S) DATED 08/14/01, THE GRIEVANCE (S) ARE REJECTED FOR THE FOLLOWING REASON (S):**

__ SECURITY ISSUE (INVOLVES THE SECURITY & STAFFING OF THE INSTITUTION AND THE SAFETY, HEALTH AND/OR WELFARE OF INMATES, STAFF AND THE PUBLIC)

__ CLASSIFICATION ISSUES (JOBS, TRANSFERS, PROGRAMS, ETC. IT HAS IT'S OWN APPEAL PROCESS. I.B.C.C.: MS. E. STEVENSON, C.I.C.B.: MS. F. LEWIS AND I.R.C.B.: MR. H. YOUNG)

__ DISCIPLINARY ISSUE (M. A. B. WRITE-UP"S HAVE THEIR OWN APPEAL PROCESS. THE HEARING OFFICERS ARE LT. K. REYNOLDS, S/LT. B. WILLIAMS AND LT. SCOTT.)

__ AN INMATE DOES NOT HAVE THE POWER TO REQUEST OR DEMAND DISCIPLINARY ACTION ON STAFF. THE IGC DOES NOT HAVE THE POWER TO HOLD HEARINGS ON STAFF. IF YOU HAVE A COMPLAINT REGARDING STAFF, WRITE A LETTER TO THAT PERSONS SUPERVISOR. IN YOUR CASE THAT IS:

__ PAROLE BOARD ISSUE.

__ IT IS AN ISSUE THAT HAS ALREADY BEEN GRIEVED BY YOU OR ANOTHER INMATE (IF GRIEVED BY ANOTHER, YOU MAY REQUEST, IN WRITING, TO BE ADDED TO THE FIRST GRIEVANCE MAKING IT A GROUP ISSUE.)

__ IT IS UNACCEPTED BECAUSE IT HAS PASSED THE SEVEN (7) DAY TIME FRAME ALLOTTED TO FILE A GRIEVANCE.

__ IT IS A PHOTO COPY, CARBON COPY, WRITTEN IN PENCIL OR RED INK (SUBMIT ORIGINAL FORMS ONLY, WRITE IN BLACK OR DARK BLUE INK ONLY.)

_X_ OTHER: Provide proof that you submitted requests for copies. Provide proof that you are being denied. Mr. Martin is a Para-legal and your "Alleged" remark is sarcastic, disrespectful and challenging. That type of behavior is against the Institutional Penal code of Discipline. Under 200.203 Disorderly or Threatening Behavior: (b) Insulting, taunting or challenging another person, in a manner likely to produce a violent or disorderly response. I will be forwarding a M.A.B. write-up to your area.

cc: File

F&B (2-PART NCR)    DISCIPLINARY REPORT

*Inmates Copy*

| Incident Report No. IR-01-4339 | Dis. Report No. DR- |

| NUMBER | NAME | Inst/Housing Unit | Date of Report |
|---|---|---|---|
| 00319264 | Biggins, James A. | DCC/ MHU 21 CU7 | Monday, 20 August, 2001 |

1. Specific Rule Violated (Offense): 200.203 Threatening or Disorderly Behavior (b) Insulting and Taunting.

| 2. Facts: Date of Offense | Time of Offense | Location of Offense |
|---|---|---|
| Monday 20 August, 2001 | 0900 hours | Inmate Grievance Office |

Inmate Biggins submitted a grievance to the Inmate grievance office that called Mr. Tim Martin, An "Alleged Para-Legal. Inmate Biggins knows that Mr. Martin holds the position so is therefore, the MHU Para-legal. Inmate Biggins has been warned before about violating the Correctional Code of Penal Discipline. See Attached Grievance and rejection form copies. END

3. Name of Witnesses, if any: _____NA_____

4. Disposition of any evidence involved: _Attached_

5. Immediate Action Taken: _M.A.B. write-up_

[ X ] Inmate has been advised of this write-up.

X _____    X _____Officer L. M. Merson_____
Reporting Officer's Signature                        Reporting Officer's Name & Title

To be filled out by Shift Supervisor

Date Report was Received: _____

Time Report was Received: _____

Report Received From: _____

Shift Supervisor Determination:

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges (see reverse side) for _____ hours (not to exceed 24 hours):

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

X _____    X _____
Shift Supervisor's Signature                          Shift Supervisor Name & Title

B-2

| Disciplinary# | | | | |
|---|---|---|---|---|
| 1030941 | DCC Delaware Correctional Center<br>Smyrna Landing Road<br>SMYRNA DE, 19977<br>Phone No. 302-653-9261 | | | Date: 03/13/2007 |

## DISCIPLINARY REPORT

**Disciplinary Type:** Class1   **Housing Unit** Bldg E   **IR#:** 1040437

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00319264 | Biggins, James A | DCC | E | 03/13/2007 | 10:20 |

**Violations:** 1.21/200.207 Receiving Stolen Property, 1.27/200.205 Theft, 2.10/200.213 Lying, 2.13/200.111 Possession of Non-Dangerous Contraband

**Witnesses:** 1. N/A   2. N/A   3. N/A

### Description of Alleged Violation(s)

I, Cpl. Lise M. Merson, Was In A Grievance Hearing With Inmate Biggins, James Sbi 00319264. Inmate Biggins Produced A Page From The Delaware Correctional Center'S S.O.P.. Inmates Are Not Allowed To Be In Possession Of Dcc Sop'S. When Inmate Biggins Was Asked By Cpl. Merson How He Came Into Possession Of The Sop He Stated: "The Judge Gave It To Me". When Asked Which Judge Gave Him The Sop, Inmate Biggins Responded :" I Think I Have It Written Down In My Room". James Biggins Admitted To Writing "A-8" On The Bottom Of The Page. End

**Reporting Officer:** Merson, Lise M (Institutional Grievance Contac)

### Immediate Action Taken

**Immediate action taken by:** Merson, Lise M -Institutional Grievance Contac

Mab Write-Up, Inmate Advised Of Write-Up, Area Lt. Notified.

### Offender Disposition Details

**Disposition:** N/A   **Date:** N/A   **Time:** N/A   **Cell secured?** No
**Reason:** N/A

**Disposition Of Evidence:** Dcc Sop Secured By Cpl. Lise Merson.

### Approval Information

**Approved:** [x]   **Disapproved:** [ ]   **Approved By:** Barlow, John (Staff Lt./Lt)
**Comments:** N/A

### Shift Supervisor Details

**Date Received:** 03/13/2007   **Time:** 14:56   **Received From:** Barlow, John

**Shift Supervisor Determination:**

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X] Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

*LT. John Barlow*
Barlow, John (Staff Lt./Lt)

---

I have received a copy of this notice on **DATE:** 3/13/07   **TIME:** _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing Officer:** LT. John Barlow   **Offender:** Biggins, James A

C-1
Page 1 of 1

**DCC** Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone#: 302-653-9261

Date: 03/13/2007

## NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

TO: Inmate: Biggins,James A         SBI#: 00319264    Housing Unit: Bldg E

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
   How do you plead ? [ ] Guilty    [ X ] Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time **of more than 24 hours but not to exceed 15 days.**

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of time not to exceed 90 days.
   b. Confinement to assigned quarters for a period of time not to exceed 90 days.
   c. Isolation confinement for a period of time not to exceed 90 days.
   d. Loss of good time for a period of time not to exceed 90 days.
   (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested     **No**        Name of Counsel: ___

7. Confront accuser?     **Yes**

8. Witness requested?    **Yes**       Name of Witness: Kenneth Fink,___
                                                        Capt. Mccreanor,___

I certify that on **03/13/2007** at **14:57** , I served upon the above inmate this notice of Disciplinary Hearing for Minor/Major Offense and the Disciplinary Report is attached hereto.

LT. _____ UNIT 13
(Employee's Signature & Title)
Barlow, John

I have received copies of 122 & 127 and understand my rights as Form # 127 has been read to me

_____
(Inmate's Signature)
Biggins,James A

Page 1 of 2

## Sworn Affidavit

I, James Arthur Biggins, do swear under penalty of prejury that the foregoing statements are true and correct. That on Tuesday, March 13, 2007, a grievance hearing was convened for me regarding the denial of "legal" photocopies under grievance number #10168. Paretaking in this matter was grievant chairperson Michael McCreanor and Lisa M. Merson. The hearing was also facilitated by building counselor Kelvin Fletcher and inmate representives Kenneth Fink and Frank Wallace.

As an exhibit to substanuate my claim, I submitted to them a copy of the Dept of Corrections, SOP number #3.1.2 stating that "photocopies are supplied for all legal documents." At which time, upon being reviewed by Cpl. McCreanor, Cpl. Merson ask to see the document. When it was handed over to her, she ask me where did I get it. I responded by informing her that I had obtained promission to the document and others through a past court case. Cpl. Merson immediately disputed that fact stating that I was lying "the court would never do that because they know we're not allowed DOC rules". I than told Cpl. Merson that I could prove it to her if she gave me just 5 minutes, I would go to my cell and retreive the trial transcript of the proceeding. Cpl. Merson than said to me "No! You can show it to the hearing officer because im going to write you up." Later that day Lt. Barlow served on me her write up accusing me of the following rule violations:

(a) Receiving Stolen Property 1.21/200.207;
(b) Theft 2.22/200.205;
(c) Lying 2.10/200.213; and
(d) Possession of Non-Dangerous Contesband 2.13/200.111

C-3

On Friday, March 23, 2007, SGT/LT. B. Williams, DCC hearing officer dismissed all charges stating that "residents can get copies of such in court proceedings".

## Complaint

This is Cpl. Merson's second reprisal against me for the use of the grievance system in violation of my right to "address my grievances". In August of 2001, Cpl. Merson committed the first offense under report no. 4339 for:

(a) Threatening or Disorderly Behavior 200.203; and
(b) Insulting and Taunting.

Both of these charges were dismissed because SGT/LT. B. Williams informed at that time, that Cpl. Merson did not possess the authority to issue disciplinary reports as a grievance officer. However, due to her action at that time I was forced to remain in MHU 21 for an extented period of 90 days because I received the write-up itself. Cpl. Merson actions and conduct is very disruptive to the grievance office and to inmates who uses it. She have continued to show a neglect of the rules that governing her authority in her official capacity.

Furthermore, she continues at every turn to show her propensity for personal attacks on me, by rejecting and unreasonably commenting to my grievances in an unprofessional way. It should be troublesome to the administration that her pattern of abuse is unchecked. And as desturbing is the fact of all of this, Cpl. McCreanor grievance chairperson found nothing wrong with the entry of my exhibit. Yet, he

C-4

did nothing to stop her actions. Let it be known that both are litigants in a civil complaint in which I have pending since May of 2006. See Biggins v. Maloney, et al., 06-07-545 (Court of Common Pleas)(2007) Cpt. Mc.Creanor lack to assert his authority over her to hinder what was done, shows on his part a complete comtempt for DOC/DCC rules and demonstrates his role as a conspiritor to her action.

<u>Relief</u>

I respectfully request by the facts submitted and evidence of the records that niether Cpl. Merson or Cpt. Mc.Creanor be deemed suitable to review, investigate or sit on any grievance committee regarding any issues that I have or may submit in the future while there is ongoing pending litigation between us.

Dated: March 29, 2007

Sincerely,
James Arthur Biggins #319264
Delaware Correctional Center
Smyrna, Delaware 19977

Dated: 29 March 2007

Timothy J. Mauro
Notary
my Commission expires: June 19, 2008

\* Attachments are as described within as (1) Disciplinary Report, (2) Disciplinary Hearing Decision, (3) Inmate Grievance Procedure (identifying violation as underlined), and (4) A copy of Cpl. Merson's first violation in 2001. Noting again that through the use of her position, I've been continuously subjected to reprisals.

C-6