IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-04-GMS |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**FILING FEE ORDER**

1. The plaintiff, James Arthur Biggins, SBI #319264, a *pro se* litigant who is presently incarcerated, filed this action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee.

2. The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury.

3. The plaintiff, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows: *Biggins v. Campbell,* Civ. Action No. 99-872-GMS (D. Del. May 2, 2001); *Biggins v. Snyder*, Civ. Action No. 01-095-GMS (D. Del. May 2, 2001); *Biggins v. Snyder*, Civ. Action

No. 99-112-GMS (D. Del. Aug. 24, 2000); *Biggins v. Maryland Dist. Court*, Civ. Action No. 99-476 (D. Del. Mar. 4, 1999); *Biggins v. Withers*, Civ. Action No. 98-438-LON (D. Del. Oct. 1, 1998). After reviewing the complaint the court determines that the plaintiff has adequately alleged that at time of the filing of the complaint he was under imminent danger of serious physical injury. *See Williams v. Forte*, No. 04-2071, 135 Fed. Appx. 520 (3d Cir. 2005); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001).

4. Consistent with 28 U.S.C. § 1915(a)(1) and (2), the plaintiff has submitted: (1) an affidavit stating that he has no assets with which to prepay the filing fee; and (2) a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the above-referenced complaint. Based on the plaintiff's submissions, his request to proceed *in forma pauperis* is **granted**.

5. Notwithstanding the above, pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff shall be assessed the filing fee of $350.00 and shall be required to pay an initial partial filing fee of 20 percent (20%) of the greater of his average monthly deposit or average monthly balance in the trust fund account.

6. In evaluating the plaintiff's account information, the court has determined that he has an average account balance of $6.81 for the six months preceding the filing of the complaint. The plaintiff's average monthly deposit is $30.66 for the six months preceding the filing of the complaint. Accordingly, the plaintiff is required to pay an initial partial filing fee of $6.13, this amount being 20 percent (20%) of $30.66, the greater of his average monthly deposit and average monthly daily balance in the trust fund account for the six months preceding the filing of the complaint. **Therefore, the plaintiff shall, within thirty days from the date this order is sent, complete**

-2-

and return the attached authorization form allowing the agency having custody of him to forward the $6.13 initial partial filing fee and subsequent payments to the Clerk of the Court. **FAILURE OF THE PLAINTIFF TO RETURN THE AUTHORIZATION FORM WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE. NOTWITHSTANDING ANY PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

7.   Upon receipt of this order and the authorization form, the Warden or other appropriate official at the Delaware Correctional Center, or at any prison at which the plaintiff is or may be incarcerated, shall be required to deduct the $6.13 initial partial filing fee from the plaintiff's trust account, when such funds become available, and forward that amount to the Clerk of the Court. Thereafter, absent further order of the Court, each time that the balance in plaintiff's trust account exceeds $10.00, the Warden or other appropriate official at the Delaware Correctional Center, or at any prison at which the plaintiff is or may be incarcerated, shall be required to make monthly payments of 20 percent (20%) of the preceding month's income credited to the plaintiff's trust account and forward that amount to the Clerk of the Court.

DATED: February 11, 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE

-3-



FILED

FEB 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-04-GMS |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## AUTHORIZATION

I, James Arthur Biggins, SBI #319264, request and authorize the agency holding me in custody to disburse to the Clerk of the Court all payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's Order dated *February 11*, 2008.

This authorization is furnished to the Clerk of Court in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $350.00. I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Date: _____, 2008.

_____
Signature of Plaintiff