CA 08-04 GMS



Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

7007 2680 0003 3006 4000

James Walsh
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

First Name
Second Name
Returned

FILED

FEB 19 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-04-GMS |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

WHEREAS, the plaintiff, James Arthur Biggins, a prisoner housed at the Delaware

Correctional Center, Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983;

WHEREAS, concurrent with the filing of the lawsuit, and also on February 7, 2008, the

plaintiff filed a motion for a temporary restraining order with declaration and a letter/motion

which the court construes as a motion for immediate injunctive relief for medical care,

specifically a need for chronic care medication (D.I. 3, 4, 10);

THEREFORE, at Wilmington this 11th day of February, 2008, IT IS

ORDERED that:

1. The defendants, Correctional Medical Services, Deputy Warden David Pierce, and

James Welsh shall, on or before February 19, 2008, file a response to the

plaintiff's motion and letter/motion, and specifically address the chronic care medication issue.

2. The responding defendants shall also provide copies of the plaintiff's pertinent

medical records with their response.

3. The clerk of the court is directed to serve a copy of the plaintiff's pending motions

(D.I. 3, 4, 10) upon the responding defendants Correctional Medical Services, Deputy Warden

David Pierce, and James Welsh, as well as the Attorney General of the State of Delaware.



CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

In The United States District Court

For The District Of Delaware

James Arthur Biggins,

Plaintiff,

vs.

Gov: Ruth Ann Minner, and the State of Delaware,
et al.,
Carl C. Danberg, and the Delaware Dept of Corr,
et al.,
John Rundle, and the Correctional Medical Servs, Inc,
et al.,
Judith Mellesss, and the Delaware Center for Justice, et al,
Janet Laban, and the Delaware Chapter of the American
Civil Liberties Union, et al.,
Defendants each sued in their individual and official

capacities.



~ 0 8 - 0 0 4 ~

Civil Action No._____/_____

Jury Trial Demanded

FILED

JAN 0 3 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RP scanned

Declaration In Support Of Plaintiff's Motion For A Temporary Restraining
Order

James Arthur Biggins, declares under penalty of perjury:

1. Am the plaintiff in this case. I make this declaration in support of my motion for a temporary
restraining order and preliminary injunction to ensure that I receive the necessary medical
treatment for my serious medical needs.

2. As set forth in the Complaint, i've been an inmate at the Delaware Correctional Center,
Smyrna, Delaware 19977, under the custody of the Delaware Dept of Corrections "DOC" since
January of 1997, and have since that time received medical treatment from multiple contracted
health care providers.

3. For all intent and purposes during the times and events discussed in Complaint, plaintiff has repeatedly exhausted the Institutional Grievance System and has been awarded favorable judgments twice by the Bureau of Prison's, Bureau Chief, that medical treatment be provided as were prescribed regarding medical amenities and medications. More specifically, pain managment meds for Chronic Spinal Disease conditions: (A) Sclerosis, (B) non-mending lower left fractored vertibes, (C) diminished vertibes cratiledge, (D) a bulge on the spinal cord, and (E) pinched nerve.

4. Despite the doctor's diagnoses and prescribed treatment plan, in addition to the Bureau of Prison's medical approvals. The defendant's named and unknown at this time, through their joint and individual capacities continue to demonstrate a complete disregard to my Chronic Care and other medical needs, deliberately indifferent to my serious medical needs under conscious states of mind. Farmer v. Brennan, 511 U.S. at 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

5. Plaintiff other serious medical needs includes: Sickle Cell, Bleeding Ulcers, Migraine Head-aches, and Acid Reflux Disease. Noting that despite plaintiff numerous medical grievances, written letters to CMS, DOC, DCC, and ACLU/DCA administrators. That also includes the State of Delaware officials as named.

6. This total neglect continues to go on, despite having also had these prescriptions re-ordered twice by treating physicians: Louise Descosiers on or about Oct 15, 2007, and on Dec 4, 2007. During plaintiff's last visit contrary to what had been previously told to him regarding a minimumly effective medication, that had been given to him as pain managment relief from his multiple Chronic Spinal conditions "Altarin" since about May of 2007. That despite the need the decision had been made that it would not be re-ordered as a pain reliever (quote) ("its now harder for us "CMS" to get"). However, in doing so Dr. Descosiers did not order plaintiff any short of a substitute, leaving the plaintiff to suffer unnecessarily and wanton. Whitely v. Albers, 475 U.S. 312, 319 U.S. 1986.

7. It is quit obvious, that these acts are being conducted by person's with conscious disregard and a substantial risks having departed from acceptable professional judg-ments, practices and standards. Stearin v. Strackhouse, 920 F.2d 1135, 1145 (3d Cir. 1990).

8. If this Honorable Court does not render assistance by way of issuing a Temporary Restraining Order in this particular case. The requesting plaintiff will substantially continue to (1) suffer intentional infliction of pain and suffering, (2) irreparable physical and emotional harm, and (3) money damages alone cannot fix injuries inflicted at the defendant's hands.

Wherefore, plaintiff urgently petition's the Court for an order to be "immediately" enforced as follows:

(A) The defendant's shall adhere to all prior prescribed and approved treatment plan of Dr. Brown and Bureau Chief: Howard, as has been ordered for the proper treatment of the plaintiff's Chronic Spinal conditions. This order enforces that the plaintiff be supplied those exact items as documented, including the pain management medication "Soma". If this medication cannot be supplied, the plaintiff shall be supplied its equivalent or substitute for Chronic Spinal conditions routinely administered under these circumstances, such as Terazodone, Cyclobenzaprine or Flexeril;

(B) The defendant's shall supply plaintiff with all other necessary known medical medications as documented and prescribed, as needed for remaining serious medical needs;

(C) The defendant's shall further conduct all necessary testing to determine the exact nature of the plaintiff's spinal injuries. That shall be performed by a specialist in this field, and submit within 30 days of this order a medical report of those conditions that were diagnosed and evaluated, to the Court for future recommendations. This report shall further give this Court the recommended plan of treatment, that shall include forms of medications;

(D) The defendant's shall further refrain from any future use of the drug "Neurotin" in any treatment performed on the plaintiff;

(E) The defendant's shall cease all law library staff practices of vetting or removing any articles from submitted legal motions, etc., for photocopying purposes, or issuing disciplinary conduct reports by Institutional Grievance official in response to the plaintiff reporting these illegal practices, and from preventing

certain documents as evidence in a grievance hearing obtained through the Court. To which Institutional Grievance chairperson: Cpl. Lisa M. Merson's retaliatory action by issuing a illegal disciplinary conduct report. Noting that her responses to my address of grievance have twice caused adverse... affects on plaintiff's classifications. See exhibits A-1 thru A-4: of law library staff practice of removing and refusing to photocopy those documents as part of plaintiff's motion or brief. Exhibits B-1 and B-2: of first retaliatory response by Institution Grievance Chairperson (Cpl. Lisa M. Merson) violation of Standard Operating Procedure 4.4, for reporting their practice of removing and refusal to photocopy documents as part of plaintiff's motion or brief. Exhibits C-1 thru C-5: of second retaliatory and conspirarized conduct engaged by Institution Grievance Chairman (Cpt. Michael Mc Creanor) Falsely charging disciplinary conduct for submitting as evidence in a grievance hearing certain documents given to the plaintiff through a Court proceeding, with sworn affidavit of event forwarded to the Wardens, Deputy Wardens I and II, Dept of Corrections Commissioner, Bureau Chief and Governor.

As demonstrated in this instant case, the health and safety of the plaintiff's interest outweighs the state's interest in saving money (Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986). The suffering the defendant's will experience if the Court grants the order is nominal, and a grant of relief in the instant case will serve the public's interest because the law should always be obeyed by prison officials in the public's interest. Pursuant to Federal Rules of Civil Procedure Rule 65(b), and 28 U.S.C. §1746. I am entering this request urgently and respectfully for this injunctive relief at this time without posting security as I am indigent under (IFP) Status. In view of the plaintiff's serious medical needs, continual danger and continual disregard to plaintiff's unnecessary infliction of pains and suffering, physical and emotional distress that is being imposed by the defendant's. The Court should grant relief without having to post bound of security. Orantes-Hernandez v. Smith, 541 F.Supp. 351, 385 n. 36 (C.D.Cal. 1989). If not, the evidence favoring success by the plaintiff is all for not, and there will be consequently more irreparable harm inflicted and injury if this relief sought is withheld. Fitzgerald v. Reendon, 512 A.2d 188 (1990).

4.

In Closing, the plaintiff solemnely sware under penalty of perjury, that all of the enclosed statements are true and correct, to the very best of the plaintiff's knowledge and recollection.

Date: December 18, 2007

JAMES Arthur Diggins #319261
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Date: December ___ , 2007

Notary

**OSMAN SAMMANDER**
Notary Public
State of Delaware
My Comm. Expires June 14 2008

5.

FROM:   DELAWARE CORRECTIONAL CENTER MAIN LAW LIBRARY

TO: __James  Biggins__

S.B.I. NUMBER __319264_____HOUSING UNIT: __E__

DATE YOUR REQUEST WAS RECEIVED __2/20/07_____

THE REQUEST THAT YOU SUBMITTED CANNOT BE PROCESSED BECAUSE:

____TUESDAY WEDNESDAY & THURSDAY EVENING APPOINTMENTS ARE FOR PAID
    WORKERS ONLY.

____YOU CANNOT REQUEST APPOINTMENTS FOR MORE THAN SEVEN DAYS IN
    ADVANCE.

____SIGNATURE, S.B.I. NUMBER OR HOUSING UNIT IS REQUIRED.

____A SIGNED PAY TO SLIP IS REQUIRED TO OBTAIN COPIES OF YOUR LEGAL
    DOCUMENTS.MADE PAYABLE TO THE DELAWARE STATE TREASURER

____THE PAPERS THAT YOU SUBMITTED FOR COPYING WILL NOT BE COPIED
    BECAUSE THERE IS NO SUPPORTING DOCUMENTATION.

____YOUR REQUEST IS ILLEGIBLE.

____RECEIVED TOO LATE TO SCHEDULE YOU FOR THE WEEK YOU REQUESTED.

____PLEASE COMPLETE THE ENCLOSED FORM(s) AND RETURN IT TO THE MAIN
    LAW LIBRARY AND YOUR REQUEST WILL BE PROCESSED.
____OTHER: _____

As before, letters to the Governor have no requirement
for copies. So send the original. You are being given
(1)One copy for your records but additional copies will
not be provided.
_____ T. Martin _____

THANK YOU FOR YOUR COOPERATION.

A-1

FROM:  DELAWARE CORRECTIONAL CENTER MAIN LAW LIBRARY

TO: _James Biggins_____

S.B.I. NUMBER _319264_____HOUSING UNIT: _E_

DATE YOUR REQUEST WAS RECEIVED__ _05 March 2007_____

THE REQUEST THAT YOU SUBMITTED CANNOT BE PROCESSED BECAUSE:

____TUESDAY WEDNESDAY & THURSDAY EVENING APPOINTMENTS ARE FOR PAID
    WORKERS ONLY.

____YOU CANNOT REQUEST APPOINTMENTS FOR MORE THAN SEVEN DAYS IN
    ADVANCE.

____SIGNATURE, S.B.I. NUMBER OR HOUSING UNIT IS REQUIRED.

____A SIGNED PAY TO SLIP IS REQUIRED TO OBTAIN COPIES OF YOUR LEGAL
    DOCUMENTS. MADE PAYABLE TO THE DELAWARE STATE TREASURER

____THE PAPERS THAT YOU SUBMITTED FOR COPYING WILL NOT BE COPIED
    BECAUSE THERE IS NO SUPPORTING DOCUMENTATION.

____YOUR REQUEST IS ILLEGIBLE.

____RECEIVED TOO LATE TO SCHEDULE YOU FOR THE WEEK, YOU REQUESTED.

____PLEASE COMPLETE THE ENCLOSED FORM(s) AND RETURN IT TO THE MAIN
    LAW LIBRARY AND YOUR REQUEST WILL BE PROCESSED.
_X_ OTHER:_____

_Grievances that have not been stamped as_

_received by the IGC will not be photocopied in the_

_Law Library. You can forward it to the business_

_Office with a pay-to._____

_____

THANK YOU FOR YOUR COOPERATION.        _T. Martin_

A-2

Case 1:08-cv-00004-GMS    Document 4    Filed 01/03/2008    Page 8 of 16
**DCC Delaware Correctional Center**                                           Date: 01/03/2007
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE REPORT

| OFFENDER GRIEVANCE INFORMATION | | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Offender Name :** BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC | |
| **Grievance #** : 90168 | **Grievance Date** : 12/21/2006 | **Category** : Individual | |
| **Status** : Unresolved | **Resolution Status :** | **Resol. Date :** | |
| **Grievance Type:** Law Library | **Incident Date** : 12/19/2006 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg E, Tier B, Cell 8, Top | | |

| OFFENDER GRIEVANCE DETAILS | | | |
|---|---|---|---|

**Description of Complaint:** Inmate claims: On 12-19-06 I forwarded to the LL a legal letter to Gov. Minner with attached exhibits of an grievance, supporting my claim. The information was returned to me on 12-21-06 by Paralegal Martin, with only 1 copy. And his correspondance stating "your letter to the Honorable Ruth Ann Minner and grievance is not a motion, but a letter , therefore you will only be provided 1 copy for you. Letters to staff, buildings and reference articles are not photocopied in the LL. You may send these to the business office with a pay-to". It goes without saying that here, Paralegal Martin's action without any legitmate explanation, as defined under DOC/DCC policy for defined legal documents. Note that Paralegal Martin does not take issue with the document as being considered legal. But has taken issue that I've requested copies. The BOP has defined letters to elected officials are legal mail. Therefore, my request to obtain copies is just part of the process, and is not prohibited. Paralegal Martins failure to provide me with the copies demonstrates his refusal to follow Policies and law aimed at protecting my constitutional right to redress my grievance to an elected official and notify DOC/DCC official s of my actions. Paralegal Martin's actions shows (1) he either do not know BOP policy, or (2) making up his own definition serves the institutions practice to obstruct and interfer with my legal right to redresses of grievances. Attached is the photo copy request slip.

**Remedy Requested** : Please investigate Paralegal Martin's abuse of authority and violation of DOC/DCC polices regarding legal mail as has been defined.

| INDIVIDUALS INVOLVED | | |
|---|---|---|
| **Type** | **SBI #** | **Name** |

| ADDITIONAL GRIEVANCE INFORMATION | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Little, Michael |
| **Grievance Amount :** | |

A-2
**Page 1 of 2**

**DCC  Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 04/03/2007

# INFORMAL RESOLUTION

### OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC |
| **Grievance #** : 90168 | **Grievance Date** : 12/21/2006 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status:** Level 3 | **Inmate Status :** |
| **Grievance Type:** Law Library | **Incident Date** : 12/19/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg E, Tier B, Cell 8, Top | |

### INFORMAL RESOLUTION

**Investigator Name**   : Little, Michael                    **Date of Report** 01/03/2007

**Investigation Report :** Per my investigation paralegal Martins actions are correct. Mail to elected officals is considered legal in nature, however it does not mean an inmate has exclusive right to have photo copies of such mail. In this case inmate Biggins was given a copy of the letter to Gov. Minner which by definition is considered legal in nature. The attached exhibits he wanted copied were not accepted or denied grievances, thus they were not copied becuse they have not yet been determined to be actual grievances. Inmate Biggins can have other copies made at his expense not the Department of Corrections. Inmate Biggins has not been denied legal photocopies and Paralegal Martin has not violated or abused any department policy.

**Reason for Referring:**

**Offender's Signature:** _____

**Date**              : _____

**Witness (Officer)**   : _____

A-4
Page 2 of 8

# DELAWARE CORRECTIONAL CENTER
# INMATE GRIEVANCE OFFICE

**To:**   I/M  Biggins, James   MH21  CU7

**From:**   Officer L.M. Merson, Inmate Grievance Chairperson

**Date:**   Monday, August 20, 2001

**Re:**   GRIEVANCE (S)

*Received Ebente 8/3/01*

---

**I HAVE RECEIVED YOUR GRIEVANCE (S) DATED 08/14/01, THE GRIEVANCE (S) ARE REJECTED FOR THE FOLLOWING REASON (S):**

___ SECURITY ISSUE (INVOLVES THE SECURITY & STAFFING OF THE INSTITUTION AND THE SAFETY, HEALTH AND/OR WELFARE OF INMATES, STAFF AND THE PUBLIC)

___ CLASSIFICATION ISSUES (JOBS, TRANSFERS, PROGRAMS, ETC. IT HAS IT'S OWN APPEAL PROCESS. I.B.C.C.: MS. E. STEVENSON, C.I.C.B.: MS. F. LEWIS AND I.R.C.B.: MR. H. YOUNG)

___ DISCIPLINARY ISSUE (M. A. B. WRITE-UP"S HAVE THEIR OWN APPEAL PROCESS. THE HEARING OFFICERS ARE LT. K. REYNOLDS, S/LT. B. WILLIAMS AND LT. SCOTT.)

___ AN INMATE DOES NOT HAVE THE POWER TO REQUEST OR DEMAND DISCIPLINARY ACTION ON STAFF. THE IGC DOES NOT HAVE THE POWER TO HOLD HEARINGS ON STAFF. IF YOU HAVE A COMPLAINT REGARDING STAFF, WRITE A LETTER TO THAT PERSONS SUPERVISOR. IN YOUR CASE THAT IS:

___ PAROLE BOARD ISSUE.

___ IT IS AN ISSUE THAT HAS ALREADY BEEN GRIEVED BY YOU OR ANOTHER INMATE (IF GRIEVED BY ANOTHER, YOU MAY REQUEST, IN WRITING, TO BE ADDED TO THE FIRST GRIEVANCE MAKING IT A GROUP ISSUE.)

___ IT IS UNACCEPTED BECAUSE IT HAS PASSED THE SEVEN (7) DAY TIME FRAME ALLOTTED TO FILE A GRIEVANCE.

___ IT IS A PHOTO COPY, CARBON COPY, WRITTEN IN PENCIL OR RED INK (SUBMIT ORIGINAL FORMS ONLY, WRITE IN BLACK OR DARK BLUE INK ONLY.)

_X_ OTHER: Provide proof that you submitted requests for copies. Provide proof that you are being denied. Mr. Martin is a Para-legal and your "Alleged" remark is sarcastic, disrespectful and challenging. That type of behavior is against the Institutional Penal code of Discipline. Under 200.203 Disorderly or Threatening Behavior: (b) Insulting, taunting or challenging another person, in a manner likely to produce a violent or disorderly response. I will be forwarding a M.A.B. write-up to your area.


cc: File

Case 1:08-cv-00004-GMS     Document 4     Filed 01/03/2008     Page 11 of 16
F&B (2-PART NCR)     DISCIPLINARY REPORT     DC 7/

Inmates Copy

| | Incident Report No. IR-01-4559 | Dis. Report No. DR- |
|---|---|---|

| NUMBER | NAME | Inst/Housing Unit | Date of Report |
|---|---|---|---|
| 00319264 | Biggins, James A. | DCC/ MHU 21 CU7 | Monday, 20 August, 2001 |

1. Specific Rule Violated (Offense): 200.203 Threatening or Disorderly Behavior (b) Insulting and Taunting.

| 2. Facts: Date of Offense | Time of Offense | Location of Offense |
|---|---|---|
| Monday 20 August, 2001 | 0900 hours | Inmate Grievance Office |

Inmate Biggins submitted a grievance to the Inmate grievance office that called Mr. Tim Martin, An "Alleged

Para-Legal. Inmate Biggins knows that Mr. Martin holds the position so is therefore, the MHU Para-legal.

Inmate Biggins has been warned before about violating the Correctional Code of Penal Discipline. See Attached

Grievance and rejection form copies. END

3. Name of Witnesses, if any: _____NA_____

4. Disposition of any evidence involved: _Attached_____

5. Immediate Action Taken: _M.A.B. write-up_____

[ X ] Inmate has been advised of this write-up.

X _____     X _____Officer L. M. Merson_____
Reporting Officer's Signature                  Reporting Officer's Name & Title

To be filled out by Shift Supervisor

Date Report was Received: _____

Time Report was Received: _____

Report Received From : _____

Shift Supervisor Determination:

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges (see reverse side) for _____ hours (not to exceed 24 hours):

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

X _____     X _____
Shift Supervisor's Signature                  Shift Supervisor Name & Title

B-1

Disciplinary#
1030941

Delaware Correctional Center
DCC Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/13/2007

## DISCIPLINARY REPORT

| Disciplinary Type: Class1 | | Housing Unit Bldg E | | IR#: 1040437 | | |
|---|---|---|---|---|---|---|
| SBI# | Inmate Name | Inst. Name | Location Of Incident | | Date | Time |
| 00319264 | Biggins, James A | DCC | E | | 03/13/2007 | 10:20 |

Violations: 1.21/200.207 Receiving Stolen Property, 1.27/200.205 Theft, 2.10/200.213 Lying, 2.13/200.111 Possession of Non-Dangerous Contraband

| Witnesses:1.N/A | 2. N/A | 3. N/A |
|---|---|---|

### Description of Alleged Violation(s)

I, Cpl. Lise M. Merson, Was In A Grievance Hearing With Inmate Biggins, James Sbi 00319264. Inmate Biggins Produced A Page From The Delaware Correctional Center'S S.O.P.. Inmates Are Not Allowed To Be In Possession Of Dcc Sop'S. When Inmate Biggins Was Asked By Cpl. Merson How He Came Into Possession Of The Sop He Stated: "The Judge Gave It To Me". When Asked Which Judge Gave Him The Sop, Inmate Biggins Responded :" I Think I Have It Written Down In My Room". James Biggins Admitted To Writing "A-8" On The Bottom Of The Page. End

Reporting Officer: Merson, Lise M (Institutional Grievance Contac)

### Immediate Action Taken

Immediate action taken by: Merson, Lise M -Institutional Grievance Contac

Mab Write-Up, Inmate Advised Of Write-Up, Area Lt. Notified.

### Offender Disposition Details

Disposition: N/A                   Date:N/A          Time: N/A          Cell secured? No

Reason: N/A

Disposition Of Evidence: Dcc Sop Secured By Cpl. Lise Merson.

### Approval Information

Approved: [x]        Disapproved: [ ]  Approved By: Barlow, John  (Staff Lt./Lt)

Comments: N/A

### Shift Supervisor Details

Date Received: 03/13/2007          Time: 14:56          Received From: Barlow, John

**Shift Supervisor Determination:**

[ ]    Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]    Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

LT. John Barlow
Barlow, John  (Staff Lt./Lt)

I have received a copy of this notice on DATE: 3/13/07 TIME: _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer:          LT. John Barlow
                  Barlow, John

Offender:          Biggins, James A

C-1
Page 1 of 1

03/13/2007
1030941

Delaware Correctional Center
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

## NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

TO: Inmate: Biggins, James A.    SBI#: 00319264    Housing Unit: Bldg E

1.  You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2.  At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
    How do you plead ? [ ] Guilty    [ X ] Not Guilty

3.  A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Written Reprimand
    b.  Loss of one or more privileges for a period of time **of more than 24 hours but not to exceed 15 days.**

4.  A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Loss of one or more privileges for a period of time not to exceed 90 days.
    b.  Confinement to assigned quarters for a period of time not to exceed 90 days.
    c.  Isolation confinement for a period of time not to exceed 90 days.
    d.  Loss of good time for a period of time not to exceed 90 days.
        (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5.  You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6.  Counsel requested    **No**    Name of Counsel: _

7.  Confront accuser?    **Yes**

8.  Witness requested?    **Yes**    Name of Witness: Kenneth Fink,
                                              Capt. Mccreanor,

I certify that on **03/13/2007** at **14:57** , I
served upon the above inmate this notice of
Disciplinary Hearing for Minor/Major Offense and
the Disciplinary Report is attached hereto.

LT.                     UNIT 13

**(Employee's Signature & Title)**
Barlow, John

I have received copies of 122 & 127 and
understand my rights as Form # 127 has
been read to me

**(Inmate's Signature)**
Biggins, James A

## Sworn Affidavit

1, James Arthur Biggins, do swear under penalty of prejury that the foregoing statements are true and correct. That on Tuesday, March 13, 2007, A grievance hearing was convened for me regarding the denial of legal photocopies under grievance number 16168. I are taking in this matter was grievant chairperson Michael Mc.Creanor and Lisa M. Merson. The hearing was also facilitated by building counselor Kelvin Fletcher and inmate representives Kenneth Fink and Frank Wallace.

As an exhibit to substanuate my claim, I submitted to them a copy of the Dept of Corrections, SOP number 3.1.2 stating that "photocopies are supplied for all legal documents." At which time, upon being reviewed by Cpt. Mc.Creanor, Cpl. Merson ask to see the document. When it was handed over to her, she ask me where did I get it. I responded by informing her that I had obtained promission to the document and others through a past court case. Cpl. Merson immediately disputed that fact stating that I was lying "the court would never do that because they know we're not allowed DOC rules." I than told Cpl. Merson that I could prove it to her if she gave me just 5 minutes, I would go to my cell and retreive the trial transcript of the proceeding. Cpl. Merson than said to me "no. You can show it to the hearing officer because im going to write you up." Later that day Lt. Barlow served on me her write up accusing me of the following rule violations:

(a) Receiving Stolen Property 1.21/200.202;
(b) Theft 2.17/200.205;
(c) Lying 2.10/200.213; and
(d) Possession of Non-Dangerous Contraband 2.13/200.111

C-3

On Friday, March 23, 2007, SLt/Lt. B. Williams., DCC hearing officer dismissed all charges stating that "residents can get copies of such in court proceedings".

## Complaint

This is Cpl. Merson's second reprisal against me for the use of the grievance system in violation of my right to "address my grievances". In August of 2001, Cpl. Merson committed the first offense under report no. 4359 for:

    (a) Threatening or Disorderly Behavior 200.203; and
    (b) Insulting and Taunting.

Both of these charges were dismissed because SLt/Lt. B. Williams informed at that time, that Cpl. Merson did not possess the authority to issue disciplinary reports as a grievance officer. However, due to her action at that time I was forced to remain in MHU 2 for an extended period of 10 days because I received the write-up itself. Cpl. Merson actions and conduct is very disruptive to the grievance office and to inmates who uses it. She have continued to show a neglect of the rules that governing her authority in her official capacity.

Furthermore, she continues at every turn to show her propensity for personal attackes on me, by rejecting and unreasonably commenting to my grievances in an unprofessional way. It should be troublesome to the administration that her pattern of abuse is unchecked. And as disturbing is the fact of all of this, Cpl. Mc Creanor grievance chairperson found nothing wrong with the entry of my exhibit. let/he

C-4

did nothing to stop her actions. Let it be known that both are litigants in a civil complaint in which I have pending since May of 2006. See Biggins v. Malaney, et al., 06-07-545 (Court of Common Pleas)(2007) Cpt. Mc.Creanor lack to assert his authority over her to hinder what was done, shows on his part a complete contempt for DOC/DCC rules and demonstrates his role as a conspirator to her action.

## Relief

I respectfully request by the facts submitted and evidence of the records that niether Cpl. Merson or Cpt. Mc.Creanor be deemed suitable to review, investigate or sit on any grievance committee regarding any issues that I have or may submit in the future while there is ongoing pending litigation between us.

Dated: March 29, 2007

Sincerely,

James Arthur Biggins #319269
Delaware Correctional Center
Smyrna, Delaware 19977

Dated: 29 March 2007

Timothy J. Marts
Notary
my commission expires: June 19, 2008

* Attachments are as described within as (1) Disciplinary Report, (2) Disciplinary Hearing Decision, (3) Inmate grievance procedure (identifying violation as underlined), and (4) A copy of Cpl. Merson's first violation in 2006. Noting again that through the use of her position, I've been continuously subjected to reprisals.

C-6

In The United States District Court
For The District Of Delaware

James Arthur Biggins,

Plaintiff,

vs.

Gov. Ruth Ann Minner, and the State of Delaware, et.al.,
Carl C Danberg, and the Delaware Dept of Corr, et.al.,
John Rundle, and the Correctional Medical Servs, Inc., et.al.,
Judith Mellen, and Delaware Center For Justice, et.al.,
Janet Laban, and the Delaware Chapter of the
American Civil Liberties Union, et.al.,
Defendant's each sued in their individual and official
capacities.

Civil Action No. _____

Jury Trial Demanded

- 08 - 004 -

2008 JAN -3  PM 4:15

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Order To Show Cause And Temporary Restraining Order

Upon the supporting affidavit of the plaintiff and the accompanying memorandum of law, it is

Ordered that defendants Carl C Danberg and Elizabeth Burri's show cause in room _____ of the United States Courthouse, Bogg's Federal Building, 844 N. King Street, Wilmington, De, 19801, on the _____ day of _____, 2008, at _____ o'clock, why a temporary restraining order should not issue pursuant to Rule 65(b), Fed.R.Civ.P., enjoining the said defendant's, their successors in office, agents and employees and all other persons acting in concert and participation with them, to provide a medically appropriate course of medical treatment and physical therapy to restore and maintain as reasonable as possible adequate mobility to his spinal area, in accordance with

Medical grievance number's #6985 and #31763, that included proper pain managment medication, medical amenities prescribed to assist plaintiff's medical conditions and physical mobility. Additionaly, further medications for other known medical conditions, necessary testing to be conducted by a specialist in this field, who shall submit within 30 days of the order a medical report of those conditions that have been evaluated and diagnosed, be forwarded to the Court for future recommodations. The report shall give the Court a recommanded plan of treatment, that shall include forms of medications. And retrain from all further future medical treatment with the drug "Neurotin" on the plaintiff. Cease all DCC law library staff and Institutional Grievance office staff members, from all retaliatory acts of conduct, and denial of access to the court's practices as described on page #3 of Declaration In Support Of Plaintiff's Motion For A Temporary Restraining Order under subsections (A) thru (E)

It Is further Ordered that this order to show cause, and all other papers attached to this application, shall be served on the defendant's Carl C. Danberg and Elizabeth Burris or their successors by _____, 200___, and the United States Marshals Service is hereby directed to effectuate such service.

Date: _____, 200___

_____

United States District Judge

December 29, 2007

Dear Clerk of the Court:

Enclosed is an Order to Show Cause and Temporary Restraining Order, that I forgot to submit with my civil action.

Please file it along with my other documents.

Thank you,

James Arthur Biggins



I/M Alonso Otto Buckle

SBF# 519914 — UNIT # W/A 114

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

C/O Clerk of the Court

U.S. District Court, Joseph Jolsena Building

844 North King Street, Lock box 18

Wilmington, Delaware

19801



To: The Honorable Gregory M. Sleet
United States District Court, Judges Chambers
United States District Courthouse, Lockbox 19
844 North King Street          08-4
Wilmington, Delaware 19811
Date: February 8, 2008
Re: Denial of Medical Care.

FILED
FEB - 8 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Your Honor,          to scanner
          on 1/9/08, the court entered my 1983 under
imminent danger in the matter of Biggins v. Minner, et
al., 1-08-cv-4.


Sir, I would like to inform you that currently I've
been without my Chronic Care meds for back and
others since 1/10/08. Despite all the grievances
I've filed, sick-calls and letters. I have not been
seen still. I can barely get around and stay in
pain. Could you please expedite my case under
Emergency Circumstances?

                              Thank you,
                              James Arthur Biggins

I/M James Arthur Biggins
SBI# #319264    UNIT W/A/L/Y
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



C/O: The Honorable Gregory M Sleet
U.S District Court house Lock box 19
844 North King Street
Wilmington, Delaware
                    19801

U.S.M.S
X-RAY

