**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELWARE**

| | |
|---|---|
| JAMES ARTHUR BIGGINS, et al, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 08-004-GMS |
| ) | |
| GOV. RUTH ANN MINNER et al, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' DAVID PIERCE AND JAMES WELCH OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER**

State Defendants David Pierce and James Welch, by and through the undersigned counsel hereby oppose Plaintiff's motion for preliminary injunction and/or temporary restraining order ("PI/TRO"). In support of their position, State defendants represent as follows:

1. Arthur A. Biggins ("Plaintiff") is an inmate under the supervision of the Delaware Department of Correction ("DOC") incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

2. On or about January 3, 2008 Plaintiff filed a Complaint pursuant to 42 U.S.C. §1983, with leave to proceed *in forma pauperis* alleging Eighth Amendment violations of cruel and unusual punishment against numerous State Defendants and the DOC's medical provider, Correctional Medical Services ("CMS") (D.I. 2). On or about February 11, 2008, Plaintiff was granted *in forma pauperis* status. (D.I. 11). Also on this date, by Order of the Court, State Defendants Pierce and Welch as well as CMS were

ordered to file a response to Plaintiff's motion and letter/motion specifically addressing the "chronic care medication issue" on or before February 19, 2008. (D.I. 12).

**LEGAL ANALYSIS**

3.  Plaintiff's allegations against Pierce, Deputy Warden and Welch, Health Services Adminstrator appear to be based upon the Eighth Amendment, under which states have a duty to provide "adequate medical care to those it is punishing by incarceration." *West v. Keve*, 571 F.2d 158, 161 (3d Cir.1978).

4.  "A party seeking a preliminary injunction has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) irreparable harm caused by denial of the requested relief; . . . (3) that issuance of the injunction will not result in greater harm to the non-moving party"; and (4) that the injunction will be in the public interest. *See Pappan Enterprises, Inc., v. Hardee's Food Systems, Inc.,* 143 F.3d 800, 803 (3d Cir. 1998) (citations omitted). The moving party must provide evidence sufficient to meet all four factors. *American Tel. & Tel Co., v. Winback & Conserve Program, Inc.,* 62 F.3d 1421, 1427 (3d Cir. 1997). The "requisite feared injury or harm must be irreparable-- not merely serious or substantial" and "it must be of a peculiar nature, so that compensation in money cannot atone for it." *Glasco v. Hills*, 558 F. 2d 179, 181 (3d Cir. 1977). Additionally, the threat of harm must be immediate. Fed.R.Civ.P.65(b).

5.  Requests for injunctive relief in the prison context "must be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Forrest v. Nedab*, 1999 WL 552546, *3 (E.D.Pa.June 29, 1999).

**EIGHTH AMENDMENT INADEQUATE MEDICAL CARE CLAIM**

6. The Supreme Court has held that "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency'." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *Accord White v. Napoleon,* 897 F.2d 103, 109 (3rd Cir. 1990). "An inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." *Id.* To succeed in an Eighth Amendment claim of inadequate medical treatment, "a prisoner must show more than negligence; he must show 'deliberate indifference' to a serious medical need." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) and *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988)).

7. To successfully pursue a § 1983 claim against a supervisory prison official, the plaintiff must identify with particularity what the prison official failed to do that demonstrates deliberate indifference, and demonstrate a close causal relationship between the deficiency and the ultimate injury. *Wilson v. Seiter*, 501 U.S. 294 (1991); *See also Sample v Diecks*, 885 F.2d 1099, 1116-1118 (3d Cir. 1989). The Supreme Court requires that the plaintiff demonstrate the prison official acted recklessly by consciously disregarding a substantial risk of harm to establish "deliberate indifference" on the part of that official. *See Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994) (adopting subjective recklessness standard from criminal law as the test for deliberate indifference under the Eighth Amendment).

8. Plaintiff provides no evidence to support the likelihood of success on the merits of this claim. The Department of Correction has contracted with a medical provider, CMS to attend to the medical needs of the inmate population. Nowhere in his motion does the Plaintiff with any specificity cite to examples where State Defendants were deliberately indifferent to his medical needs. The Eighth Amendment and the corresponding jurisprudence place an extremely high threshold of proof for inmate medical claims. Further, a claim of deliberate indifference cannot survive when the medical professional has provided extensive care for the inmate's medical condition. *Calhoun v. Horn*, 1997 WL 769523 at *5 (E.D. Pa. Oct. 8, 1997) (citing *Estelle*, 429 U.S. at 107).

9. State Defendants contemporaneous with this response file a copy of Plaintiff's medical records which reflect that Plaintiff is receiving continuing medical treatment by the CMS doctors. (See Medical Records filed under seal at Exhibit A).

Plaintiff's allegations fail to demonstrate that State Defendants Pierce and Welch had actual knowledge and acted with reckless disregard for Plaintiff's individual condition is not supported by the record. All evidence shows that Plaintiff's requests for medical care were submitted to the medical providers, and he received ongoing medical treatment, including pain medication, X-Rays, and an MRI. (See Medical Defendants' Response at D.I.I. 25 and 26).

10. Plaintiff appears to be complaining about the wisdom or quality of the medical treatment provided to him. However, when some care has been provided, questions as to the adequacy or propriety of the care will not support and Eighth Amendment claim. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993). Plaintiff's

disagreement about treatment cannot form the basis for an Eight Amendment claim against State Defendants Pierce and Welch. Plaintiff does not provide any evidence that the State Defendants knew or had the medical background to know that he faced an alleged substantial risk of harm, and disregarded the risk. Therefore, Plaintiff cannot claim that State Defendants were deliberately indifferent to his medical needs. State Defendants were relying on the expertise of the medical professionals who are already treating Plaintiff's numerous ailments. For the reasons given herein, Plaintiff provides no evidence to support the likelihood of success on the merits of this claim.

11.   Moreover, the Plaintiff will not suffer irreparable harm caused by denial of the requested relief. Plaintiff is being medically treated adequately but it appears not in the manner that he desires. Plaintiff claims he needs a change in his medications because he feels the medications that have been prescribed are ineffective. This is a medical decision made by trained personnel, not the Plaintiff or State Defendants Pierce and Welch. Plaintiff has provided no evidence that he will suffer irreparable harm if relief is not granted as he will continue to receive medical treatment.

12.   Plaintiff has not met his burden to show how granting the requested relief will not create a greater harm to the State Defendants, nor has he demonstrated how granting the requested relief is in the public interest. Allocation of limited resources is a difficult balancing act; a fact the Plaintiff clearly does not comprehend. Plaintiff would like this court to permit inmates to dictate to medical personnel what medications and course of treatment should be prescribed for them. Plaintiff is receiving medical treatment; his only disagreement lies with the type of treatment prescribed. Contrary to Plaintiff's belief that if an injunction is granted, "the suffering the defendants will

experience is nominal…and it will serve the public interest" couldn't be farther from reality. Plaintiff's requested relief favors him alone and future plaintiff inmates and not the public interest. Plaintiff has failed to provide anything more than allegations in support of his request for injunctive relief. Without more, this extraordinary remedy cannot be granted.

### FIRST AMENDMENT ACCESS TO COURT CLAIM

13. Plaintiff also alleges a violation of the First Amendment right of access to courts when he claims that State Defendants denied him photocopies of a letter to Governor Minner. A First Amendment violation is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Biggins alleges constitutional violations based on the number of copies that were denied him; however, this claim implicates resources that are not central to the right of access to the courts recognized and protected by *Bounds v. Smith,* 430 U.S. 817, 822 (1977); *Peterkin v. Jeffes,* 844 F.3d 1021, 1041 (3d Cir. 1988). Moreover, Tim Martin, the Law Librarian in DCC's main library responded to Plaintiff in writing that he could not make copies of grievances that Plaintiff wanted to attach to his letter as exhibits, because they had not fully gone through the grievance system. They had yet to be determined. (D.I. 4, A-2). Someone not acquainted with the procedural steps of the grievance system would have no way of knowing how to decipher a grievance unless they had all the documents. Because the grievances had not been fully determined, Mr. Martin declined to make copies of them.

As such, a cognizable claim for violation of the right to access to the courts must allege an "actual injury" as a result of the defendants' actions. *Oliver v. Fauver,* 118F.3d 175, 177-178 (3d Cir. 1997). In the instant case, Biggins fails to allege that he suffered any prejudice or actual injury stemming from not getting additional copies of his letter. Thus, Biggins has failed to show that the Defendants unconstitutionally denied his right of access to the courts.

14.    Plaintiff makes two allegations against Lise Merson, the former institutional grievance officer. (D.I.4, page 4) One allegation dates back to 2001, and therefore, is time barred. For statute of limitations purposes, Section 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). Therefore, courts apply the state statute of limitations for personal injury claims to determine the statute of limitations period. *Id.* It is well-established in Delaware that Section 1983 claims are subject to the two-year limitations period defined in 10 *Del. C.* § 8119. *See McDowell v. Delaware State Police*, 88 F.3d 188, 290 (3d Cir. 1996). *See also Gibbs v. Deckers*, 234 F. Supp. 2d 458, 461 (D. Del. 2002).

15.    The Plaintiff also alleges that State Defendant Lise Merson retaliated against him when he was found to have DOC SOP's in his possession at a grievance hearing. Inmates are not provided with SOPs which is why the Plaintiff was questioned. At the time, the Plaintiff could not provide evidence on how the SOP's came into his possession; therefore, State Defendant Merson wrote the Plaintiff up. Ten days later, the hearing officer dismissed the charges against the Plaintiff concluding, "it is a fact residents can get copies of SOPs through court proceedings." (See Disciplinary Hearing). The charges against the Plaintiff were dismissed making this allegation moot.

WHEREFORE, for the hereinabove reasons, State Defendants Pierce and Welch request the present motion be dismissed as Plaintiff has not established that he has met the criteria for injunctive relief.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters_____
Ophelia M. Waters, ID#3879
Deputy Attorney General
Department of Justice
820 N. French Street,
Carvel State Bldg., 6th floor
Wilmington, DE 19801
302-577-8400

Dated: February 25, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, et al, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  C.A. No. 08-004-GMS |
| | ) |
| GOV. RUTH ANN MINNER et al, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon Plaintiff James A. Biggins' Motion For a Temporary Restraining Order and/or Injunctive Relief and State Defendants' David Pierce and James Welch Response In Opposition To Plaintiff's Motion and it appearing that good and sufficient notice of Plaintiff's Motion and Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff James A. Biggins' Motion is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet, Chief Judge
United States District Court

## CERTIFICATE OF SERVICE AND MAILING

I hereby certify that on February 25, 2008, I electronically filed *State Defendants' David Pierce and James Welch's Opposition to Plaintiff's Motion for a Preliminary Injunction/Temporary Restraining Order* with the Clerk of Court using CM/ECF who will notify counsel for Medical Defendants, Attorney Jim Drnec electronically. I hereby certify that on February 25, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant:

James Arthur Biggins, Inmate
SBI #319264
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977.
.

                                                               **STATE OF DELAWARE**
                                                               **DEPARTMENT OF JUSTICE**

                                                               /s/ Ophelia M. Waters
                                                               Ophelia M. Waters, I.D. #3879
                                                               Deputy Attorney General
                                                               Department of Justice
                                                               820 North French Street, 6th Floor
                                                               Wilmington, Delaware 19801
                                                               (302)577-8400
                                                               ophelia.waters@state.de.us