United States District Court
District of Delaware

James Arthur Biggins,
  Plaintiff,

vs.

Governor Ruth Ann Minner, et al.,
  Defendants

C.A. No. 1-08-04 GMS



To. Dr. Louise Desrosier
Correctional Medical Services
Delaware Correctional Center
Smyrna, Delaware 19977

Dr. Desrosier:

It was apparently clear to me yesterday afternoon, Wensday, February 20th, 2008. That ieither very little communicating takes place between yourself and your superiors, because you seem to have no clue of the decisions made by Bureau of Prison's Chief (Richard Kearney) on February 4th, 2008, regarding the approval of certain medication for my chronic back conditions and other aminities. Or as your supervisors, respectfully, dont care. Nonetheless, I am giving you that benefit of doubt.

Enclosed, is a copy of the decision in question attached hereto. Noting that this is the fourth time this decision has been rendered while under (CMS) medical care. However, it is my first attempt to make known to you that decision which is final and mandatory upon (CMS) and it's medical personnel to follow. After having my medications abruptly stop on January 10th, 2008, just days after allegedly you had renewed them. I have repeatedly submitted sick-calls adding up to six (6) not including yesterdays, that for unknown reasons all mysteriously disappeared from being filed. Which you advised

was why I hadn't been seen, despite L.P. Richard, LT. Quanie King, and LT. Kay all having informed me that each had made doctor referrals from my sick calls. But I guess the real reason is, as were indicated to me after having checked for pharmcy orders, you never made any prescripts orders for me last month.

Now, to the issue at hand. Since December 30, 2004, I have been approved <u>Soma</u> for back pain relief. But according to yourself and others who have treated me over the years. You-all do not carry it any longer, because it and <u>Ultrams</u> are hard to get. Mam, I've never been able to understand that excuse, since both are still manufactured! Even if so, under your companies settlement agreement with the United States Department of Justice, affected December 30, 2006, you are supposely provide an adequate substitute. See Policy Agreement No. #24(d), and #25 attached hereto. Because of your intuitiveness I haven't complained under your care about not getting the exact pain management meds as approved. Your formula of <u>Tylonel #3</u> (two tablets twice daily (and as needed per request), <u>Ultrams</u> (two tablets twice daily), and <u>Robaxin</u> (one tablet twice daily) was working just fine and gave me much needed relief from pain daily. However, in January 2008, you discontinued all of the above with the exception of <u>Robaxin</u>. But to just administer the muscle relaxer <u>Robaxin</u> alone beg's for an explanation.

As of yesterday, you've prescribed me ten days for one and five days for the other <u>Tylonel #3</u> and <u>Vacuoni</u>.[1] But I don't know which is for which! Although, I thank you sincerely because of what I've been going through. What happens when your emergency prescriptions runs out? Again, I've included the Bureau of Prison's Chief decision in redacted form for Notification. <u>If you cannot provide me with the specific medication that has been listed for me, I will except your regiment that I was previously treated with, before all of them was discontinued.</u> See also court's order relating to request for immediate injunctive relief for medical care.

James Arthur Biggins (Pro Se)
James Arthur Biggins #319264
Delaware Correctional Center
Smyrna, Delaware 19977

---

1. But prescribed Prea Phon For'te, which i cannot take because it gives me the runs and a bloody stool. So much for not reading my medical records, or you don't care. I thought that was something you, before prescribing any medication is

### 24c. Policies and Procedures Regarding Missed Doses

- DOC will develop or revise and implement policies to ensure that the prescribing practitioner is notified if a patient misses doses of a particular medication on three consecutive days.
- Notice to the provider shall be documented, according to policy, in the medical chart.
- Compliance with this requirement will be audited every two months for the first two quarters beginning July 2007 and every three months for the following quarters.

Timeline for Completion:

Policy development: 07/01/07
Implementation date: 08/01/07

### 24d. Formulary Shall Not Unduly Restrict Medications

- The DOC will develop or revise formulary policies which reflect the understanding that the formulary developed will not unduly restrict medications.
- Additions and deletions from the formulary will be made by vote of the committee and reasons for the addition or deletion of any particular medication will be noted in the minutes of the committee.
- Non-formulary requests must be submitted to the vendor's medical director for approval.
- Reasons for denial must be documented and alternatives noted on request forms.

Timeline for Completion:

Policies: 07/01/07
Training: 08/01/07
Implementation date: 10/30/07

### 24e. MARs Appropriately Completed and Maintained

- The DOC is currently using a MAR in the unified chart.
- The DOC will develop or revise policies to require that medications prescribed are noted in a MAR, which will be a part of each inmate's medical file.
- DOC policies will require documentation in the MAR that is consistent with standard practices.
- Compliance with DOC policy will be audited every two months for the first two quarters beginning July 2007 and every three subsequently.

Timeline for Completion:

Finalization of policy: 07/01/07
Total implementation and completion of first Quality Improvement Audit: 10/30/07

25.  Continuity of Medication

- The DOC will develop or revise policy to assure that on intake each entering inmate is screened for medications currently prescribed and those medications are noted on the intake form.
- That list will be forwarded to the prescribing practitioner, who will determine the medical appropriateness of any medications and note any changes to the medication regimen in the progress notes.
- A face-to-face encounter will be conducted when the medical condition so dictates.
- The medication prescribed will be ordered and administered consistent with the medication policy noted above.
- The DOC will implement changes to the DACS medical module to streamline this process.

Timeline for Completion

Policy: 07/01/07
Intake changes to the DACS system: 10/30/07

26.  Medication Management

- The DOC will develop or revise policies and procedures consistent with standard practice for the access to, storage of, and safe and proper disposal of medications and medical waste.
- The medical vendor and the Substance Abuse Treatment Services Administrator will be the responsible parties for compliance with this item.

Timeline for Completion:

Policy: 07/01/07
Training: 08/01/07
Implementation: 09/01/07

*Emergency Care*

27.  Access to Emergency Care

**DEPARTMENT OF CORRECTION**
Bureau of Prisons
245 McKee Road
Dover, Delaware 19904

February 4, 2008

Inmate BIGGINS JAMES A
SBI # 00319264
DCC  Delaware Correctional Center
SMYRNA DE, 19977

Dear JAMES BIGGINS:

We have reviewed your Grievance Case # 115903 dated 05/14/2007.

Based upon the documentation presented for our review, we uphold your appeal request.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,

Richard Kearney
Bureau Chief

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 02/04/2008

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC |
| **Grievance #** : 115903 | **Grievance Date** : 05/14/2007 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status** : Level 3 | **Resol. Date** : 02/04/2008 |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 04/05/2007 | **Incident Time** : |
| **IGC** : McCreanor, Michael | **Housing Location** : Bldg 22, Upper, Tier A, Cell 4, Bottom | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Since January 2007 I have been taking doctor prescribed Neurontin as a muscle relaxer due to my daily bouts with sever back pain caused by a herniated disc. Its second form of relief is to assist as a pain medication along with Tylenol 3 (1 tablet 3 times a day). However, I've been monitoring the effects of the medication on me; and while they have been helpful the short term pain relief, neither is effective alone or for long durations of time. Emphasizing that as late as April 5, 2007, or there about, I informed Dr. Van Dusen, CMS Regional Medical Director. Nonetheless, the medical treatment has stayed the same. as explained they only have certain medications they use to treat us. Williams, 805 F. Supp 634, 638 ND 111, 1992 deliberate indifference inferred from negligent treatment of long duration); (Diaz, 781 F. Supp 566, 564 ND Ind. 1991) (same); Robert E, 530 f. Supp. 930, 940 ND 111 1981 a pattern of similar instances presumptively indicates that prison administrators have through their programs and procedures created an environment in which negligence is unacceptably likely). This is true in light of the medical treatment I have received since coming here to DCC and especially since 2000 where I have been refused:
a) Medical Treatment on numerous occasions
b) Emergency treatment (both for long term persistent back pain and at least twice couldn't walk)
c) Made a joke of by NP Maggie Bailey and told that I was imagining my back problem
d) Misdiagnosed for years
e) Refused proper medication when prescribed by a doctor
f) Refused medical amenities when prescribed by a doctor.

All of which continues to this day despite my numerous past or present grievances. Estelle, 429 US at 104, intentionally denying or delaying a care constitutes deliberate indifference. My medical record is clear on what works on me regarding my back pain condition and despite Soma being approved for me by former Bureau Chief Paul Howard (twice over a 2 year period), I've been denied its treatment effects for less performing drugs, even though it is being administered to others as non-formula.

Now back to the Neutron I am being given. As I said I have been monitoring its effects and side effects, which through hours of research, have learned some daunting information. The drug is made by Werner-Lambert (owned by Pfizer since 2000) is not a drug that has not been licensed for pain relief treatment by the FDA. In fact, it has been approved for epilepsy only. Neutron carries serious side effects, especially long term use, other than what it has been approved for by the FDA. The illegitimate marketing of this drug as a muscle or pain relief medication is a disservice to the medical profession, me as a patient who depends on the information to be true, and the general public at large. This practice circumvents FDA regulations/guidelines and has caused the administration of a drug being used that is neither safe or effective for muscle or pain relief and should be discontinued immediately in violation of the Federal False Claims Act.

**Remedy Requested** : I am requesting:

a) Immediate discontinuation of current medical practice of dispensing Neurontin as a muscle or pain reliever.
b) Place Grievant back on Soma 2 tablets/3 times a day for pain relief or (illegible)
c) Dispense to Grievant medical amenities (sneakers, size 9, and a back brace, not a hernia belt.
d) Restitution damage awards as follows: Grievant shall receive 1,000,000 dollars, jointly or collectively, from DOC/DCC

DCC  Delaware Correctional Center  
Smyrna Landing Road  
SMYRNA DE, 19977  
Phone No. 302-653-9261

Date: 02/04/2008

## GRIEVANCE INFORMATION - Appeal

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name**: BIGGINS, JAMES A | **SBI#**: 00319264 | **Institution**: DCC |
| **Grievance #**: 115903 | **Grievance Date**: 05/14/2007 | **Category**: Individual |
| **Status**: Resolved | **Resolution Status**: Level 3 | **Inmate Status**: |
| **Grievance Type**: Health Issue (Medical) | **Incident Date**: 04/05/2007 | **Incident Time**: |
| **IGC**: McCreanor, Michael | **Housing Location**: Bldg 22, Upper, Tier A, Cell 4, Bottom | |

### APPEAL REQUEST

Appeal received September 19, 2007

Although this process violates my due process because as part of this process the committee is to afford me a copy of their decision. Instead I was given this blank piece of paper and told I could appeal what was told to me by Jan McLaren "if the doctor wanted me to have specific medication they would have ordered it." I totally disagree and inform this Appeal Officer that this decision con.flicts with the bureau of Prisons decision awarding me specific pain medication. Soma, sneakers, a bottom bunk, and a back brace (See attached exhibits detailing the process decision).

IGC Note: Inmate attached pages 1 and 2 of Grievance 5985 and Bureau Chief Letter dated August 4, 2004.

In accordance with Grievance Procedure 4.4 once the Bureau of Prison Chief makes a decision on a medical issue, it is final. Wherefore, I respectfully request that the Bureau of Prisons decision be carried out, noting that as of yet it has not been fulfilled either by DOC/DCC or CMS. It is a deliberate indifference to my serious medical needs to ignore a doctor's prescribed orders (White v Napoleon 897 F2d 103, 109 3rd Circuit 1990)Further denial demonstrates an intentional denial of doctor prescribed medical care (Vinnedge v Gibbs, 550 F2d 926 4th Circuit). Should I be treated differently from other inmates with similar needs that have not been objected to regarding their needs.

### REMEDY REQUEST

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 02/04/2008

## GRIEVANCE INFORMATION - BGO

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC |
| **Grievance #** : 115903 | **Grievance Date** : 05/14/2007 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status** : Level 3 | **Inmate Status** : |
| **Grievance Type**: Health Issue (Medical) | **Incident Date** : 04/05/2007 | **Incident Time** : |
| **IGC** : McCreanor, Michael | **Housing Location** : Bldg 22, Upper, Tier A, Cell 4, Bottom | |

### REFERRED TO

**Due Date** : 11/22/2007     **Referred to:** Person     **Name:** Dibble, Candy

**Type of Information Requested :**
Medical case referral.

### DECISION

**Date Received** : 10/10/2007

**Decision Date** : 02/01/2008     **Vote** : Uphold

**Comments** :

IM last seen in medical on 1/24/08 and 12/4/07 for cc visit. Medication was ordered on 12/4/07 and IM shows receipt on 12/14/07. 10 days of lapse. Vendor needs to ensure timeliness of medication administration.

DCC Delaware Correctional Center  
Smyrna Landing Road  
SMYRNA DE, 19977  
Phone No. 302-653-9261  

Date: 02/04/2008

## GRIEVANCE INFORMATION - MEDICAL PROVIDER

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC |
| **Grievance #** : 115903 | **Grievance Date** : 05/14/2007 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status:** Level 3 | **Inmate Status:** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 04/05/2007 | **Incident Time:** |
| **IGC** : McCreanor, Michael | **Housing Location:** Bldg 22, Upper, Tier A, Cell 4, Bottom | |

### MEDICAL PROVIDER

**Provider Name:** Contracted Health Services   **Date Received:** 05/23/2007

### MEDICAL HISTORY

| Dates | Treatment |
|---|---|
| 05/23/2007 | NEURONTIN 300MG PO TID X 120DAYS ORDERED BY DR. DESROSIER |
| 10/26/2006 | SHOES-NEW BALANCE SIZE 9 ORDERED BY DR. VANDUSEN |

### DECISION

**Decision Date:**    **Vote:**

**Comments:**  
NO CURRENT ORDERED FOR SOMA  
ADVANCE TO LEVEL II


## GRIEVANCE INFORMATION - MGC

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC |
| **Grievance #** : 115903 | **Grievance Date** : 05/14/2007 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status:** Level 3 | **Inmate Status:** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 04/05/2007 | **Incident Time:** |
| **IGC** : McCreanor, Michael | **Housing Location:** Bldg 22, Upper, Tier A, Cell 4, Bottom | |

### MGC

**Date Received:**    **Date of Recommendation:** 10/10/2007

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| Staff | | McLaren, Jan | Deny |
| Staff | | Dunn, Lee Anne | Deny |
| Staff | | Gordon, Oshenka | Deny |
| Staff | | Dutton, Matthew | Abstain |

### VOTE COUNT

**Uphold:** 0     **Deny:** 3     **Abstain:** 1

### TIE BREAKER

| Person Type | SBI # | Name | Vote |
|---|---|---|---|

### RECOMMENDATION

Grievance Hearing Date: September 17, 2007



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-04-GMS |
| | ) |
| GOVERNOR RUTH ANN MINNER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

WHEREAS, the plaintiff, James Arthur Biggins, a prisoner housed at the Delaware Correctional Center, Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983;

WHEREAS, concurrent with the filing of the lawsuit, and also on February 7, 2008, the plaintiff filed a motion for a temporary restraining order with declaration and a letter/motion which the court construes as a motion for immediate injunctive relief for medical care, specifically a need for chronic care medication (D.I. 3, 4, 10);

THEREFORE, at Wilmington this 11th day of February, 2008, IT IS ORDERED that:

1. The defendants, Correctional Medical Services, Deputy Warden David Pierce, and James Welsh shall, on or before February 19, 2008, file a response to the plaintiff's motion and letter/motion, and specifically address the chronic care medication issue.

2. The responding defendants shall also provide copies of the plaintiff's pertinent medical records with their response.

3. The clerk of the court is directed to serve a copy of the plaintiff's pending motions

(D.I. 3, 4, 10) upon the responding defendants Correctional Medical Services, Deputy Warden David Pierce, and James Welsh, as well as the Attorney General of the State of Delaware.



CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Certificate of Service

I, __James Arthur Biggins__, hereby certify that I have served a true and correct cop(ies) of the attached: __Letter Request For Medical Relief Under Bureau of Prison's Chief Decision__ upon the following parties/person (s):

TO: __Clerk of the Court__
__United States District Courthouse__
__Lockbox 18__
__844 North King Street__
__Wilmington, Delaware 19801__

TO: __James E Drnec, Esquire__
__Attorney For Correctional Medical Services__
__Balick and Balick Attorneys At Law__
__711 King Street__
__Wilmington, Delaware 19801__

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __22__ day of __February__, 2008

_James Arthur Biggins_



I/M James Arthur Biggins
SBI# 311964   UNIT #17/A-13-
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

C/O: Peter Dalleo, Clerk of the Court
United States District Courthouse
Lockbox 18, 844 North King Street
Wilmington, Delaware
19801