United States District Court
District of Delaware

James Arthur Biggins,
    Plaintiff,
  vs.
Governor Ruth Ann Minner, et al.,
    Defendants.

C.A. No. 1-08-04 GMS

To the Honorable Gregory M. Sleet
Judges Chambers
United States District Court House
844 North King Street, Lockbox 19
Wilmington, Delaware 19801


FILED
FEB 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
PO scanned

Your Honor,

In lieu of my pending request for an immediate temporary restraining order, I respectfully extend this letter therefrom in light of the defendants Correctional Medical Services (CMS) recently submitted answer in opposition thereof, as following:

1. It appears that without the Court's approval to the defendants (CMS) has nevertheless, submitted an answer to the plaintiff's request for an immediate temporary restraining order.[1] Argumentive, while the defendants assert that they were granted an extension of time, they have failed to produce a copy of that order, adding that the plaintiff has neither recieved the Court's grant of such motion to date.

Facts

2. The plaintiff finds Mr. Dewee's allegations of having interviewed medical personnel regarding Dr. Brown's examination and diagnosis on or about October 2003, is simply untrue:

  (A) There is currently no (CMS) employees working now at the Delaware Correction-

---

[1]. Absent an order by the Court the defendants may not proceed in any proceeding past the mandatory limitations to have filed their answer to the Court's request.

A. Lester, Smyrna, Delaware, who was employed by (CMS) in 2003;

(b) Even if the Court was to give Mr. Dnrec the benefit of a doubt. Mr. Dnrec by rules of the Court cannot simply state such a fact, but should have implied his facts by submitting affidavits of those employees, so that the Court could determine matter-a-factly (1) who they are, and (2) what relevence if any their affidavit had on the issue at hand. Without more Mr. Dnrec assertion is plainly hearssay, and must be rejected by the Court;

(c) In a continuing line of deciet, Mr. Dnrec has submitted an unsworn affidavit porported to be from (Dr. Louise Desrosier). This affidavit must be rejected by this Court for the following reasons. (1) again it is unsigned and cannot be accepted by the Court as validating Dr. Desrosier's remarks, and (2) its evident further that in Mr. Dnrec rush after asking the Court to accept his alleged affidavit by Dr. Desrosier to be true. He would'nt have declared her as being too sick to have signed it. When the plaintiff submitted as a cause of further "deliberate indifference" to his serious medical needs, a letter written to Dr. Desrosier regarding her malpractice of prescribing Psea for'te a muscle relaxer to him on February 21, 2008, at apprex 4:10 pm or so. To the Court and defendants (CMS) (with attached exhibits of their medical settlement agreement policies pertinent to the issue of prescribing appropriate medications, and copies of the Bureau Chief's February 4, 2008, decision again finalizing Dr. Brown's 2003, proscribed form of treatment and medications). With Court's previous order for (CMS) to have responded to my request for an immediate temporary restraining order;

(d) Plaintiff pain medication (Ultram) was discontinued by Dr. Desrosier on or about December 4, 2007. However, plaintiff was told by the doctor that this was a (CMS) administration decision, citing medication had gotten harder to get for the company;

(e) Although Mr. Dnrec seem to indicate to the Court that Tylenol 3, another pain medication replaced the (Ultram) that had been discontinued. But in fact has been given the plaintiff as a "immediate short term" pain reliever since 2007;

---

2. This same muscle relaxer had been prescribed in January 2007, by Dr. Fredrick Vandusen and caused severe sideaffects (bloody stool and irregular bowl movements frequently). Plaintiff had to be taken off in only a week of use. The sideaffects are further noted in medical history.

(f) Contradicting Mr. Dwrec alleged facts entered in his opposition at point N. 6(A). Shows again his deceit to the Court. As previously demonstrated Dr. Desrosier prescription for (Vicodin) was written February 21, 2008, along with her prescription for Para-forte;

(g) Mr. Dwrec and/or the defendants may not segue either that this is a case of an inmate not getting a desired form of medical care. While the defendant's (CMS) seem to believe that their duty to care gives them final medical approval, just isn't true. In accordance with Grievance Policy 4.4., at (5) all final inmate medical decisions are determined by the Bureau Chief of the Bureau of Prisons. Adding that it in noway affect their duty to care, but makes sure that adequate medical care is given to the inmate. Moreover, the defendants are not or can simply make a policy to just decrease an inmates medication[3] because of physiotherapy. Court's have observed that the Constitution is violated "if deliberate indifference causes an easier and less efficacious treatment to be consciously by the doctors"; White v. Napoleon, 897 F.2d 103, 109 (3rd Cir. 1990) ("ineffective course of treatment doctor knew were painful entails a substantial risk of seriousness constitutes "deliberate indifference";

(h) Plaintiff can find no relevance to Mr. Dwrec's assertion that he has been given adequate prescribed medications. Despite Mr. Dwrec alleged affidavit of Dr. Desrosier or Exhibit C, plaintiff's recently decided medical grievance decision regarding being given his pain medication discounts this notion. See attached hereto Exhibit A-1 and A-2, adding that medication administration records do not always show what is actually taken place by the defendants at Delaware Correctional Center (DCC);

(i) As for Mr. Dwrec's assertion that regarding the stoppage of (Neurotin) in and of itself is grounds for this Court to impose the plaintiff's request. In another medical grievance decision, the Bureau Chief has ordered that the defendant's to discontinue depensing it on the plaintiff. Whereas, the plaintiff has successfully argued that (Neurotin) was ineffective as a muscle relaxer, causes unnecessary liver and

---

3. Plaintiff's medications only consist of Inarcotic (Tylenol 3), (Ultram) is non-narcotic. Likewise, defendants statement seems to suggest that they have settled for a cheaper form of care over what an inmate may need. Williams v. Vincent, 508 F.2d 541, 544 (2nd Cir. 1974).

kidney damage and raises the risk of suicide. Adding that defendant uses the drug as a cheaper form of treatment for pain relief. Noting that (Neurotin) was specifically FDA approved only for Epilepsy. Given the defendants conduct, this act has the opportunity of repeating itself, since the defendants do not believe that the Bureau Chief's decisions is binding on them. Although this decision was attached to the letter written to Dr. Desrosier, and submitted to the Court and Mr. Dureec dated February 22, 2008. An edited version thereof is entered here as Exhibit B-1 thru B-4, and B-5 (noting the role that (Neurotin) played in my daily medical treatment at exhibit B-1 and B-2);

(j) Defendant's assertion by Mr. Dureec that in some way reimplementing Physiotherapy is reducing the plaintiff's reliance on medication is baseless. (1) this type of treatment can only work in the plaintiff's case in the conditioning of his back muscles to relieve stiffness, (2) it has no bearing on the conditions that causes back pain, and, (3) future MRI's will not disclose any new details unless plaintiff has recently aggravated something or worse. Moreover, Mr. Shawn Moore the therapist treating the plaintiff stopped any further sessions because there was no further benefits. And causes pain in and of itself, by conducting therapy, because it dictate iether Mr. Moore having to monuevor the plaintiff in certain positions or he himself;

(k) Mr. Dureec's argument that plaintiff's repeated sick-calls are frivolous, is too baseless. As already in both the Court and the defendant's (CMS) possessions, those sick-calls replies on the copies thereof from several (CMS) medical employees who have responded to them since January 10, 2008, and up to February 4, 2008, or so informing that he was scheduled to be seen by the doctor in regards to his medications. Not to mention the attached exhibits submitted herewith.

---

4. Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)(capable of repetition is an exception to the mootness doctrine). See also, Abdul-Akbar, 725 F.Supp. at 755 n.*13-14.

4.

ARGUMENT

3. The plaintiff maintains that he has met the requirements for a preliminary injunction on his behalf. See Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995), S&R Corp., v. Jiffy Lube Intern., Inc., 968 F.2d 371, 374 (3d Cir. 1992). And his motion should be granted, having carried his burden of proof.[5]

4. Indeed, by the actions thus far, the plaintiff has not only established grounds for relief pursuant to "deliberate indifferences" to his serious medical needs. But has additionally is under "imminent danger".

2. This not a civil action about medical malpractice. However, medical malpractice is just another one of the underpinnings for causation and demonstrates a "continual pattern of ineffective and reprehensiable medical treatment."

6. To imagine that the defendants (CMS) suggest to the Court, that unnecessary and wanton infliction of pain is Constitutional under the Eighth Amendment, flies in the face of logical reasoning. See Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976).

7. Whenever an inmate is forced to bear untreated consequences of a serious medical problem. Further denials of adequate and proper medical care is "cruel and unusual punishment" because it results in physical torture, or pain without serving a real penological interest. See Rhodes v. Chapman, supra, 101 S.Ct. 2399.

8. If indeed, the evolving standards of decency marks the progress of our maturing society. Than, this Court must not allow the defendants (CMS) and others actions and conduct in this case go unchallenged. See Estelle v. Gamble, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Wherefore, for one or all of the foregoing reasons, plaintiff motion for a temporary restraining order be granted now, without further delay respectfully.

February 27, 2008

James Arthur Biggins
Delaware Correctional Center
1181 Paddock, Unit 22/A-U-4
Smyrna, Delaware 19977

---

5. The defendant's (CMS) by and through Mr. Dueec has done nothing more than attempt to manufacture evidence and decieve the Court, however it could in this process.

5

# Exhibits

United States District Court
District of Delaware

James Arthur Biggins,
           Plaintiff,

    vs.

Governor Ruth Ann Minner, et al.,
           Defendants

C.A. No. 1-08-04 GMS

To: Dr. Louise Desrosier
Correctional Medical Services
Delaware Correctional Center
Smyrna, Delaware 19977

Dr. Desrosier:

It was apparently clear to me yesterday afternoon, Wensday, February 20th, 2008. That iether very little communicating takes place between yourself and your superiors, because you seem to have no clue of the decision made by Bureau of Prison's Chief (Richard Kearney) on February 4th, 2008, regarding the approval of certain medication for my chronic back conditions and other aminities. Or as your supervisors, respectfully, dont care. Nontheless, i am giving you that benefit of doubt.

Enclosed, is a copy of the decision in question attached hereto. Noting that this is the fourth time this decision has been rendered while under (CMS) medical care. However, it is my first attempt to make known to you that decision which is final and mandatory upon (CMS) and it's medical personnel to follow. After having my medications abruptly stop on January 10th, 2008, just days after allegedly you had renewed them. I have repeatedly submitted sick-calls adding up to six (6) not including yesterdays, that for unknown reasons all mysteriously disappeared from being filed. Which you advised

was why i hadn't been seen, despite LP. Richard, LP. Quanie King, and LP. Kay all having informed me that each had made doctor referrals from my sick-calls. But i guess the real reason is, as were indicated to me after having checked for pharmcy orders, you never made any prescripts orders for me last month.

Now, to the issue at hand. Since December 30, 2004, i have been approved Soma for back pain relief. But according to yourself and others who have treated me over they years. You-all do not carry it any longer, because it and Ultrames are hard to get. Mam, i've never been able to understand that excuse, since both are still manufactured! Even if so, under your companies settlement agreement with the United States Department of Justice, affected December 30, 2006, you are supposely provide an adequate substitute. See Policy Agreement No. #24(d), and #25 attached hereto. Because of your intuitiveness i haven't complained under your care about not getting the exact pain management meds as approved. Your formula of Tylonel #3 (two tablets twice daily (and as needed per request), Ultrames (two tablets twice daily), and Robaxin (one tablet twice daily) was working just fine and gave me much needed relief from pain daily. However, in January 2008, you discontinued all of the above with the exception of Robaxin. But to just administer the muscle relaxer Robaxin alone beg's for an explanation.

As of yesterday, you've prescribed me ten days for one and five days for the other Tylonel #3 and Vicodin[1]. But i don't know which is for which! Although, i thank you sincerely because of what i've been going through. What happens when your emergency prescriptions runs out? Again, i've included the Bureau of Prison's Chief decision in redacted form for notification. If you cannot provide me with the specific medication that has been listed for me. I will except your regiment that i was previously treated with, before all of them was discontinued. See also court's order relating to request for immediate injunctive relief for medical care.

James Arthur Biggins (Pro Se)
James Arthur Biggins #319264
Delaware Correctional Center
Smyrna, Delaware 19977

---

1. But prescribed Prea-Phon For'te, which i cannot take because it gives me the runs and a bloody stool. So much for not reading my medical records, or you don't care. I thought that was something you, before prescribing any medication is

### 24c. Policies and Procedures Regarding Missed Doses

- DOC will develop or revise and implement policies to ensure that the prescribing practitioner is notified if a patient misses doses of a particular medication on three consecutive days.
- Notice to the provider shall be documented, according to policy, in the medical chart.
- Compliance with this requirement will be audited every two months for the first two quarters beginning July 2007 and every three months for the following quarters.

Timeline for Completion:

Policy development: 07/01/07
Implementation date: 08/01/07

### 24d. Formulary Shall Not Unduly Restrict Medications

- The DOC will develop or revise formulary policies which reflect the understanding that the formulary developed will not unduly restrict medications.
- Additions and deletions from the formulary will be made by vote of the committee and reasons for the addition or deletion of any particular medication will be noted in the minutes of the committee.
- Non-formulary requests must be submitted to the vendor's medical director for approval.
- Reasons for denial must be documented and alternatives noted on request forms.

Timeline for Completion:

Policies: 07/01/07
Training: 08/01/07
Implementation date: 10/30/07

### 24e. MARs Appropriately Completed and Maintained

- The DOC is currently using a MAR in the unified chart.
- The DOC will develop or revise policies to require that medications prescribed are noted in a MAR, which will be a part of each inmate's medical file.
- DOC policies will require documentation in the MAR that is consistent with standard practices.
- Compliance with DOC policy will be audited every two months for the first two quarters beginning July 2007 and every three subsequently.

Timeline for Completion:

Finalization of policy: 07/01/07
Total implementation and completion of first Quality Improvement Audit: 10/30/07

25.  Continuity of Medication

- The DOC will develop or revise policy to assure that on intake each entering inmate is screened for medications currently prescribed and those medications are noted on the intake form.
- That list will be forwarded to the prescribing practitioner, who will determine the medical appropriateness of any medications and note any changes to the medication regimen in the progress notes.
- A face-to-face encounter will be conducted when the medical condition so dictates.
- The medication prescribed will be ordered and administered consistent with the medication policy noted above.
- The DOC will implement changes to the DACS medical module to streamline this process.

Timeline for Completion

Policy: 07/01/07
Intake changes to the DACS system: 10/30/07

26.  Medication Management

- The DOC will develop or revise policies and procedures consistent with standard practice for the access to, storage of, and safe and proper disposal of medications and medical waste.
- The medical vendor and the Substance Abuse Treatment Services Administrator will be the responsible parties for compliance with this item.

Timeline for Completion:

Policy: 07/01/07
Training: 08/01/07
Implementation: 09/01/07

*Emergency Care*

27.  Access to Emergency Care

DEPARTMENT OF CORRECTION
Bureau of Prisons
245 McKee Road
Dover, Delaware 19904

22 All 4

February 4, 2008

Inmate BIGGINS JAMES A
SBI # 00319264
DCC Delaware Correctional Center
SMYRNA DE, 19977

Dear JAMES BIGGINS:

We have reviewed your Grievance Case # 138923 dated 08/01/2007.

Based upon the documentation presented for our review, we uphold your appeal request.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,

Richard Kearney
Bureau Chief

Ex. A-1

DCC Delaware Correctional Center  
Smyrna Landing Road  
SMYRNA DE, 19977  
Phone No. 302-653-9261

Date: 02/04/2008

## GRIEVANCE INFORMATION - BGO

| OFFENDER GRIEVANCE INFORMATION ||||
|---|---|---|---|
| **Offender Name:** BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC ||
| **Grievance #** : 138923 | **Grievance Date** : 08/01/2007 | **Category** : Individual ||
| **Status** : Resolved | **Resolution Status** : Level 3 | **Inmate Status** : ||
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 08/01/2007 | **Incident Time** : ||
| **IGC** : McCreanor, Michael | **Housing Location** : Bldg 22, Upper, Tier A, Cell 4, Bottom |||

### REFERRED TO

**Due Date:**      **Referred to:**      **Name:**

**Type of Information Requested:**

### DECISION

**Date Received:** 11/28/2007

**Decision Date:** 02/01/2008      **Vote:** Uphold

**Comments:**

IM last seen in medical on 1/24/08. IM last seen in cc clinic on 12/4/07. Medications were ordered on 12/4/07 but not received until 12/14/07 with a 10 day lapse. Medical vendor needs to ensure timeliness of medication administration.

Ex.A-2

DCC Delaware Correctional Center  
Smyrna Landing Road  
SMYRNA DE, 19977  
Phone No. 302-653-9261

Date: 02/04/2008

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC |
| **Grievance #** : 115903 | **Grievance Date** : 05/14/2007 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status** : Level 3 | **Resol. Date** : 02/04/2008 |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 04/05/2007 | **Incident Time** : |
| **IGC** : McCreanor, Michael | **Housing Location** : Bldg 22, Upper, Tier A, Cell 4, Bottom | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Since January 2007 I have been taking doctor prescribed Neurontin as a muscle relaxer due to my daily bouts with sever back pain caused by a herniated disc. Its second form of relief is to assist as a pain medication along with Tylenol 3 (1 tablet 3 times a day). However, I've been monitoring the effects of the medication on me; and while they have been helpful the short term pain relief, neither is effective alone or for long durations of time. Emphasizing that as late as April 5, 2007, or there about, I informed Dr. Van Dusen, CMS Regional Medical Director. Nonetheless, the medical treatment has stayed the same. as explained they only have certain medications they use to treat us. Williams, 805 F. Supp 634, 638 ND 111, 1992 deliberate indifference inferred from negligent treatment of long duration); (Diaz, 781 F. Supp 566, 564 ND Ind. 1991) (same); Robert E, 530 f. Supp. 930, 940 ND 111 1981 a pattern of similar instances presumptively indicates that prison administrators have through their programs and procedures created an environment in which negligence is unacceptably likely). This is true in light of the medical treatment I have received since coming here to DCC and especially since 2000 where I have been refused:

a) Medical Treatment on numerous occasions  
b) Emergency treatment (both for long term persistent back pain and at least twice couldn't walk)  
c) Made a joke of by NP Maggie Bailey and told that I was imagining my back problem  
d) Misdiagnosed for years  
e) Refused proper medication when prescribed by a doctor  
f) Refused medical amenities when prescribed by a doctor.

All of which continues to this day despite my numerous past or present grievances. Estelle, 429 US at 104, intentionally denying or delaying a care constitutes deliberate indifference. My medical record is clear on what works on me regarding my back pain condition and despite Soma being approved for me by former Bureau Chief Paul Howard (twice over a 2 year period), I've been denied its treatment effects for less performing drugs, even though it is being administered to others as non-formula.

Now back to the Neutron I am being given. As I said I have been monitoring its effects and side effects, which through hours of research, have learned some daunting information. The drug is made by Werner-Lambert (owned by Pfizer since 2000) is not a drug that has not been licensed for pain relief treatment by the FDA. In fact, it has been approved for epilepsy only. Neutron carries serious side effects, especially long term use, other than what it has been approved for by the FDA. The illegitimate marketing of this drug as a muscle or pain relief medication is a disservice to the medical profession, me as a patient who depends on the information to be true, and the general public at large. This practice circumvents FDA regulations/guidelines and has caused the administration of a drug being used that is neither safe or effective for muscle or pain relief and should be discontinued immediately in violation of the Federal False Claims Act.

**Remedy Requested** : I am requesting:

a) Immediate discontinuation of current medical practice of dispensing Neurontin as a muscle or pain reliever.  
b) Place Grievant back on Soma 2 tablets/3 times a day for pain relief or (illegible)  
c) Dispense to Grievant medical amenities (sneakers, size 9, and a back brace, not a hernia belt.  
d) Restitution damage awards as follows: Grievant shall receive 1,000,000 dollars, jointly or collectively, from DOC/DCC

Page 1 of 8

Ex B-1

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 02/04/2008

## GRIEVANCE INFORMATION - Appeal

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : BIGGINS, JAMES A | SBI# : 00319264 | Institution : DCC |
| Grievance # : 115903 | Grievance Date : 05/14/2007 | Category : Individual |
| Status : Resolved | Resolution Status : Level 3 | Inmate Status : |
| Grievance Type: Health Issue (Medical) | Incident Date : 04/05/2007 | Incident Time : |
| IGC : McCreanor, Michael | Housing Location : Bldg 22, Upper, Tier A, Cell 4, Bottom | |

### APPEAL REQUEST

Appeal received September 19, 2007

Although this process violates my due process because as part of this process the committee is to afford me a copy of their decision. Instead I was given this blank piece of paper and told I could appeal what was told to me by Jan McLaren "if the doctor wanted me to have specific medication they would have ordered it." I totally disagree and inform this Appeal Officer that this decision con.flicts with the bureau of Prisons decision awarding me specific pain medication. Soma, sneakers, a bottom bunk, and a back brace (See attached exhibits detailing the process decision).

IGC Note: Inmate attached pages 1 and 2 of Grievance 5985 and Bureau Chief Letter dated August 4, 2004.

In accordance with Grievance Procedure 4.4 once the Bureau of Prison Chief makes a decision on a medical issue, it is final. Wherefore, I respectfully request that the Bureau of Prisons decision be carried out, noting that as of yet it has not been fulfilled either by DOC/DCC or CMS. It is a deliberate indifference to my serious medical needs to ignore a doctor's prescribed orders (White v Napoleon 897 F2d 103, 109 3rd Circuit 1990)Further denial demonstrates an intentional denial of doctor prescribed medical care (Vinnedge v Gibbs, 550 F2d 926 4th Circuit). Should I be treated differently from other inmates with similar needs that have not been objected to regarding their needs.

### REMEDY REQUEST

Ex B-2

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 02/04/2008

# GRIEVANCE INFORMATION - BGO

| OFFENDER GRIEVANCE INFORMATION | | | | | |
|---|---|---|---|---|---|
| Offender Name : BIGGINS, JAMES A | | SBI# : 00319264 | | Institution : DCC | |
| Grievance # : 115903 | | Grievance Date : 05/14/2007 | | Category : Individual | |
| Status : Resolved | | Resolution Status : Level 3 | | Inmate Status : | |
| Grievance Type: Health Issue (Medical) | | Incident Date : 04/05/2007 | | Incident Time : | |
| IGC : McCreanor, Michael | | Housing Location : Bldg 22, Upper, Tier A, Cell 4, Bottom | | | |

**REFERRED TO**

Due Date : 11/22/2007    Referred to: Person    Name: Dibble, Candy

**Type of Information Requested :**
Medical case referral.

**DECISION**

Date Received : 10/10/2007

Decision Date : 02/01/2008    Vote : Uphold

Comments :

IM last seen in medical on 1/24/08 and 12/4/07 for cc visit. Medication was ordered on 12/4/07 and IM shows receipt on 12/14/07. 10 days of lapse. Vendor needs to ensure timeliness of medication administration.

Ex B-3

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 02/04/2008

## GRIEVANCE INFORMATION - MEDICAL PROVIDER

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name: BIGGINS, JAMES A | SBI#: 00319264 | Institution: DCC |
| Grievance #: 115903 | Grievance Date: 05/14/2007 | Category: Individual |
| Status: Resolved | Resolution Status: Level 3 | Inmate Status: |
| Grievance Type: Health Issue (Medical) | Incident Date: 04/05/2007 | Incident Time: |
| IGC: McCreanor, Michael | Housing Location: Bldg 22, Upper, Tier A, Cell 4, Bottom | |

### MEDICAL PROVIDER

Provider Name: Contracted Health Services       Date Received: 05/23/2007

### MEDICAL HISTORY

| Dates | Treatment |
|---|---|
| 05/23/2007 | NEURONTIN 300MG PO TID X 120DAYS ORDERED BY DR. DESROSIER |
| 10/26/2006 | SHOES-NEW BALANCE SIZE 9 ORDERED BY DR. VANDUSEN |

### DECISION

Decision Date:        Vote:

Comments:
NO CURRENT ORDERED FOR SOMA
ADVANCE TO LEVEL II

---

## GRIEVANCE INFORMATION - MGC

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name: BIGGINS, JAMES A | SBI#: 00319264 | Institution: DCC |
| Grievance #: 115903 | Grievance Date: 05/14/2007 | Category: Individual |
| Status: Resolved | Resolution Status: Level 3 | Inmate Status: |
| Grievance Type: Health Issue (Medical) | Incident Date: 04/05/2007 | Incident Time: |
| IGC: McCreanor, Michael | Housing Location: Bldg 22, Upper, Tier A, Cell 4, Bottom | |

### MGC

Date Received:        Date of Recommendation: 10/10/2007

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| Staff | | McLaren, Jan | Deny |
| Staff | | Dunn, Lee Anne | Deny |
| Staff | | Gordon, Oshenka | Deny |
| Staff | | Dutton, Matthew | Abstain |

### VOTE COUNT

Uphold: 0        Deny: 3        Abstain: 1

### TIE BREAKER

| Person Type | SBI # | Name | Vote |
|---|---|---|---|

### RECOMMENDATION

Grievance Hearing Date: September 17, 2007

Page 8 of 8

ExB-4

DEPARTMENT OF CORRECTION
Bureau of Prisons
245 McKee Road
Dover, Delaware 19904

22 All of

February 3, 2008
February 4, 2008

Inmate BIGGINS JAMES A
SBI # 00319264
DCC Delaware Correctional Center
SMYRNA DE, 19977

Dear JAMES BIGGINS:

We have reviewed your Grievance Case # 115903 dated 05/14/2007.

Based upon the documentation presented for our review, we uphold your appeal request.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,

Richard Kearney
Bureau Chief

Ex B-2

## Certificate of Service

I, James Arthur Biggins, hereby certify that I have served a true And correct cop(ies) of the attached: Letter/Motion To Strike Defendants (CMS) Motion In Opposition For A Temporary Restraining Order upon the following parties/person(s):

TO: James E. Drnec, Esquire
Attorney for Correctional Medical Serv's
Balick and Balick Attorney's at Law
711 King Street
Wilmington, Delaware 19801

TO: Ophelia M. Waters, Esquire
Department of Justice
820 North French St, 8th Floor
Carvel Office Building
Wilmington, Delaware 19801

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 27 day of February, 2008

James Arthur Biggins

