United States District Court
District of Delaware

James Arthur Biggins,
   Plaintiff,
vs.
Governor Ruth Ann Minner, et al.,
   Defendants.

C.A. No. 1-08-04 GMS

FILED
FEB 29 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's Reply to State Defendant's David Pierce and James Welch Motion Answer In Opposition To Plaintiff's Motion For Preliminary Injunction And Restraining Order

The plaintiff James Arthur Biggins, pro se, moves this Honorable Court for the motion for preliminary injunction and/or temporary restraining order ("PI/TRO"). In support of his position, the plaintiff states the following:

1. On or about February 11, 2008, by Order of the Court, State defendant's David Pierce and James Welch in addition to CMS, to file a response to plaintiff's motion and letter/motion specifically addressing the "chronic care medication issue" on or before February 19, 2008[1].

2. Unlike defendant's CMS, the State is not arguing a grant of extension or enlargement of time. Therefore, the Court must strike their response. Nonetheless, alternatively plaintiff will respond.

3. The State appears to not have challenged plaintiff claim under the Eighth Amendment. Thus, the Court must consider their argument now and in any future proceedings waived.

4. As to the State's contestation of purposed First Amendment violations cannot be answered by the plaintiff, because he hasn't asserted any claims under the

---

[1]. Plaintiff has already filed his response to CMS, requesting their response be stricken on the grounds to answer not under limitations period, deceit and/or fraud as well.

First Amendment.

5. The Court should duly note that all exhibits and arguments contained within his motion for ("PI/TRO") is only informative information in regards to the plaintiff's hardship in submitting legal material for photocopies to the institution's law library is constantly vetted for what they call "non-legal" in briefs, motions, etc. See Meola v. Fitzpatrick, 322 F.Supp 878 (DC.Mass. 1971) (there is no valid prison interest in screening and controlling the content of court papers sufficiently compelling so as to limit a prisoner's constitutional right to free and unfettered access to the Court's, and such censorship violates the First Amendment); Wolff v. McDonnell, 418 U.S. 539, 41 L.Ed 935, 94 S.Ct. 2963 (enjoining state prison officials from deleting material); and Carothers v. Follette, 314 F.Supp 1014 (DC.NY 1970) (censorship of correspondance with court's is precluded and limited to inspection for contraband, with no authority to read, copy, or delete any material).

6. In other word were implemented in plaintiff ("PI/TRO") to show a pattern of practice committed when prison administrative personnel do not want certain information that a inmate may possess known outside of prison walls.

7. It had nothing to do with the exhaustment of grievances.

8. As for the claims made against Cpl. Lisa M. Merson was (a) to demonstrate her repeated actions of confiscating material submitted iether (via) grievances or obtained through the court's and claiming it to be impermissiable for inmates, and (b) abusing her authority by implementing disciplinary charges against plaintiff. These actions are irreprehensible regardless of the final consequences, and are repeatable. See Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); Abdul-Akbar, 775 F.Supp. at 735 n. 13-14.

Wherefore, for one or all of the hereinabove reasons, State defendant's Pierce and Welch request should be denied. Plaintiff has fully established the criteria for injunctive relief. Pappan Enterprises, Inc. v. Hardee's Food Systems, Inc., 143 F.3d 800, 803 (3rd Cir. 1998); Clean Ocean Action v. York, 57 F.3d 328, 331 (3rd Cir. 1995); S&R Corp. v. Jiffy Lube Intern, Inc., 968 F.2d 371, 374 (3rd Cir. 1992). This is not a situation where, as the

plaintiff disagrees with the medical treatment. See Spruill v. Gillis, 372 F.3d at 235 (3rd Cir. 1990). The Third Circuit Court of Appeals has held "there is deliberate indifference where prison officials delay medical treatment for non-medical reasons or as in this specific case "continues a course of treatment they know is painful, ineffective" or "entails a substantial risk of serious harm". Rouse v. Plantier, 182 F.3d 192, 197 (3rd Cir. 1999), White, 897 F.2d at 109. It is well documented that the plaintiff has serious medical needs, and that the treatment he is requesting is that which has (A) been recommended by a doctor and approved by the highest Department of Corrections administration officer authorized to finalize all inmate medical decision (Bureau Chief: Rick Kearney). See Rouse, 182 F.3d at 197.

Therefore, the plaintiff has additionally demonstrated to this court a "limited circumstance" in which "extraordinary remedy is warranted. See Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3rd Cir. 1989) (quoting Frank's GMC Truck Center, Inc., v. General Motors Corp., 847 F.2d 100, 102 (3rd Cir. 1988).

Dated: February 28, 2008

James Arthur Biggins
James Arthur Biggins #319964
Delaware Correctional Center
1181 Paddock Road, Unit #22/A-U-4
Smyrna, Delaware 19977

3.

# Certificate of Service

I, _James Arthur Biggins_, hereby certify that I have served a true And correct cop(ies) of the attached: _Plaintiff's Reply to State Defendant's Answer In Opposition to Plaintiff's Motion For Preliminary Injunction And Restraining Order_ upon the following parties/person (s):

TO: James E. Drnec, Esquire
Balick and Balick Attorneys at Law
711 King Street
Wilmington,
Delaware 19801

TO: Ophelia M. Waters, Esquire
Department of Justice
820 North French Street, 8th Floor
Carvel State Building
Wilmington, Delaware 19801

TO: Clerk of the Court
United States District Court House
844 North King Street
Lockbox 18
Wilmington, Delaware 19801

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _28_ day of _February_, 200_8_.

_James Arthur Biggins_

I/M James Arthur Biggins
S.B.I # 319161   UNIT #21/A-114
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Clerk of the Court
United States District Court House
844 North King Street, Lock box 18
Wilmington, Delaware
19801

U.S.M.S
X-RAY