IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-04-GMS |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 15th day of April, 2008;

The plaintiff, James Arthur Biggins ("Biggins"), a prisoner housed at the Delaware Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 11.) Pending before the court is Biggins' motion for a temporary restraining order to provide medical treatment, specifically the administration of medication, for his chronic medical condition. (D.I. 3, 4, 10.) The parties have not yet been served, and therefore, the court ordered Correctional Medical Services ("CMS"), Deputy Warden David Pierce, and James Welch to respond to the motion. (D.I.12.) The defendants filed their responses on February 22, 2008 and February 25, 2008, along with pertinent medical records. (D.I. 25, 26, 30, 31.)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708

(3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted).

Biggins claims that he is not receiving his chronic care medication for a back condition. He has filed numerous pleadings with the court. The pleadings indicate that Biggins was taken off one type of medication and placed on another and that, perhaps for a short time, he was without medication.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Documents submitted by the responding defendants indicate that Biggins has been continually treated for his chronic care condition and that physicians are using various types of treatment for the condition, ranging from pain medication to physiotherapy. Additionally, the medical records reflect that Biggins has been, and is being, prescribed medication for his condition. Recently, Biggins was taken off one type of pain medication and a new medication prescribed.

Given the exhibits submitted to the court, Biggins has not demonstrated the likelihood of success on the merits. The records indicate that he has received, and continues to receive, care

for his medical conditions. Moreover, the medical records indicate that his medical condition is being monitored. There is no indication that, at the present time, Biggins is in danger of suffering irreparable harm. Biggins has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Accordingly, based upon the foregoing analysis, Biggins' motion for a temporary restraining order (D.I. 3) is **denied**.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

APR 1 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

c