IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 08-04-GMS |
| ) | |
| GOVERNOR RUTH ANN MINNER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2, 8.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (D.I. 11.) The court now proceeds to review and screen the complaint and its amendment pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Biggins has been in the custody of the Delaware Department of Correction ("DOC") since 1997. His complaint is filed against fifty-eight defendants and sets forth a variety of legal theories, but basically alleges deliberate indifference to serious medical needs and an unconstitutional prison grievance system. Biggins' complaint alleges as follows: He has the medical conditions of "acid reflux disease, bleeding ulcers, migraine headaches, spinal sclorosis

---

[1]Biggins, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted and normally would have been required to pay the filing fee. The court determined that the complaint alleged imminent danger of serious physical injury and, therefore, granted his motion to proceed without prepayment of fees. (D.I. 11.)

[sic], and temporary treatment from 1997 to 1999 for sickle cell" and has been characterized as "chronic care." (D.I. 1, mem. at 3.) He has filed repeated grievances for medical treatment complaining of inadequately trained medical staff, lack of x-ray machines, inadequate record keeping, lack of adequate medication, lack of adequate communication between the DCC and its medical providers personnel, lack of proper sick call procedures, and non-medical personnel interference with medical treatment.

Biggins has received little or no effective medical treatment and it was not until January 2007 that he received any medication that actually had an effect on his migraine headaches. With regard to his sickle cell, Biggins relies solely upon his knowledge of the disease to monitor it. Following treatment (apparently from 1997 to 1999) Biggins was told that either, the disease was not detected in his blood, or there was no valid treatment. (*Id.* at 5.) Attached to the complaint are letters and grievances dated in 2002, 2003, 2004, and 2006. (D.I. 1, exs. A, B, C, D1, E1, F, G1.) Also attached as an exhibit is the DOC April 30, 2007 Action Plan developed as a result of a memorandum of agreement between the State of Delaware and the United States Department of Justice ("USDOJ").[2]

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

---

[2]The Civil Rights Division of the USDOJ conducted an investigation of five Delaware prison facilities pursuant to the Civil Rights of Institutionalized Persons Act, which authorizes the federal government to identify and root out systemic abuses. The investigation found substantial civil rights violations at four of the five facilities: Delores J. Baylor Women's Correctional Institution, Howard R. Young Correctional Institution, DCC, and Sussex Correctional Institution. The investigation resulted in the entry of a memorandum of agreement on December 29, 2006, between the USDOJ and the State of Delaware regarding the four institutions. Paragraph I.F. of the agreement provides that it may not be used as evidence of liability in any other legal proceeding.

under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Biggins is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Biggins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, --U.S.--, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

#### A. 42 U.S.C. § 1983

Biggins filed his complaint pursuant to 42 U.S.C. § 1983. He has an obligation to provide the grounds of his entitlement to relief. Hence, his complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West,* 487 U.S. at 49. A "a plaintiff's *Id.* at 1965.

Other than to name them as defendants, the complaint contains no allegations against the following defendants: Lieutenant Governor John Carney ("Carney"), Treasurer Jack Markell ("Markell"), Bureau Chief Rick Kearney ("Kearney"), James Welsh ("Welsh"), Deputy Assistant Candy Dibble ("Dibble"), Deputy Warden David Pierce ("Pierce"), Chief of Security James Scarborough ("Scarborough'), Ronald Hosterman ("Hosterman"), Transfer Officer Tongo Lewis ("Lewis"), Michael Cruthors ("Cruthors"), Karl Hazzard ("Hazzard"), Lt. Alisa Profaci ("Profaci"), Lt. Paul Harvey, Jr. ("Harvey"), Lt. John Salas ("Salas"), Lt. Michael Welcome ("Welcome"), Lt. Fields ("Fields"), Lt. Watkins ("Watkins"), Dr. Kenneth Ivens ("Dr. Ivens"), Dr. Durst ("Dr. Durst"), Dr. Mancuso ("Dr. Mancuso"), Dr. Louise Derosiers ("Dr. Derosiers"), Dr. Tegegorie ("Dr. Tegegorie"), Scot Altman ("Altman"), Christine Malaney ("Malaney"), Jan McLaren ("McLaren"), Gail Ellers ("Ellers"), Debbie Rodweller ("Rodweller"), Lee Ann Dunn ("Dunn"), Andrine Branch ("Branch"), Nurse Jannifer ("Jannifer"), Dr. Cooper ("Dr. Cooper"), Amy Munson ("Munson"), Nikits Robins ("Robins"), Donna Plante ("Plante"), Audrey Gibson-Valdez ("Gibson-Valdez"), Brenda Heddinger ("Heddinger"), Gordon Oshenka ("Oshenka"), Administrator Ron Moore ("Moore"), Linda Hunter ("Hunter"), Sheila Martin-Zook ("Martin-Zook"), or Diane Reeve ("Reeve").[3] Similarly, except to list them in the prayer for relief, there are no allegations against Governor Ruth Ann Minner ("Governor Minner"), Commissioner Carl C. Danberg ("Commissioner Danberg"), former Warden Thomas L. Carroll ("Carroll"), interim Warden Elizabeth Burris ("Burris"), John Rundle ("Rundle"), Judith Mellen ("Mellen"), and

---

[3]Biggins added Hunter, Martin-Zook, and Reeve by amendment on January 9, 2008. (D.I. 8.) The amendment contained no allegations against the foregoing defendants, but merely added them "as defendants for Correctional Medical Services, Inc." (*Id.*)

Janet Laban ("Laban").[4] Moreover, it appears that many of the individuals were named as defendants based upon their supervisory positions and, as is well known, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The foregoing individuals were named as defendants even though there are no allegations raised against them. Accordingly, they will be dismissed as pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Statute of Limitations

The majority of Biggins' claims are barred by the applicable two year statute of limitations. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is

---

[4]Mellen and Laban are the president and director, respectively, for the Delaware Chapter of the American Civil Liberties Union. An action cannot lie against them under § 1983. They are not "clothed with the authority of state law" and, therefore, are not state actors. *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

Carroll and Holman are mentioned exhibit B2 attached to the complaint in an attachment to a grievance dated April 14, 2004. As will be discussed, Biggins cannot state a claim for an unconstitutional prison grievance procedure and, regardless, said claim is barred by the applicable two year statute of limitations.

permissible." *Smith v. Delaware County Court*, No. 07-4262, 2008 WL 101743 (3d Cir. Jan. 10, 2008); *Wakefield v. Moore*, 211 Fed. Appx. 99 (3d Cir. 2006) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Biggins' complaint was filed on December 29, 2007.[5] It is not clear what claim Biggins raises against the defendants Deputy Bureau Chief Kathy English ("English"), Chief of Security David Holman ("Holman"), Dr. Brown ("Dr. Brown"), and Gina Wolken ("Wolken"). Nonetheless, they are mentioned in exhibit G2 attached to the complaint, in an attachment to a grievance dated April 14, 2004. The grievance itself, exhibit G1, also complains of medical care. English is also mentioned in a grievance filed August 5, 2004, exhibit A, for an incident of November 21, 2007. The grievance was resolved on December 29, 2004. Other individuals mentioned in exhibit A are Dr. Sitta Gombeh Ali ("Dr. Ali"), Dr. Brown, Dr. Ihoma Chucks ("Dr. Chucks"), and Dr. Trevedi ("Dr. Trevedi"). As to these claims, however, Biggins filed his complaint over one year after the expiration of the limitations period.

The complaint, itself, contains a number of medical needs claims, almost all of which are barred by the two year statute of limitations. Paragraphs 10 through 14 of the complaint and

---

[5]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended to other prisoner filings. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). Additionally, this district has extended the *Houston* mailbox rule to *pro se* § 1983 complaints. *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). *See also Rivers v. Horn*, Civ. A. No. 00-361, 2001 WL 312236, at *1 n.1 (E.D. Pa. March 29, 2001) (extending *Houston* to *pro se* prisoner § 1983 complaints). Biggins' complaint was signed on December 29, 2007, and the envelope it was mailed in is postmarked December 30, 2007. The court concludes that Biggins' complaint was filed on December 29, 2007, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

exhibit D1 make reference to actions taken by Nurse Practitioner Maggie Bailey ("Bailey") on June 25, 2002; paragraphs 16 through 18 and exhibit E(1) make reference to actions taken by Dr. Talegorie ("Dr. Talegorie") on July 1, 2002; paragraphs 19 through 26 make reference to actions taken by Bailey on July 5, 2002; paragraphs 28 and 29 make reference to actions taken by Bailey and Dr. Chucks on May 21, 2003; paragraph 31 makes reference to actions taken by Dr. Brown in October 2003; and exhibit F attached to the complaint, a request for medical treatment, dated May 21, 2003, references Dr. Trevedi, Bailey, and Dr. Chucks. With regard to the foregoing, Biggins filed his complaint anywhere from two to three years after the expiration of the limitations period.

It is evident from the face of the complaint that foregoing claims are barred by the two year limitations period. Therefore, the court will dismiss them pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Medical Needs

The remaining medical needs claims are brought against Correctional Medical Services, Inc. ("CMS") and Dr. Freddrick Vandusen. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest

deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the complaint in the most favorable light to Biggins, he fails to state an actionable constitutional claim against CMS or Dr. Vandusen. The complaint contains general claims that CMS intentionally delayed or denied Biggins' medical treatment, but when reading the complaint as a whole, it is evident that Biggins receives medical treatment, albeit not to his liking. Biggins has been characterized as a chronic care patient and the complaint is replete with descriptions of medical treatment he has received. The allegation against Dr. Vandusen is that he saw Biggins on January 5, 2007, studied Biggins' medical records, and confirmed previous diagnoses, but the treatment rendered by Dr. Vandusen was "inadequate."

It seems that Biggins wants what he considers "proper" medical treatment and/or different medication from CMS and Dr. Vandusen.

It is clear in reading the complaint that, rather than exhibit deliberate indifference to a serious medical need, Biggins receives regular medical care and treatment. The complaint fails to state a claim for deliberate indifference to a serious medical need. Therefore, the court will dismiss the claims against CMS and Dr. Vandusen pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Grievance Procedure

Biggins alleges that the prison grievance system is unconstitutional. He specifically alleges that Michael McCreanor ("McCreanor") as a grievance official, randomly picks and chooses which medical grievances will be heard. (D.I. 1, mem. at 13.) Lise Merson ("Merson") and Terry Hastings ("Hastings") are not mentioned in the complaint, but their names are on a grievance report attached as Exhibit A to the complaint.

Prisoners possess the constitutional right of meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 821 (1977). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances; *See Robinson v. Taylor,* 204. Fed. Appx. 155 (3d Cir. 2006); *Booth v. King,* 346 F. Supp. 2d 751,761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser,* 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson,* 886 F. Supp. 410, 418-419 (D. Del.), *aff'd,* 74 F.3d 1226 (3d Cir.

It seems that Biggins wants what he considers "proper" medical treatment and/or different medication from CMS and Dr. Vandusen.

It is clear in reading the complaint that, rather than exhibit deliberate indifference to a serious medical need, Biggins receives regular medical care and treatment. The complaint fails to state a claim for deliberate indifference to a serious medical need. Therefore, the court will dismiss the claims against CMS and Dr. Vandusen pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Grievance Procedure

Biggins alleges that the prison grievance system is unconstitutional. He specifically alleges that Michael McCreanor ("McCreanor") as a grievance official, randomly picks and chooses which medical grievances will be heard. (D.I. 1, mem. at 13.) Lise Merson ("Merson") and Terry Hastings ("Hastings") are not mentioned in the complaint, but their names are on a grievance report attached as Exhibit A to the complaint.

Prisoners possess the constitutional right of meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 821 (1977). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances; *See Robinson v. Taylor,* 204. Fed. Appx. 155 (3d Cir. 2006); *Booth v. King,* 346 F. Supp. 2d 751,761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser,* 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson,* 886 F. Supp. 410, 418-419 (D. Del.), *aff'd,* 74 F.3d 1226 (3d Cir.

1995).

Biggins cannot maintain a constitutional claim based upon his perception that the prison grievance system is unconstitutional, his grievances were not properly processed, or they did not result in favorable findings. The grievance claim, therefore, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

April 16, 2008
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

FILED
APR 16 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-04-GMS |
| | ) |
| GOVERNOR RUTH ANN MINNER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of April, 2008, for the reasons set forth in the Memorandum issued this date, the complaint is **dismissed** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

CHIEF, UNITED STATES DISTRICT JUDGE

FILED
APR 1 6 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE