In The United States District Court Of The State Of Delaware

To The Honorable Gregory M. Sleet
Judges Chambers
U S District Court House, Lockbox 19
844 North King Street
Wilmington, Delaware 19801-3570

C.A. No. 1-08-04 GMS
C.A. No. 07-594 GMS

FILED
APR 23 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Your Honor,
    Due to the recent event of the morning April 14, 2008, I request a minute of your time please.

    Right about now you should be receiving my last sworn affidavit regarding Cpl. Molly Gross conduction of a grievance hearing on the morning of April 10, 2008. I was awaken about 9:45 am on the above date and informed by C/O. Teechuse that I had an alleged dental appointment. Once I arrived at building #24 where the dentist office is located, I was then informed by Lt. _____ Duah that "the captain is comming over to see you". I was locked in a classroom until the captain arrived. A short time later Cpl. McCreanor arrived and they took me into the lieutenant's office at which time I was advised by him that he was there to serve me with a Major Disciplinary Writeup for Disrespect and Late for Appointment/Assignment. See attached copy hereto.

    Sir, I need not try to explain their actions. I'm certain that they speak for themselves. In light of my last affidavit to you, I've been a little suspicious of my legal material being kept back and forward to administration officials, and this pretty much proves it. Notice that she (Cpl. Gross) only changed enough of the facts to sway her way. But as is clear from my last affidavit, I did obsolutely nothing to warrant (Cpl. Gross) actions on April 10, 2008. Even more unusual, captains don't serve writeups unless they have an agenda. The process is to serve writeups through procedural challanges/area lieutenant to serve on inmates. Moreover, Cpl. McCreanor is an alleged shift commander for the main compound (although he works in the grievance office). What brings him out of his jurisdiction to serve a writeup? That too sir I believe is also known. I also want you to know that I never was ask as procedure did I want to face my accuser, have counsel or have a witness(s). Why because McCreanor had already checked no in all relevant boxes and plead me to not guilty. In accordance with DOC/DCC Disciplinary Policy this should be done in all disciplinary actions unless (a) inmate pleads guilty, or (b) the writeup is not a major infraction.

---

1. No one until April 18, 2008 was aware of this event, except for the Court and Mrs. Waters (DAG).

In the United States District Court
In And For the District of Delaware

To the Honorable Gregory M. Sleet
Judges Chambers
U.S. District Court House
844 North King Street
Wilmington, Delaware 19801

Your Honor:

Still in deep respect for you're time, and request that you except this letter and accompanying sworn affidavit of further retaliation by DCC staff members for my constitutional right to submit institutional grievances and address the courts. Sir, it is aboundantly clear that their actions are by no precipitation of my doing. And are aimed at serving one sole purpose retaliation and/or punishment.

In Closing, on my behalf certainly my requests are warranted.

Dated: April 10, 2008

X.C. File,
Warden's Office,
Commissioner's Office,
Governor's Office, and
Office of Atty. General of Delaware

Sincerely
James Arthur Biggins
James Arthur Biggins #319264
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

---

*1. Your Honor, as a pro se litigant pursuant to Federal Rules of Civil Procedures, Rule 34. I am forwarding copies of this affidavit and others to the State's Attorney General's Office, in addition to the above named administrative excutives to prohibit Cpl. Molly Gross, Sgt/Lt. Alisa Protaci, and Cpt. Mc Creanor from participating or practicing in any official way/any job involving me because of retaliation.

Although my affidavit speaks for me, it is something to see what I usually experience with DCC staff, employees (civilian) and correctional officers. They will go to any length to retaliate against me, even denying me Due Process in disciplinary hearings to punish me for me stand for my rights (via) letters and legal addresses through the Courts. Sir, please do not let the fact by you that Cpt. McCrennor is a named party in both of my civil actions before you as some others as well. However, I have little or no contact with them. Cpt. McCrennor, SM/Lt. Profaci and Cpl. Gross are in positions to do whatever they want, when they want without any oversight.

Your Honor, I greatly would appreciate you endevouring to restrict their access and control over me, in light of their continual conduct. Letters to their superiors, the governor and attorney does no good. What must become of their actions to demonstrate that intervention is sincerely need. Delaware River Port Authority v. Transamerican Trailer Transport, Inc., 501 F.2d 917, 919-20 (3dCir. 1974).

Dated: April 14, 2008

Thank forever for your time,
James Arthur Biggins

CC: File
Warden's Office
Commissioner's Office
Governor's Office
James E. Drewr (CMS Atty)
Ophelia M. Waters (DOC/DCC acting Atty (DAG))



DR# 1039979

**DCC Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone#: 302-653-9261

Date: 04/14/2008

## NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

TO: Inmate: Biggins, James A         SBI#: 00319264    Housing Unit: Bldg 22

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
   How do you plead ? [ ] Guilty    [ X ] Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time **of more than 24 hours but not to exceed 15 days.**

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of time not to exceed 90 days.
   b. Confinement to assigned quarters for a period of time not to exceed 90 days.
   c. Isolation confinement for a period of time not to exceed 90 days.
   d. Loss of good time for a period of time not to exceed 90 days.
     (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested    **No**         Name of Counsel: ,

7. Confront accuser?    **No**

8. Witness requested?   **No**         Name of Witness: ,

I certify that on          at        , I served upon the above inmate this notice of Disciplinary Hearing for Minor/Major Offense and the Disciplinary Report is attached hereto.

(Employee's Signature & Title)

I have received copies of 122 & 127 and understand my rights as Form # 127 has been read to me

(Inmate's Signature)
Biggins, James A

**Page 1 of 2**

In The United States District Court
In And For The District Of Delaware

James Arthur Biggins,
Plaintiff,

vs.

Governor: Ruth Ann Minner, et al.,
Defendants.

C.A. No. 1-08-04 GMS

## Sworn Affidavit

I, James Arthur Biggins, Plaintiff in the above captioned case, do hereby declare, under penalty of perjury that the hereafter statements are true and correct to the very best of my knowledge and recollection.

1. On the morning of April 9, 2008, at approximately 10:20 am or so Officer: Tirehune came and informed me that I had a grievance hearing.

2. Being caught off guard and unpreparred because Sunday the grievance hearing notification had just been posted be upcomming institutional grievances. The notice further informed that the heareings would not be conducted until April 19, 2008, and to be ready.

3. Nonetheless, I open my cell door wide so that grievant chairperson Cpl. Molly Cross could see that I was trying to prepare myself.

4. By the time I had preparred myself within minutes and proceeded to go down stairs, Cpl. Cross begin hollering "come on I aint got all day. You should've been ready."

5. I responded by asking her was it the 19th yet?

6. Cpl. Cross than said "I dont care what day it is. In here, you should've been ready. Look, you dont want your grievance heard. It makes me no difference, go lock you're damn ass in then. I dont care and write a grievance on me."

7. I informed Cpl. Cross, having never left from upstairs, but walking downward. "If you are going to act like that, I dont care".

8. Cpl. Cross abruptly got up from the dayroom rec area table and proceeded as if she was comming to confront me. I turned and went back to my cell locking the door.

9. Cpl. Cross could be heard blurting continual profanity and saying other things, eventhough I was locked in.

1.

10. Present and in close proximation of this event was Sgt: A. Aerman and my cell mate Lenord McDonald.

Dated: April 9, 2008

_Leonard McDonald_
Witness (sworn in absence of notary due to school)

Dated: April 10, 2008

_[signature]_
Affiant

Dated: April 10, 2008

_[signature]_
Notary

2.

In The United States District Court of Delaware.

James Arthur Biggins,
  Plaintiff,
vs
Governor: Ruth Ann Minner, et al.,
  Defendants.

C.A. No. 1-08-04 GMS

To: Carl C Danberg
Commissioner's Office.
Delaware Dept of Correction
245 McKee Road
Dover, Delaware 19904

Dear Commissioner,

Again, hereto see attached more exhibits and sworn affidavit of more retaliatorial practices by employees and staff members of the Department of Correction (DOC) at Delaware Correctional Center (DCC), Smyrna, Delaware 19977.

I've also received another letter from you informing me to send all my concerns to (DAG) Aaron Goldstein. Sir, I do not know of Mr. Goldstein being that he is not listed as the State's representative in my court action. See copy of letter also attached hereto. Likewise, I have the right not only as the litigant (pro se) to keep you in touch with the continual violations being carried out by those under you or as simply an inmate writting to (DOC) chief executive officer. I have not done anything but been courtious and respectfully. I am further sure that if im in violation of a regulation or (DCC) rules infraction, you would've by now pursued some type of disciplinary action. Moreover, you're personal experince as a (DAG) for the State would have availed an avenue of relief.

Dated: April 15, 2008

CC: File
(DAG's) Ophelia Waters & Aaron Goldstein
Governor: Ruth Ann Minner

Respectfully,
James Arthur Biggins



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
245 McKEE ROAD
DOVER, DE 19904

Carl C. Danberg                                              (302) 739-5601
Commissioner                                          Fax:   (302) 739-8221

April 10, 2008

James Arthur Biggins
SBI# 319264
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Biggins,

     As previously informed in writing all further correspondence should be directed to Deputy Attorney General Aaron Goldstein.

Sincerely,

Carl C. Danberg,
Commissioner

Cc:   TK# 764

CCD:lmd

I/M James Arthur Biggins
SBI# 319269  UNIT 20/A-11-4
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. X-RAY

Legal Mail

To the honorable Gregory M Sleet
United States District Court House
844 North King Street, Lock box 18
Wilmington, Delaware
19801-3570





MAILED FROM ZIP CODE
$ 00.58