In the United States District Court
for the District Of Delaware

James Arthur Biggins,
                    Plaintiff,

        vs                                    Civ. Action No. 08-04-GMS

Governor: Ruth Ann Minner, et al.,
                    Defendants.

Temporary Restraining Order Exhibits



FILED

MAY 2 0 2003

Urgent

# DELAWARE DEPARTMENT OF CORRECTIONS
# REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
## FACILITY: DELAWARE CORRECTIONAL CENTER
This request is for (circle one): (MEDICAL) DENTAL  MENTAL HEALTH

James Arthur Biggins
Name (Print)

Bldg #22    A-11-4
Housing Location

May 11, 1964
Date of Birth

#319264
SBI Number

February 22, 2008
Date Submitted

Complaint (What type of problem are you having?) On 2/19/08, was seen by Dr. Desrosiers and was led to believe that she was prescribing me Tylenol #3 and Vicukon. However, I have been given no Tylenol #3 and instead of Vicukon, im being given Panathon forte which is in my file as being "not able to take" because it gives me a bloody stool and the runs. In essence I still have no medication for pain relief. What was Dr. Desrosiers treatment about? Need to see a doctor!

James Arthur Biggins
Inmate Signature

February 22, 2008
Date

**The below area is for medical use only.  Please do not write any further.**

S: You have a current order for Tylenol#3 & it is in stock - JM /RN 2-25-08

O:    Temp:_____    Pulse:_____    Resp:_____    B/P:_____    WT:_____

A:

P:

E:

Provider Signature & Title
Received 2-25-08, 0900 J. McKenzie RN

Date & Time

Ex (A)



## CMS
**DEDICATED PEOPLE MAKING A DIFFERENCE**

Correctional Medical Services

Arthur Biggins, SBI 319264
Building E, B-8
1181 Paddock Road
Smyrna, DE 19977

25 July 2006

Dear Mr. Biggins,

I have received your letter dated 17 July 2006.   I appreciate your patience in letting us deal with this matter.   I apologize for the delays in responding to you but I needed to verify some facts in your case.

The CMS Regional Manager is not a physician, your letter was forwarded to me for evaluation and response.

I apologize for the miscommunication of information.   It is not CMS policy to "discontinue all pain medications" but to take a closer look at the utilization of these medications. Most back pain is caused by inflammation and the use of pain relievers can mask the true source of pain, not allowing for its treatment.  Pain medications can simply relieve the pain without treating the source of the inflammation.   The use of muscle relaxant and non-steroidal anti-inflammatory agents to treat back pain is a widely accepted practice throughout the U.S. CMS understands the individual needs of each patient and how they respond to treatment will vary; our treatment programs are modified to each patient's specific needs.

I noted that you had been seen on 17 July 2006 and prescribed Soma in addition to the anti-inflammatory agents you are receiving.   I truly hope this alleviates some of your pain; if not, please discuss this with your healthcare provider so that they may modify your treatment.

Your Partner in Healthcare,

Scott S. Altman
Quality Assurance Monitor
Correctional Medical Services

CC:  Warden Thomas Carroll
       Medical Record

Ex.B

To: Deputy Warden D. Pierce
Delaware Corrections Center
Smyrna, Delaware 19977
From: James Arthur Biggins #319264
Delaware Corrections Center
Smyrna, Delaware 19977
Re: Medical Mistreatment
Date: October 31, 2006

Dear Deputy Warden Pierce.

In the past I have written to you and other institutions administrators, including Carroll, Burris, Scarborough and Holman regarding the continual refusal of this administration to provide me with approved medical necessities by Bureau Chief. Howard since December 20, 2004.

Nevertheless, to date, despite my repeated attempts providing you all further with the medically approved documentation in the past 22 months. I've still not as yet to receive anything. Because of the medical dept repeated attempts issuing numerous memo's to the security chiefs for a bottom bunk without getting a raise. On October 26, 2006, the medical director wrote for me a memo for my building load leader, because those being sent to the security chiefs were being ignored. Sgt. Williams advised me that he didn't have the authority to move me. So he called Sonya Lewis (Transfer Officer), who told him that she would add me to the list for bottom bunks in my building.

Ex. C

According to Ms Lewis as I was told by Sgt. Williams, there is some type of order thats followed in getting bottom bunks assigned regardless. Sir, isn't medical needs priority? Through prior information provided to you and other administrative officials, that I have a medical condition called "degenerated spin desease" a debuilitating and painful condition. That also includes suffering along with having a "herniated disc". Why is there a continual refusal to meet my medical needs? As medical director Dr. Van-Dusen requests "please uphold". If I could, I would like to remain on B'Tier as you did for Carlos Ortiz on D'Tier. Cell's 4, ■, 17, and 2's are not medically assigned. Copy of memo attached.

X.C: File
Warden's Office
Com: Taylor
Gov. Minner
A.C.L.U/DCA

Thank you,
James Arthur Biggins

**MEMORANDUM**

DATE 10-26-06                    RE: JAMES BILLY

TO BUILDING E (RED PENNY)

MESSAGE

MR BILLINS NEEDS A BOTTOM
BUNK DUE TO PAIN ASSOC
WITH HERNIATED DISC.
THIS ISSUE HAS ALREADY
BEEN RULED ON IN 2004
IN GRIEVANCE CASE # 5985
AND THE BOTTOM BUNK
WAS APPROVED BY THE
BUREAU - CHIEF PLEASE
UPHOLD THIS RULING

SIGNED _Ruth Warren, RN_

adams
SC1157

To: Dr. Van Dusen (Med Dir)
Corrections Medical Services
D.C.C. Infirmary
Delaware Corrections Center
Smyrna, Delaware 19977

From: James Arthur Biggins #319264
Delaware Corrections Center
Smyrna, Delaware 19977

Date: November 9, 2006
Re: Medical Treatment


Dear Dr. Van Dusen,

This letter is in response to our conversation held on Thursday (11/2/06) during my appointment for chronic care treatment, in regards to Anti-inflammatory "prednisone" giving to me now for muscle and pain relief due to my degenerate spin and herniated disc conditions.


As I informed you this medicene is given me several reactions, cramped stomach and a continual irregular bowl movements. I did as you advised and did'nt take the medication Thursday evening, Friday, Saturday, Sunday or Monday, to see it indeed it was the medication. As soon as I started back taking it because as you know I must take something for my back, the same reactions reaccured. So, there is now no doubt its the "prednisone". You should further note that it is of little consolation to my back pains. I understand that you have been treating inmates for more than 10 years as you say, using this drug as a pain reliever. But you must also agree, it hasn't always worked on everyone!

I'm further concerned with its long term medical usage side-effects to my liver and kidneys. You should again note that its noted in my medical record that im not prescribed "ibuprofen or naproxen" because of the same reason alon with problems they caused to my stomach because of the ulcers. So, why would it be beneficial to prescribe "prednisone" for my medical usage, when they all are in the same medical category? In regards to your concern about whether or not Bureau Chief: Howard's medical appeal decision in my favor was still standing. Yes, see the attached copy thereof recieved last week as exhibit (A) the original dated was typed over by some one, but it still makes it effective as of October 27, 2006. (exhibit (B) is a copy of his original decision).

Dr. Van Dusen, why am I being continually faced with the same lack of proper medical care? Despite the numerous memo's for a bottom bunk. See exhibit (C) as being (CMS) last, I still haven't been given one. Bureau Chief: Howard's decision calls for me to recieve "soma" for pains, not any other thing, you-all continue to try to treat my condition with makes no sense and continue to cause unnecessary pain and suffering. Sir, no disrespect intended. Although, you have no authority to ensure that I recieve the bottom bank or the shoes, other making those requests as you have done. You do have that sole authority to ensure that I do recieve those approved medical items, such as the pain relief medication and back brace. See exhibit (D) of approved items, as underlined.

X.C: File
Warden Thomas Carroll          A.C.L.U/DE A
CMS Adm: John Rundle           Jim Synopski
Gov: Ruth Anns Minner          James Welch
Bureau Cnt: Paul Howard        Com: Stanley Taylor

Yours truly,
James Arthur Biggins

**DEPARTMENT OF CORRECTION**
**Bureau of Prisons**
**245 McKee Road**
**Dover, Delaware 19904**

October 27, 2006

**Inmate BIGGINS JAMES A**
**SBI # 00319264**
**DCC  Delaware Correctional Center**
**SMYRNA DE, 19977**

**Dear JAMES BIGGINS:**

We have reviewed your Grievance Case # 36763 dated 04/26/2006.

Based upon the documentation presented for our review, we uphold your appeal request.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,

Paul W. Howard
Bureau Chief

Exhibit (1)

DEPARTMENT OF CORRECTION
Bureau of Prisons
245 McKee Road
Dover, Delaware 19904

December 20, 2004

Inmate BIGGINS JAMES A    $\not\equiv$    B-8
SBI # 00319264
DCC  Delaware Correctional Center
SMYRNA DE, 19977

Dear JAMES BIGGINS:

We have reviewed your Grievance Case # 5985 dated 08/04/2004.

Based upon the documentation presented for our review, we uphold your appeal request.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,

Paul W. Howard
Bureau Chief

Exhibit (B)

**MEMORANDUM**

DATE 10 -26-06     RE: JAMES BILLY

TO BUILDING E (RED PERRY)

MESSAGE

MR BIGGINS NEEDS A BOTTOM
BUNK DUE TO RUN ASSOC
WITH HERNIATED DISC.
THIS ISSUE HAS ALREADY
BEN RULED ON IN 2004
IN GRIEVANCE CASE # 5985
AND THE BOTTOM BUNK
WAS APPROVED BY THE
BUREAU CHIEF PLEASE
UPHOLD THIS RULING

SIGNED _____

adams
SC1157

Exhibit (C)

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 12/29/2004

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : BIGGINS, JAMES A | SBI#         : 00319264 | Institution   : DCC |
| Grievance #   : 5985 | Grievance Date  : 08/04/2004 | Category     : Individual |
| Status      : Resolved | Resolution Status : Level 3 | Resol. Date  : 12/29/2004 |
| Grievance Type: Health Issue (Medical) | Incident Date    : 11/21/1997 | Incident Time : |
| IGC       : Merson, Lise M | Housing Location : Bldg E, Tier B, Cell 8, Top | |

## OFFENDER GRIEVANCE DETAILS

Description of Complaint: (degenerated spin decease): have been on the the med depts chronic care patient since I begin my sentence here at DCC dated 11/21/97. Durning which i've raised several complaints over the years to the three different medical providers and their administrators regarding the inadequate or non treatment of my spinal condition. These complaints involved mis diagnosed x-rays, denial of treatment, condition needs, and proper medication for pain. In or about April of 2004, following the consideration of a letter of complaint sent to Bureau Chief: Kathy English. Chief Physician: Ali was ordered to review my condition and treatment. Due to displeasure of being ordered, Dctr.Ali, hastly examined me in less than 5 minutes, denied me of any additional medical needs which was approved by Dctr.Brown suchas a bottom bunk(despite two seperate medical memo's being issued and are recorded in my medical file), sneakers, or boots at medical expense to support my arch and back, a brace, and stopped the prescribed medication given to me for pain. While admitting that not only did I suffer with the condition, non of the above medical attention or aids were need, as well as admitting that my condition worsens as I age. Because of the discontinuation of the pain medication, i've remained daily in pain, suffering as well with numness of joints and weakness in knees, sometime failing or stumbling trying to get down off the top bunk. On 7/30/04, I was scheduled to see Dctr.Ihoma. While waiting to see her, she came through and said to me "Mr. Biggins. If you think i'm going to put you back on that pain medication, am not." I asked her could she make me an appointment to see Dctr.Ali again, she said she would. Please note that she reasoned her opinion without even seeing me, but instead had remembered my recent sick call request complaint.(copy of sick call slip attached to grievance) On 8/3/04, I was seen by Dctr.Travedi. While I did not discuss with him all of my current on going medical problems. I did discuss with him the above and express my difficulties of climbing off the top bunk. Dctr.Trevedi agreed that the feldene was for pain, it's for muscle inflamation. He further told me that they don't issue bottom bunks to inmates with back problems. I would have to have a back operation or something. Note further that the reasons to denied me adequate medical treatment continues to change This is just one more excuse. As for as pain medication, he ordered me regular tylenol 500mg. it is recorded as well as in my medical record over the years i've been given this, and other forms of over the counter medication to no effect for my back pain.

Remedy Requested   : would like to receive the proper medical treatment for my needs in accordance with the condition of my complaint as list herein.

## INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| Medical Grievance : YES | Date Received by Medical Unit : 08/17/2004 |
| Investigation Sent  : 08/17/2004 | Investigation Sent To        : Hastings, Terry L |
| Grievance Amount : | |



Exhibit (D)



**CMS**

DEDICATED PEOPLE
MAKING A DIFFERENCE

Correctional Medical Services

Arthur Biggins, SBI 319264
Building E, B-8
1181 Paddock Road
Smyrna, DE 19977

25 July 2006

Dear Mr. Biggins,

    I have received your letter dated 17 July 2006.   I appreciate your patience in letting us deal with this matter.   I apologize for the delays in responding to you but I needed to verify some facts in your case.

    The CMS Regional Manager is not a physician, your letter was forwarded to me for evaluation and response.

    I apologize for the miscommunication of information.   It is not CMS policy to "discontinue all pain medications" but to take a closer look at the utilization of these medications.   Most back pain is caused by inflammation and the use of pain relievers can mask the true source of pain, not allowing for its treatment.  Pain medications can simply relieve the pain without treating the source of the inflammation.   The use of muscle relaxant and non-steroidal anti-inflammatory agents to treat back pain is a widely accepted practice throughout the U.S.  CMS understands the individual needs of each patient and how they respond to treatment will vary; our treatment programs are modified to each patient's specific needs.

    I noted that you had been seen on 17 July 2006 and prescribed Soma in addition to the anti-inflammatory agents you are receiving.  I truly hope this alleviates some of your pain; if not, please discuss this with your healthcare provider so that they may modify your treatment.

Your Partner in Healthcare,

Scott S. Altman
Quality Assurance Monitor
Correctional Medical Services

CC:  Warden Thomas Carroll
       Medical Record

1/24/08

# DELAWARE DEPARTMENT OF CORRECTIONS Emergency
# REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
# FACILITY: DELAWARE CORRECTIONAL CENTER
This request is for (circle one) (MEDICAL) DENTAL  MENTAL HEALTH

James Arthur Biggins
_____ Name (Print) _____

Bldg #22 / A-1-4
Housing Location

5/11/69
Date of Birth

#319264
SBI Number

1/29/08
Date Submitted

Complaint (What type of problem are you having)?

Third request to see doctor, Chronic care patient! All meds have
Expired and my back hurts bad. One of my many medical condition. Have not
had pain medication since last ?? Thursday (1/24/08).

James Arthur Biggins
Inmate Signature

January 29, 2008
Date

**The below area is for medical use only.  Please do not write any further.**

S: Pain med reordered. – JM/RN 1-24-08

O:  Temp:____  Pulse: ____  Resp: ____  B/P: ____  WT: ____

2/10/08 approx 4:35 pm – RN. Nurse still waiting on pain medication
to come in. No answer to whether or not I'll get the PYM's for my sinences
A: that was only given to me for 4 days  2/11/08 appx 5:35am RN. Veria came
giving morning meds, ask her had my pain meds come in and EYM's. She told me,
they should or already have. But want know for sure until they see what the med-
P: tech puts out. She has been on vacation the last few weeks. 2/11/08 appux:
3:45am RN. Knyvir companiod by Sgt. Gibbs advised me that she had checked the medications
after i had shower her the copy of my sick call Monday morning for medication meds.
Told me that there isn't any new orders in for me.

E: nursing please check into this +
take care of problem. 2/4/08 HWB

_____ Provider Signature & Title _____

_____ Date & Time _____

3/1/99 DE01
FORM#:
MED
263

Received 1-30-08, 0900    J. McKenzie RN

Returned 2/9/08    ExE

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

**Date:** 02/04/2008

## GRIEVANCE INFORMATION - BGO

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : DCC |
| **Grievance #** : 138923 | **Grievance Date** : 08/01/2007 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status :** Level 3 | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 08/01/2007 | **Incident Time :** |
| **IGC** : McCreanor, Michael | **Housing Location :** Bldg 22, Upper, Tier A, Cell 4, Bottom | |

| REFERRED TO | | |
|---|---|---|
| **Due Date :** | **Referred to:** | **Name:** |

**Type of Information Requested :**

| DECISION |
|---|
| **Date Received :** 11/28/2007 |

**Decision Date** : 02/01/2008          **Vote :** Uphold

**Comments** :

IM last seen in medical on 1/24/08. IM last seen in cc clinic on 12/4/07.  Medications were ordered on 12/4/07 but not received until 12/14/07 with a 10 day lapse.  Medical vendor needs to ensure timeliness of medication administration.

Ex. F.

EMERGENCY!

# DELAWARE DEPARTMENT OF CORRECTIONS
## REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
## FACILITY: DELAWARE CORRECTIONAL CENTER
### This request is for (circle one): (MEDICAL) DENTAL  MENTAL HEALTH

Name (Print): James Arthur Biggins

Housing Location: MHU #22 / A-11-4

Date of Birth: May 11, 1964

SBI Number: #319264

Date Submitted: April 8th, 2008

Complaint (What type of problem are you having?) On Saturday (April 5th, 2008), I was informed once again that the chronic care treatment meds (Tylone 3) had expired. I have nothing for pain management and suffer dailey constantly, you-all had already failed to give me anything else to assist with the (Tylone 3) for back pain in the last 2 months or so. Despite youre alleged record keeping system, this still happens. I need to see a doctor immediately please.

Inmate Signature: James Arthur Biggins

Date: April 8th, 2008

**The below area is for medical use only.  Please do not write any further.**

S:

O:   Temp:_____   Pulse:_____   Resp:_____   B/P:_____   WT:_____

A:

P:

E:

Provider Signature & Title: _____

Date & Time: _____

X.C. File
U.S. District Court, C.A. No. 1-08-84 GMS

James E. Denec, Esquire
Ophelia M. Waters, Esquire

Ex. G

# DELAWARE DEPARTMENT OF CORRECTIONS
# REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
# FACILITY: DELAWARE CORRECTIONAL CENTER
### This request is for (circle one): (MEDICAL) DENTAL  MENTAL HEALTH

James Arthur Biggins _____    MHU #22 / A-11-4
Name (Print)                              Housing Location

May 11, 1964 _____    #319264 _____    March 28, 2008
Date of Birth                   SBI Number                  Date Submitted

Complaint (What type of problem are you having)? I have already submitted at least four (4) other sick-calls requesting to be seen for chronic care med renewals, but has yet been given an appointment. Can you please tell me when i'm going to get seen, and when do my diet expires? Thank you,

James Arthur Biggins _____    March 28, 2008
Inmate Signature                         Date

### The below area is for medical use only. Please do not write any further.

S: You were seen in CCC on 3-3-08, your next CC appt is due 6-3-08. Also your diet expires 1-4-09 , -8m/RN 4-3-08 (copy sent)

O:    Temp: ____    Pulse: ____    Resp: ____    B/P: ____    WT: ____

A:

P:

E:

_____    _____
Provider Signature & Title              Date & Time

3/1/99 DE01
FORM#:
MED
263

Received 4-3-08; 0900 J. McKenzie RN

Returned 4/12/08    Ex.H



BALICK & BALICK LLC
ATTORNEYS

March 7, 2008

Sidney Balick
Adam Balick
James Drnec
Joseph Naylor

James A. Biggins
SBI# 319264
1181 Paddock Rd.
Unit 22/A-U-4
Smyrna, DE 19977

>          Re:     *Biggins v. Minner, et al.,*
>                  *C.A. No. 08-004 GMS*

Dear Mr. Biggins:

I am in receipt of your letter dated February 29, 2008 wherein you have advised me of your request that certain medical personnel have no further involvement in your care and treatment. You have every right to refuse medical treatment. That is your choice. CMS will not, however, be hiring new personnel simply to suit you.

If an appointment is made or sick call is addressed, and you do not care for the particular medical provider, you may refuse treatment. If no other medical provider is available, you will have to wait until another one is. If none is available at that time, you will have to make another appointment and hope for the best. CMS is committed to providing quality medical care, but cannot provide each inmate with the medical providers of their choice.

**Furthermore, this letter is to advise you that notice of withdrawal of consent to me does not constitute notice to the health care providers you have identified. If at any time you wish not to be treated by one or more of them, you must withhold consent at the time of the treatment. You may not consider any health care provider to be bound by your letter to me.**

Sincerely,

James E. Drnec

JD/jz

Exhibit 1

| Disciplinary# 1030941 | DCC Delaware Correctional Center Smyrna Landing Road SMYRNA DE, 19977 Phone No. 302-653-9261 | Date: 03/13/2007 |

## DISCIPLINARY REPORT

Disciplinary Type: Class1          Housing Unit Bldg E          IR#: 1040437

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|----------------------|------|------|
| 00319264 | Biggins, James A | DCC | E | 03/13/2007 | 10.20 |

Violations: 1.21/200.207 Receiving Stolen Property, 1.27/200.205 Theft, 2.10/200.213 Lying, 2.13/200.111 Possession of Non-Dangerous Contraband

Witnesses:1.N/A          2. N/A          3. N/A

### Description of Alleged Violation(s)

I, Cpl. Lise M. Merson, Was In A Grievance Hearing With Inmate Biggins, James Sbi 00319264. Inmate Biggins Produced A Page From The Delaware Correctional Center'S S.O.P.. Inmates Are Not Allowed To Be In Possession Of Dcc Sop'S. When Inmate Biggins Was Asked By Cpl. Merson How He Came Into Possession Of The Sop He Stated: "The Judge Gave It To Me". When Asked Which Judge Gave Him The Sop, Inmate Biggins Responded :" I Think I Have It Written Down In My Room". James Biggins Admitted To Writing "A-8" On The Bottom Of The Page. End

Reporting Officer: Merson, Lise M (Institutional Grievance Contac)

### Immediate Action Taken

Immediate action taken by: Merson, Lise M -Institutional Grievance Contac

Mab Write-Up, Inmate Advised Of Write-Up, Area Lt. Notified.

### Offender Disposition Details

Disposition: N/A          Date:N/A          Time: N/A          Cell secured? No

Reason: N/A

Disposition Of Evidence: Dcc Sop Secured By Cpl. Lise Merson.

### Approval Information

Approved: [x]     Disapproved: [ ]   Approved By: Barlow, John (Staff Lt./Lt)

Comments: N/A

### Shift Supervisor Details

Date Received: 03/13/2007          Time: 14:56          Received From: Barlow, John

Shift Supervisor Determination:

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

LT John Barl
Barlow, John (Staff Lt./Lt)

I have received a copy of this notice on DATE: 3/13/07  TIME: _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing Officer: ___LT. John Barl___          Offender: _____
                              Barlow, John                                    Biggins, James A



Ex 1-1
Page 1 of 1

03/13/2007
1030941

DCC  **Delaware Correctional Center**    Date: **03/13/2007**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

## NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

TO: **Inmate:** Biggins, James A                    **SBI#:** 00319264    **Housing Unit:** Bldg E

1.  You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2.  At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
    How do you plead ? **[  ] Guilty      [ X ] Not Guilty**

3.  A "Minor Offense"  is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Written Reprimand
    b.  Loss of one or more privileges for a period of time **of more than 24 hours but not to exceed 15 days.**

4.  A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Loss of one or more privileges for a period of time not to exceed 90 days.
    b.  Confinement to assigned quarters for a period of time not to exceed 90 days.
    c.  Isolation confinement for a period of time not to exceed 90 days.
    d.  Loss of good time for a period of time not to exceed 90 days.
       (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner
       or his designee.)

5.  You have the right in the disciplinary process as stated on the lower and back of this page.
    These have been fully explained to you at the time of this notification.

6.  Counsel requested       **No**                    Name of Counsel: ,

7.  Confront accuser?       **Yes**

8.  Witness requested?      **Yes**                    Name of Witness: Kenneth Fink,
                                                                Capt. Mccreanor,

I certify that on **03/13/2007**   at **14:57**   , I
served upon the above inmate this notice of
Disciplinary Hearing for Minor/Major Offense and
the Disciplinary Report is attached hereto.

LT. _____  UNIT 13

**(Employee's Signature & Title)**
Barlow, John

I have received copies of 122 & 127 and
understand my rights as Form # 127 has
been read to me

**(Inmate's Signature)**
Biggins, James A

Ex.4-2
**Page 1 of 2**

<u>Sworn Affidavit</u>

I, James Arthur Diggins, do swear under penalty of prejury that the foregoing statements are true and correct. That on Tuesday March 13, 2007, a grievance hearing was convened for me regarding the denial of "legal" photocopies under grievance number "10160". Partaking in this matter was grievant chairperson Michael Mc Creanor and Lisa M Merson. The hearing was also facilitated by building counselor Kelvin Fletcher and inmate representatives Kenneth Fink and Frank Wallace.

As an exhibit to substanuate my claim, I submitted to them a copy of the Dept of Corrections, SOP number "5.1.2 stating that "photocopies are supplied for all legal documents." At which time, upon being reviewed by Cpt. Mc Creanor, Cpl. Merson ask to see the document. When it was handed over to her, she ask me where did I get it. I responded by informing her that I had obtained promission to the document and others through a past court case. Cpl. Merson immedialtely disputed that fact stating that I was lying "the court would never do that because they know we're not allowed DOC rules." I than told Cpl. Merson that I could prove it to her if she gave me just 5 minutes, I would go to my cell and retreive the trial transceript of the proceeding. Cpl. Merson than said to me "No! You can show it to the hearing officer because im going to write you up." Later that day Lt. Barlow served on me her write up accusing me of the following rule violations:

    (a) Receiving Stolen Property 1.21/200.202;
    (b) Theft 2.27/200.205;
    (c) Lying 2.10/200.213; and
    (d) Possession of Non-Dangerous Contraband 2.13/200.111

Ex. A-3

On Friday, March 23, 2007, StI/LL B Williams, DCC hearing officer dismissed all charges stating that "residents can get copies of such in court proceedings".

## Complaint

This is Cpl. Merson's second reprisal against me for the use of the grievance system in violation of my right to "address my grievances". In August of 2001, Cpl. Merson committed the first offense under report no. 4339 for:

      (a) Threatening or Disorderly Behavior 200.203; and
      (b) Insulting and Taunting.

Both of these charges were dismissed because StI/LL B Williams informed at that time, that Cpl. Merson did not possess the authority to issue disciplinary reports as a grievance officer. However, due to her action at that time I was forced to remain in MHU2 for an extented period of 90 days because I received the write-up itself. Cpl. Merson actions and conduct is very disruptive to the grievance office and to inmates who uses it. She have continued to show a neglect of the rules that governing her authority in her official capacity.

Furthermore, she continues at every turn to show her propensity for personal attacks on me, by rejecting and unreasonably commenting to my grievances in an unprofessional way. It should be troublesome to the administration that her pattern of abuse is unchecked. And as desturbing is the fact of all of this, Cpl. Mc. Creanor grievance chairperson found nothing wrong with the entry of my Exhibit. let, he

Ex 4-4

did nothing to stop her actions. Let it be known that both are litigants in a civil complaint in which I have pending since May of 2006. See Biggins v Mulaney, et al., 06-07-545 (Court of Common Pleas) (2007) Cpt. Mc Cecanor lack to assert his authority over her to hinder what was done, shows on his part a complete contempt for DOC/DCC rules and demonstrates his role as a conspirator to her action.

Relief

I respectfully request by the facts submitted and evidence of the records that neither Cpl. Merson or Cpt. Mc Cecanor be deemed suitable to review, investigate or sit on any grievance committee regarding any issues that I have or may submit in the future while there is ongoing pending litigation between us.

Dated: March 29, 2007

Sincerely,

James Arthur Biggins #319274
Delaware Correctional Center
Smyrna, Delaware 19977

Dated: 29 March 2007

Timothy J. Mauro
Notary
my Commission expires: June 19, 2008

* Attachments are as described within as (1) Disciplinary Report, (2) Disciplinary Hearing Decision, (3) Inmate Grievance Procedure (identifying violation as underlined), and (4) A copy of Cpl. Merson's first violation in 2006. Noting again that through the use of her position, I've been continuously subjected to reprisals.

Ex. A-5.

In The United States District Court
In And For The District Of Delaware

James Arthur Biggins,
                Plaintiff,

vs.                                          C.A.No. 1-08-04 GMS

Governor: Ruth Ann Minner, et al.,
                Defendants.

## Sworn Affidavit

I, James Arthur Biggins, Plaintiff in the above captioned case, do hereby declare under penalty of perjury that the hereafter statements are true and correct to the very best of my knowledge and recollection.

1. On the morning of April 9, 2008, at approximately 10:20 am or so Officer: Treehune came and informed me that I had a grievance hearing.

2. Being caught off guard and unprepared because Sunday the grievance hearing notification had just been posted for upcomming institutional grievances. The notice further informed that the hearings would not be conducted until April 19, 2008, and to be ready.

3. Nonetheless, I open my cell door wide so that grievant chairperson Cpl. Molly Gross could see that I was trying to prepare myself.

4. By the time I had prepared myself within minutes and proceeded to go down stairs, Cpl. Gross begin hollering "come on I aint got all day. You should've been ready."

5. I responded by asking her was it the 19th yet?

6. Cpl. Gross than said "I dont care what day it is. I'm here, you should've been ready. Look, you dont want your grievance heard. It makes me no difference, go lock youre damn ass in there. I dont care and write a grievance on ME."

7. I informed Cpl. Gross, having never left from upstairs, but walking downward. "If you are going to act like that, I dont care."

8. Cpl. Gross abruptly got up from the day room rec area table and proceeded as if she was comming to confront me. I turned and went back to my cell locking the door.

9. Cpl. Gross could be heard blurting continual profanity and saying other things, eventhough I was locked in.

Ex. K-1

10. Present and in close proximation of this event was Sgt. A. deeman and my cell mate Lenord McDonald.

Dated: April 9, 2008

Leonord Mc Donall
Witness (sworn in absence of Notory due to school))

Dated: April 10, 2008

Affiant

Dated: April 10, 2008

Notseal

Ex. K-2

Disciplinary# 1039979

**Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 04/14/2008

# DISCIPLINARY REPORT

| Disciplinary Type: Class2 | Housing Unit Bldg 22 | IR#: 1052392 |
|---|---|---|

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00319264 | Biggins, James A | DCC | Bldg.23 A Tier | 04/09/2008 | 10:40 |

**Violations:** 2.05 Disrespect, 2.09 Late For Appointment / Assignments

| Witnesses:1. N/A | 2. N/A | 3. N/A |
|---|---|---|

## Description of Alleged Violation(s)

While holding Grievance Hearings in Building 23 on A Tier, I Cpl. Molly Gross told I/M James Biggins SBI# 00152903, to get ready we were having his grievance hearings. Sgt. Jarman called his cell to be opened and again told him to get ready and come out he had grievance hearings. I C/O Molly Gross sat down at one of the stainless steele tables in view of I/M Biggins cell. I/M Biggins was over dramatizing the time it took to come out of his cell, and kept looking out his cell door and smiling smugly. At this point I told I/M Biggins to hurry up we had other Tiers to go to, and other I/M to see. I/M Biggins then comes out of his cell and as he was walking to the steps he stated " I don't give fuck I don't need these grievances any way." I stated to I/M Biggins " If you dont come to the hearings the grievances will be withdrawn." I/M Biggins stated " Withdraw them then." I complied with his statement and grievances were withdrawn by Cpl. Matthew Dutton. I then told I/M Biggins to go lock in, his cell was secured and Inmate Grievance hearing resumed on other tiers. I/M Biggins is being written up on 2.05 Disrespect, and 2.09 Late for Apponitment/ Assignment.
**Reporting Officer:** Gross, Molly (CO Corporal/Sgt. - Large Inst.)

### Immediate Action Taken

**Immediate action taken by:** Gross, Molly -CO Corporal/Sgt. - Large Inst.

404 Written And Capt. Mccreanor Notified.

### Offender Disposition Details

**Disposition:** N/A | **Date:** N/A | **Time:** N/A | **Cell secured?** No

**Reason:** N/A

**Disposition Of Evidence:** N/A

### Approval Information

**Approved:** [x]  **Disapproved:** [ ]  **Approved By:** Mccreanor, Michael (Shift Commander - Large Inst.)

**Comments:** N/A

### Shift Supervisor Details

**Date Received:** | **Time:** | **Received From:** ,

**Shift Supervisor Determination:**

[ ]  Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]  Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

Mccreanor, Michael (Shift Commander - Large Inst.)

I have received a copy of this notice on **DATE:** _____ **TIME:** _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing Officer:** _____

**Offender:** _____
Biggins, James A

Ex. K-3

In The United States District Court Of The State Of Delaware

To The Honorable Gregory M. Sleet
        Judges Chambers
U.S. District CourtHouse, Lockbox 19
    844 North King Street
Wilmington, Delaware 19801-3570

C.A. No. 1-08-04 GMS
C.A. No. 07-574 GMS

Your Honor,
            Due to the recent event of the morning April 14, 2008. I request a minute of you're time please.

Right about now you should be receiving my last sworn affidavit regarding Cpl. Molly Gross conduction of a grievance hearing on the morning of April 10, 2008. I was awaken about 9:45 am on the above date and informed by C/O. Treehouse that I had an alleged dental appointment. Once I arrived at building #24 where the dentist office is located, I was there informed by Lt. _____ DUAM that "the captain is coming over to see you". I was locked in a classroom until the captain arrived. A short time later Cpt. McCreanor arrived and they took me into the lieutenant's office at which time I was advised by him that he was there to serve me with a Major Disciplinary Writeup for Disrespect and Late for Appointment/Assignment. See attached copy hereto.

Sir, I need not try to explain their actions. I'm certain that they speak for themselves. In light of my last affidavit to you, I've been a little suspicious of my legal material being kept back and forward to administration officials, and this pretty much proves it. Notice that she (Cpl. Gross) only changed enough of the facts to sway her way. But as is clear from my last affidavit, I did absolutely nothing to warrant (Cpl. Gross) actions on April 10, 2008, Even more unusual, captains don't serve writeups unless they have an agenda. The process is to serve writeups through procedural challenges, area lieutenant to serve on inmates. Moreover, Cpt. McCreanor is an alleged shift commander for the main compound (although he works in the grievance office). What brings him out of his jurisdiction to serve a writeup? That too sir I believe is also known. I also want you to know that I never was ask as procedure did I want to face my accuser, have counsel or have a witness (s). Why because Mc Creanor had already checked no in all relevant boxes and plead me to not guilty. In accordance with DOC/DCC Disciplinary Policy this should be done in all disciplinary actions unless (a) inmate pleads guilty, or (b) the writeup is not a major infraction.

Ex K-4

Although my affidavit speaks for me, it is something to see what I usually experince with DCC staff, employees (civilian) and correctional officers. They will go to any length to re-taliate against me, even denying me Due Process in disciplinary hearings to punish me for me stand for my rights (via) letters and legal addresses through the Courts. Sir, please do not let the fact by you that Cpl. Mc Creanor is a named party in both of my civil actions before you as some others as well. However, I have little or no contact with them. Cpt. Mc Creanor, SW/Lt. Profaci and Cpl. Gross are in positions to do whatever they want, when they want without any oversight.

Your Honor, I greatly would appreciate you endevouring to restrict their access and control over me, in light of their continual conduct. Letters to their superiors, the governor and attorney does no good. What must become of their actions to demonstrate that inter-vention is sincerely need.

Dated: April 14, 2008

Thank forever for your time,
James Arthur Riggins

CC: File
Warden's Office
Commissioner's Office
Governor's Office
James E. Drewe (CMS Atty.)
Ophelia M. Waters (DOC/DCC acting Att (DAG))

**DR#**
**1039979**

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone#: 302-653-9261



# NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

TO: Inmate: Biggins, James A                  SBI#: 00319264        Housing Unit: Bldg 22

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
   How do you plead ? [  ] Guilty      [ X ] Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time **of more than 24 hours but not to exceed 15 days.**

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of time not to exceed 90 days.
   b. Confinement to assigned quarters for a period of time not to exceed 90 days.
   c. Isolation confinement for a period of time not to exceed 90 days.
   d. Loss of good time for a period of time not to exceed 90 days.
      (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested    **No**              Name of Counsel: ,

7. Confront accuser?    **No**

8. Witness requested?    **No**              Name of Witness: ,

I certify that on            at          , I
served upon the above inmate this notice of
Disciplinary Hearing for Minor/Major Offense and
the Disciplinary Report is attached hereto.

(Employee's Signature & Title)

I have received copies of 122 & 127 and
understand my rights as Form # 127 has
been read to me

_____
(Inmate's Signature)
Biggins, James A

**Page 1 of 2**

Ex. K-6

**DCC  Delaware Correctional Center**                    Date: 04/14/2008
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

## NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

### INMATE RIGHTS IN THE DISCIPLINARY PROCESS

**MINOR OFFENSE :**

**Right to Remain Silent:** If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. If you choose to remain silent, your silence will not be considered against you at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

**Presence:** You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

Ex.K-1

DR # _103_
_1974_

Date: _4-21-08_

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

☐ Class I (Major)   ☒ Class II (Minor)   ☐ Summary (24 Hour LOAP)

**Inmate:** _Wiggins, James A_                                **SBI#:** 00 _319264_
**Institution:** Delaware Correctional Center   **Hearing Date:** _4-21-08_   **Time:** _1030_

**Inmate Present:** ☒ Yes   ☐ No

    **Reason (If No):** _____

**Violation:** _Disrespect, Lying to staff_
**Inmate Plea:** _N/G_
**Inmate Statement:** _Inmate stated that the write up is not true._

**Witness Name:** _N/A_
**Testimony:** _____

**Witness Name:** _N/A_
**Testimony:** _____

**Witness Name:** _N/A_
**Testimony:** _____

**Decision:** ☒ Guilty   ☐ Not Guilty   ☐ Further Investigation
**Rational:** _Based on report inmate guilty of charges._

**Sanctions:** _Written Reprimand_
                                **Hearing Officer's Signature** _J. Kufus_

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

☐  I do intend to appeal.
☒  I do not intend to appeal.                     _J. Wiggins_
                                              Inmate's Signature

## ORDER TO IMPLEMENT SANCTIONS

☐   Inmate does not wish to appeal        ☐   Appeal has been denied by Commissioner or Designee
☐   Sanctions have been modified          ☐   Time Limit (72 hours since hearing) for appeal has expired

**Modifications:** _____
It is hereby ordered to implement the sanctions or modified sanctions on **Date:** _____   **Time:** _____
Form 121 – May 30, 2003 – 2 pt. NCR  DACS

Ex. K-8

To Joseph F. Biden III
Attorney General of Delaware
Delaware Department of Justice
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801

Legal

## Affidavit and Letter

On March 23, 2008, at appox 8:13 pm staff lieutenant and lieutenant Alisa Profaci and Maggie McNeal were conducting a tier walk through. Shortly thereto, sergeant Peacheck had advised me that they where on the tier and that I might want to say something to Stf/Lt. Profaci about no extra laundry bags being available from destributing, because on March 20, 2008, my laundry wasn't returned and it was her responsibility to make sure that extra bags was available in order to facilitate continual laundry services for inmates in need of replacement bags. As Stf/Lt. Profaci, Lt. McNeal, Sgt. Peacheck, and Cpl. Marshall approached my cell I attempted to do as had been advised by Sgt. Peacheck regarding Stf/Lt. Profaci. It was clearly obvious from the onset that she did not want to communicate with me and attempted to pass me on to her subordinates. I then advised her that all of them was aware already and had been told to inform her, for my effort she immediately entered my cell and begin ransaging. Durring such time, she came accross two (2) cardboard boxes under my bunk and stepped back out of the cell hostiley ordered me to take my legal material out of the boxes.

I explained to Stf/Lt. Profaci that I didn't have a problem with her order, but didn't want her subordinates later trying to charge me with disciplinary actions for having to store my property on the floor. She then advised me "I dont care what you do with it. Just get it out of the boxes or I'll take it." I again voiced my concerns previously stated and she approved for me to be able to keep my legal material on the floor. I then looked onto Sgt. Peacheck (4-12 Shift) building lord/leader and to Lt. McNeal who is supervissing officer on two (2) to three (3) nights weekly in the building and said "you all heard that right"? While no one spoke they acknowledged by shaking their heads in an affirmative yes. I then removed my legal material from the boxes and past them out to Sgt. Peacheck. And they then left.

Mr. Attorney General, here are some things that you should be mindful that demonstrates that Stf/Lt. Profaci's only reason for doing what she done was (a) to abuse her authority and (b) harass me in retaliation for my legal court actions, in which you already are aware that she is one (1) of many parties to. Stf/Lt. Profaci was conducting a "walk through" as such the policy does not provide for prison employees intrusions into a cell unless visually he or she sees something in it out of place. With that being said, this was not a case. See, Jordan v. Bellinger, 122 F. Supp. 2d at 231 n. *2 (D.Del 2000)(citing Bell v. Wolfish, 441 U.S. at 560, 99 S. Ct. 1861 (1979)" searches of prisoners or their cells must be still conducted in a reasonable manner". Government must generally have a legitimate

Ex.L-1

need or reason for conducting the search and must demonstrate that a less intrusive measure would not satisfy that need. U.S.C.A Const Amend, 4. 1. 1. ; Thornton v. Redman, 435 F. Supp. 876 (DD 1977) ( "Constitution protects prisoners from arbitrary seizure of or interference with items of personal property by state officials acting under color of state law. U.S.C.A Const Amends, 4 & 5; 42 U.S.C.A § 1983. And as you see further aware through my letter submitted to you last week, that ive went out of my way to conduct myself properly and through DCC administrative channels requesting approval of two (2) boxes for storing my three active case material in. See, Biggins v. Carroll, et al., C.A No. 08M-01-875 CH 1 (On Appeal); Biggins v. Minner, et al., C.A. No. 3623-CC ; and Biggins v. Minner, et al., C.A. No. 1-08-cv-4 GMS. In addition to Biggins v. Carroll, et al., C.A No. 1-07-cv-574 GMS (making four active cases). But unreasonably DCC through Mr. Little has refused me. See attached memo, exhibit A. This too shows DCC's obvious retaliation for my civil redresses, Why else would they not be willing to give boxes to someone that has provided them with the evidence of need? An upright standing locker with only two (2) shelves cannot provide enough space to store clothing, hygiene products and commissary, less alone the legal material of four (4) cumulating cases!

You should also note the fact that SET/LT Profaci had been the officer assign to get my legal material back, after it had been illegally taken by other DCC employees back in July of 2007. See accompanied exhibit of noted details marked B, at date 6/4/07. Having been involved in such away, makes what she said just that much more egregious. Retaliation against a prisoner is a violation of one's rights if it is capable of deterring a person of ordinary firmness from exercising his or her right to access to courts. Thaddeus X. 175 F. 3d at 398 (6th Cir. 1999); Lewis v. Casey, 518 U.S. 343, 355 (1996); Mitchell v. Horn, 318 F. 3d 523, 530 (3d. Cir. 2003). Prison officials do not have the right to just do what they want. In sum, ive observed SET/LT. Profaci for quite sometime now pointing me out to other DCC employees and officers and there's none or little doubt that she has advanced numerous derogatory remarks about me as I heard last night. Prior to that, I was willing to half way assume that just may be she were having a bad day, having one (1) of those midlife crisis for women from 45-50, or her girlfriend left her. But watching her de-meanor and having no valid reason for her conduct other than to harass and retaliate. No one in her posision need to perform under these conditions cloaked with government authority. I request her removal from MHU operations. There cannot be an legitimate argument made that she is not a threat to my health, safety and security, because like last night she is very comfortable doing whatever she feels, with no regret or concern for reprimand. From this point on, sir, respectfully im holding you, the governor, commissioner of corrections, and warden of DCC responsible for my safety. Additional, letters and copies of this affidavit and letter are being forwarded to the above parties and Judge Gregory Sleet of the U.S. District Court of Delaware. "Prison officials may not retaliate against prisoners because prisoner file a grievance, etc. DeWalt v. Carter, 224 F. 3d 607 (7th Cir. 2000).

Ex. 1-2

I, the affiant James Arthur Biggins, do hereby solemnly declare under penalty of perjury that all of the before mentioned statements made herein are true and correct to the very best of my knowledge and recollection.

Dated: ~~March~~ April 1, 2008

_____
James Arthur Biggins #311264
Delaware Correctional Center
MHU #22/A-U-4
1181 Paddock Road, P.O. Box 500
Smyrna, Delaware 19977

Dated: 4 - 1 , 200 8

_____
Notary

Certificate Of Service

I, James Arthur Biggins, hereby certify that I have caused true and correct copies of the attached Affidavit and Letter upon the following parties:

To: Governor Ruth Ann Minner
    Tatnall Building
    150 William Penn Street, 2nd Floor
    Dover, Delaware 19901

To: Carl C. Danberg, Commissioner of Dept Of DOC
    Commissioner's Office
    245 McKee Road
    Dover, Delaware 19904

To: Warden: Perry Phelps
    Warden's Office
    Delaware Correctional Center
    Smyrna, Delaware 19977

To: The Honorable Gregory M Sleet
    U.S. District Court Of Delaware
    844 North King Street, Lockbox 19
    Wilmington, Delaware 19801

Dated: March____, 2008

_____

Ex-L-3

Westlaw.

Library

127 S.Ct. 2197                                                                                          Page 1
127 S.Ct. 2197, 167 L.Ed.2d 1081, 75 USLW 3643, 07 Cal. Daily Op. Serv. 6362, 2007 Daily Journal D.A.R. 8015,
20 Fla. L. Weekly Fed. S 317
**(Cite as: 127 S.Ct. 2197)**

▷
Erickson v. Pardus
U.S.,2007.

Supreme Court of the United States
William ERICKSON, Petitioner,
v.
Barry J. PARDUS et al.
**No. 06-7317.**

Decided June 4, 2007.

**Background:** Prisoner brought a pro se § 1983 suit
against prison medical officials, alleging deliberate
indifference to his serious medical needs, in viola-
tion of his Eighth Amendment rights. The United
States District Court for the District of Colorado,
2006 WL 650131, dismissed, and the prisoner ap-
pealed. The United States Court of Appeals for the
Tenth Circuit, 198 Fed.Appx. 694, 2006 WL
2640394, affirmed. Prisoner filed petition for writ
of certiorari.

**Holding:** The Supreme Court held that prisoner
properly alleged that he suffered substantial harm.

Certiorari granted, judgment vacated, and case re-
manded.

Justice Scalia would have denied petition for writ
of certiorari.

Justice Thomas filed dissenting opinion.
West Headnotes
**[1] Civil Rights 78 ⚖═1395(7)**

78 Civil Rights
  78III Federal Remedies in General
    78k1392 Pleading
      78k1395 Particular Causes of Action
        78k1395(7) k. Prisons and Jails; Pro-
bation and Parole. Most Cited Cases
State prisoner's pro se § 1983 complaint, alleging
that termination of his treatment for hepatitis C was

endangering his life and that he was still in need of
treatment for the disease, gave prison officials fair
notice of prisoner's claim of substantial harm, sup-
portive of claim of deliberate indifference to his
serious medical needs, in violation of Eighth
Amendment. U.S.C.A. Const.Amend. 8; 42
U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 8(a)(2),
28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⚖═673**

170A Federal Civil Procedure
  170AVII Pleadings and Motions
    170AVII(B) Complaint
      170AVII(B)1 In General
        170Ak673 k. Claim for Relief in Gen-
eral. Most Cited Cases
Under the notice pleading standard, specific facts
are not necessary; the statement need only give the
defendant fair notice of what the claim is and the
grounds upon which it rests. Fed.Rules
Civ.Proc.Rule 8(a)(2), 28 U.S.C.A.

**[3] Federal Civil Procedure 170A ⚖═1835**

170A Federal Civil Procedure
  170AXI Dismissal
    170AXI(B) Involuntary Dismissal
      170AXI(B)5 Proceedings
        170Ak1827 Determination
          170Ak1835 k. Matters Deemed Ad-
mitted. Most Cited Cases
When ruling on a defendant's motion to dismiss for
failure to state a claim, a judge must accept as true
all of the factual allegations contained in the com-
plaint. Fed.Rules Civ.Proc.Rule 12(b)(6), 28
U.S.C.A.

**[4] Federal Civil Procedure 170A ⚖═657.5(1)**

170A Federal Civil Procedure
  170AVII Pleadings and Motions
    170AVII(A) Pleadings in General
      170Ak654 Construction
        170Ak657.5 Pro Se or Lay Pleadings
          170Ak657.5(1) k. In General. Most

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00004-GMS    Document 54    Filed 05/20/2008    Page 36 of 41

Cited Cases

A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Fed.Rules Civ.Proc.Rule 8(a)(2), (f), 28 U.S.C.A.

**\*2197 PER CURIAM.**

Imprisoned by the State of Colorado and alleging violations of his Eighth and Fourteenth Amendment protections against cruel and unusual punishment, William Erickson, the petitioner in this Court, filed suit against prison officials in the United States District Court for the District of Colorado. He alleged that a liver condition resulting from hepatitis C required a treatment program that officials had commenced but then wrongfully terminated, **\*2198** with life-threatening consequences. Deeming these allegations, and others to be noted, to be "conclusory," the Court of Appeals for the Tenth Circuit affirmed the District Court's dismissal of petitioner's complaint. 198 Fed.Appx. 694, 698 (2006). The holding departs in so stark a manner from the pleading standard mandated by the Federal Rules of Civil Procedure that we grant review. We vacate the court's judgment and remand the case for further consideration.

Petitioner was incarcerated in the Limon Correctional Facility in Limon, Colorado, where respondents Barry Pardus and Dr. Anita Bloor were working as prison officials. After Dr. Bloor removed petitioner from the hepatitis C treatment he had been receiving, petitioner sued under 42 U.S.C. § 1983, complaining, *inter alia,* that Dr. Bloor had violated his Eighth Amendment rights by demonstrating deliberate indifference to his serious medical needs. See, *e.g.*, *Estelle v. Gamble,* 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment," and this includes "indifference ... manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed" (footnotes

and internal quotation marks omitted)); see also *Helling v. McKinney,* 509 U.S. 25, 35-37, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

Petitioner based his claim on the following allegations, which we assume to be true for purposes of review here: Officials at Colorado's Department of Corrections (Department) diagnosed petitioner as requiring treatment for hepatitis C. After completing the necessary classes and otherwise complying with the protocols set forth by the Department, petitioner began treatment for the disease. The treatment, which would take a year to complete, involved weekly self-injections of medication by use of a syringe. Soon after petitioner began this treatment, prison officials were unable to account for one of the syringes made available to petitioner (and other prisoners) for medical purposes. Upon searching, they found it in a communal trash can, modified in a manner suggestive of use for injection of illegal drugs. Prisoner Complaint in Civ. Action No. 05-CV-00405-LTB-MJW (D.Colo.), p. 3 (hereinafter Petitioner's Complaint).

Prison officials, disbelieving petitioner's claim not to have taken the syringe, found that his conduct constituted a violation of the Colorado Code of Penal Discipline for possession of drug paraphernalia. Letter from Anthony A. DeCesaro to William Erickson (Sept. 30, 2004), attached to Petitioner's Complaint. This conduct, according to the officials, led to the "reasonable inference" that petitioner had intended to use drugs, so the officials removed petitioner from his hepatitis C treatment. *Ibid.*"The successful treatment of Hepatitis C is incumbent upon the individual remaining drug and alcohol free to give the liver a better chance of recovery," they indicated, *ibid.*, an explanation they later offered to defend against petitioner's allegations of cruel and unusual punishment, see Defendants' Motion to Dismiss in Civ. Action No. 05-CV-00405-LTB-MJW, p. 10. Assuming that a person in the course of this treatment takes illicit drugs, the prison's protocol mandates a waiting period of one year followed by a mandatory drug education class lasting six months. Brief in Opposition 4. Petitioner therefore could face a delay of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

127 S.Ct. 2197                                                                                    Page 3
127 S.Ct. 2197, 167 L.Ed.2d 1081, 75 USLW 3643, 07 Cal. Daily Op. Serv. 6362, 2007 Daily Journal D.A.R. 8015,
20 Fla. L. Weekly Fed. S 317
**(Cite as: 127 S.Ct. 2197)**

some 18 months before he would be able to restart treatment.

**\*2199** [1] In his complaint petitioner alleged Dr. Bloor had "removed [him] from [his] hepatitis C treatment" in violation of department protocol, "thus endangering [his] life." Petitioner's Complaint 2. Petitioner attached to the complaint certain grievance forms. In these he claimed, among other things, he was suffering from "continued damage to [his] liver" as a result of the nontreatment. Colorado Dept. of Corrections Offender Grievance Form (June 30, 2004). The complaint requested relief including damages and an injunction requiring that the Department treat petitioner for hepatitis C"under the standards of the treatment [protocol] established by [the Department]." Petitioner's Complaint 8.

Three months after filing his complaint, and well before the District Court entered a judgment against him, petitioner filed a Motion for Expedited Review Due to Imminent Danger, in Civ. Action No. 05-B-405 (MJW) (D.Colo.). Indicating it was "undisputed" that he had hepatitis C, that he met the Department's standards for treatment of the disease, and that "furtherance of this disease can cause irreversible damage to [his] liver and possible death," petitioner alleged that "numerous inmates" in his prison community had died of the disease and that he was "in imminent danger" himself "due to [the Department's] refusal to treat him." *Ibid.* He had identified similar allegations in an earlier filing, explaining that "his liver is suffering irreversible damage" due to the decision to remove him from treatment and that he "will suffer irreparable damage if his disease goes untreated." Plaintiff's Objections to the Magistrate's Recommendations in Civ. Action No. 05-CV-00405-LTB-MJW, p. 3.

Respondents answered these filings with a motion to dismiss. The Magistrate Judge recommended, as relevant, that the District Court dismiss the complaint on the ground it failed to allege Dr. Bloor's actions had caused petitioner "substantial harm." Recommendation on Defendants' Motion To Dismiss, p. 12. The District Court issued a short order

indicating its agreement with the Magistrate Judge and dismissing the complaint.

The Court of Appeals affirmed. It quoted extensively from the Magistrate Judge's discussion of "substantial harm" before holding that petitioner had made "only conclusory allegations to the effect that he has suffered a cognizable independent harm as a result of his removal from the [hepatitis C] treatment program." 198 Fed.Appx., at 698. Acknowledging decisions by courts that have found Eighth Amendment violations when delays in medical treatment have involved "life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems" (and that have, moreover, indicated the Eighth Amendment "protects against future harm to an inmate"), *id.,* at 697 (internal quotation marks omitted), the court nevertheless found petitioner's complaint deficient: Petitioner had, according to the court, failed to "allege that as a result of the discontinuance of the treatment itself shortly after it began or the interruption of treatment for approximately eighteen months he suffered any harm, let alone substantial harm, [other] than what he already faced from the Hepatitis C itself,"*id.,* at 698 (internal quotation marks omitted). Having reached this conclusion, the court saw no need to address whether the complaint alleged facts sufficient to support a finding that Dr. Bloor had made her decisions with a "sufficiently culpable state of mind." *Id.,* at 697, 698 (internal quotation marks omitted).

It may in the final analysis be shown that the District Court was correct to grant respondents' motion to dismiss. **\*2200** That is not the issue here, however. It was error for the Court of Appeals to conclude that the allegations in question, concerning harm caused petitioner by the termination of his medication, were too conclusory to establish for pleading purposes that petitioner had suffered "a cognizable independent harm" as a result of his removal from the hepatitis C treatment program. *Id.,* at 698.

[2][3] Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

127 S.Ct. 2197                                                                                          Page 4
127 S.Ct. 2197, 167 L.Ed.2d 1081, 75 USLW 3643, 07 Cal. Daily Op. Serv. 6362, 2007 Daily Journal D.A.R. 8015,
20 Fla. L. Weekly Fed. S 317
**(Cite as: 127 S.Ct. 2197)**

claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, ----, 127 S.Ct. 1955, 167 L.Ed.2d 929, ---- - ---- (2007) (slip op., at 7-8) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra,* at ----, 127 S.Ct. 1955 (slip op., at 8-9) (citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The complaint stated that Dr. Bloor's decision to remove petitioner from his prescribed hepatitis C medication was "endangering [his] life." Petitioner's Complaint 2. It alleged this medication was withheld "shortly after" petitioner had commenced a treatment program that would take one year, that he was "still in need of treatment for this disease," and that the prison officials were in the meantime refusing to provide treatment. *Id.,* at 3, 4. This alone was enough to satisfy Rule 8(a)(2). Petitioner, in addition, bolstered his claim by making more specific allegations in documents attached to the complaint and in later filings.

[4] The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed *pro se* is "to be liberally construed," *Estelle,* 429 U.S., at 106, 97 S.Ct. 285, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,"*ibid.*(internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Whether petitioner's complaint is sufficient in all

respects is a matter yet to be determined, for respondents raised multiple arguments in their motion to dismiss. In particular, the proper application of the controlling legal principles to the facts is yet to be determined. The case cannot, however, be dismissed on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue. Certiorari and leave to proceed *in forma pauperis* are granted, the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

Justice SCALIA would deny the petition for a writ of certiorari.

Justice THOMAS, dissenting.
I have repeatedly stated that the Eighth Amendment's prohibition on cruel and unusual punishment historically concerned only injuries relating to a criminal sentence. *Farmer v. Brennan,* 511 U.S. 825, 861, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)**2201** (opinion concurring in judgment); *Helling v. McKinney,* 509 U.S. 25, 42, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (dissenting opinion); *Hudson v. McMillian,* 503 U.S. 1, 18-20, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (dissenting opinion). But even applying the Court's flawed Eighth Amendment jurisprudence, "I would draw the line at actual, serious injuries and reject the claim that exposure to the *risk* of injury can violate the Eighth Amendment." *Helling, supra,* at 42, 113 S.Ct. 2475 (THOMAS, J., dissenting). Consistent with these views, I would affirm the judgment of the Court of Appeals. I respectfully dissent.

U.S.,2007.
Erickson v. Pardus
127 S.Ct. 2197, 167 L.Ed.2d 1081, 75 USLW 3643, 07 Cal. Daily Op. Serv. 6362, 2007 Daily Journal D.A.R. 8015, 20 Fla. L. Weekly Fed. S 317

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 890917 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**

Meyer v. Department of Correction
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Terri Lee MEYER, Plaintiff,

v.

DEPARTMENT OF CORRECTION, Paul Howard,
Stanley Taylor, Patrick Ryan, WCI Supervisor
George O'Connor, Colleen Shotzberger, Capt. NFN
Repetti, Correctional Medical Services, Dr. Hooper,
and Dr. NFN Jacovb, Defendants.
**No. Civ. 06-117-SLR.**

March 27, 2006.

Terri Lee Meyer, New Castle, DE, pro se.

MEMORANDUM ORDER

ROBINSON, J.

**\*1** Plaintiff, Teri Lee Meyer, an inmate housed at the
Delores J. Baylor Women's Correctional Institution
("BWCI"), moves the court for a preliminary injunc-
tion. (D.I.5) She also filed a document entitled
"habeas corpus" which the court construes as a mo-
tion to transfer. (D.I.6) In her complaint, plaintiff al-
leges she has been retaliated against and prevented
from filing a lawsuit that would reveal numerous vi-
olations at BWCI. (D.I.2)

When considering a motion for a temporary restrain-
ing order or preliminary injunction, plaintiff must
demonstrate that she is (1) likely to succeed on the
merits; (2) denial will result in irreparable harm; (3)
granting the injunction will not result in irreparable
harm to the defendants; and, (4) granting the injunc-
tion is in the public interest. *Maldonado v. Houstoun,*
157 F.3d 179, 184 (3d Cir.1997). "[A]n injunction
may not be used simply to eliminate a possibility of a
remote future injury, or a future invasion of rights,"
*Continental Group, Inc. v. Amoco Chems. Corp .,*
614 F.2d 351, 359 (3d Cir.1980) (quoting *Holiday
Inns of Am., Inc. v. B & B Corp.,* 409 F.2d 614, 618
(3d Cir.1969)). "The relevant inquiry is whether the
movant is in danger of suffering irreparable harm at
the time the preliminary injunction is to be issued."

*SI Handling Sys., Inc. v. Heisley,* 753 F.2d 1244,
1264 (3d Cir.1985).

Plaintiff claims that she was retaliated against when
the defendants violated her right to free speech,
seized and destroyed her property, moved her to a
higher security housing unit, fired her from her job,
and precluded her from having outside contact. While
all of the actions may lead to the conclusion of retali-
ation, plaintiff has not demonstrated the likelihood of
success on the merits on the majority of the issues
raised in her quest for injunctive relief. Nor is the re-
lief she seeks available to her.

For example, she seeks to be returned to the honor
pod, but it has been determined that the transfer of a
prisoner from one classification is unprotected by "
'the Due Process Clause in and of itself,' ' even
though the change in status involves a significant
modification in conditions of confinement. *Hewitt v.
Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d
675 (1983) (citation omitted); *Moody v. Daggett,* 429
U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Brown
v. Cunningham,* 730 F.Supp. 612 (D.Del.1990)
(plaintiff's transfer from general population to admin-
istrative segregation, without being given notice and
opportunity to challenge it, was not violation of
plaintiff's liberty interest). She also asks to be re-
turned to her job in the law library, but prisoners have
no entitlement to a specific job, or even to any job.
*James v. Quinlan,* 866 F.2d 627, 630 (3d Cir.1989).
Finally, plaintiff seeks the return of all her confis-
cated property by the prison officials, but she has
available to her the option of filing a common law
claim for conversion of property, and as a result can-
not maintain a cause of action pursuant to § 1983. *See
Hudson v. Palmer,* 468 U.S. 517, 535, 104 S.Ct.
3194, 82 L.Ed.2d 393 (1984); *Nicholson v. Carroll,*
390 F.Supp.2d 429, 435 (D.Del.2005); *Acierno v.
Preit-Rubin, Inc.,* 199 F.R.D. 157 (D.Del.2001)
(other citations omitted).

**\*2** The allegations relative to denial of access to her
legal research, legal documents, and access to the law
library, however, are a concern. Therefore, the clerk
of the court is directed to send a copy of this memor-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                            Page 2
Not Reported in F.Supp.2d, 2006 WL 890917 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

andum order to defendants Paul Howard, Stan
Taylor, Patrick Ryan, George O'Connor, Captain
NFN Repetti,[FN1] and to the Attorney General of the
State of Delaware, 820 N. French Street, Wilmington,
Delaware, 19801, so that they may respond to the re-
quest for injunctive relief on the specific access to
court issues.

> [FN1.] Because the remaining individuals are
> named as defendants due to their involve-
> ment in medical treatment and care, the
> court sees no need for service on them.

NOW THEREFORE, IT IS HEREBY ORDERED
this 27th day of March, 2006, that:

1. The clerk of the court is directed to forward a copy
of plaintiff's complaint, motion for injunctive relief,
and motion to transfer (D.I.2, 5, 6) and this memor-
andum order to defendant Paul Howard, Stan Taylor,
Patrick Ryan, George O'Connor, Captain NFN Re-
petti, and the Attorney General for the State of
Delaware;

2. On or before April 21, 2006, defendants and the
Attorney General for the State of Delaware shall file
a response to the issues of legal research, legal docu-
ments, and access to the law library. The court holds
its ruling in abeyance on these issues, and DENIES
the remaining relief sought by plaintiff in her motion
for preliminary injunction and motion to transfer.
(D.I.5, 6)

D.Del.,2006.
Meyer v. Department of Correction
Not Reported in F.Supp.2d, 2006 WL 890917
(D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

