(3)

In The United States District Court For The District Of Delaware

The Honorable Gregory M. Sleet
United States District Court
For the District of Delaware
844 North King Street, Room 4209
Wilmington, De 19801

Re: Biggins v. Minner, et al.,
C.A. No. 08-004-GMS

Dear Chief Judge Sleet:

I am replying to Mr. James E. Drnec who represents the Defendant Correctional Medical Services, Inc., in the above captioned matter, which is not closed because this Court has not made a final order. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)("Every order short of a final decree is subject to reopening at the discretion of the district judge"), see also Fed.R.Civ.P. 54(b).

The Plaintiff cannot perceive where counsel obtained his information, however it is very inaccurate. Plaintiff's Motion for Reconsideration was timely filed as exhibited by the record, on April 30, 2008. As for Plaintiff's Notice of intent to appeal the Orders to the Third Circuit is only procedure and in now way affects the Court's discretion in the issue at hand.

In deed reargument motion shall be filed within 10 days after Court has issued its opinion or decision. As stated in (D.I. 53, at n 2) Plaintiff received the Court's Order on April 22, 2008. Irregardless of this fact, the Plaintiff meets the required filing standard by submitting his documents on April 30, 2008. Without calculating the time the Court's Order took to reach

the Plaintiff, not counting weekends. It was exactly 10 days to the date from the Court's Order on April 16, 2008. <u>Houston v Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed 2d 245 (1988) ("Pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to filing deadline, regardless of when the court itself receives the documents.") See also Fed. R. App. P. 4(c)(1).

The Plaintiff further wants to point out under Fed. R. Civ. Pro. 59(e) and 60(b) also shall be under consideration with its reconsideration discretion of the merits of the claims. Dismissal of the Plaintiff's complaint was unwarranted under §1915(e)(2) because (a) the filing fee was paid. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110 n.10 (3d Cir. 2002), and <u>Hamm v. Rendell</u>, 166 Fed. Appx. at 603, 2006 WL 264873 (CA.3 (Pa)).

In Closing, at this stage of the case, counsel need not respond to the Plaintiff's motion unless the Court request an amendment filing or request counsel to answer to the claims of the complaint itself regarding his clients.

Dated: May 23, 2008
CC: File

Respectfully Submitted,
James Arthur Biggins

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.42
02 1A
0004608975
MAILED FROM ZIP CODE
U.S.M.S.
X-RAY
Legal Mail
The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware
844 North King Street, Room 4209
Wilmington, Delaware 19801
I/M
SBI#
UNIT
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

